# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAWESOME PET PRODUCTS LLC, *et al*.,

                      Plaintiffs,

v.

CUTEBEAR STORE, *et al*.,

                      Defendants.

Civil Action No.

22-cv-1063

**FILED UNDER SEAL**

# 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY[1]

This matter is before the Court upon Plaintiffs' *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Application, the evidence in the record, and the applicable law.

By the instant Application, Plaintiffs Pawesome Pet Products LLC and Cindy Ghukasyan move *ex parte* pursuant to 35 U.S.C. § 283, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restraining assets and Merchant Storefronts, for violations of the Patent Act. Because Plaintiffs

---

[1] This proposed Order includes this Court's prior modifications as used in the related cases. *See, e.g.*, *Pawesome Pet Products LLC v. Colorflowers, et al.*, 22-629-MRH (W.D. Pa., filed May 10, 2022), *Doggie Dental Inc. et al. v. AvantDigital et al., 21-cv-565-MRH* (W.D. Pa., filed April 29, 2021) and *Doggie Dental Inc. et al. v. CDOffice et al., 21-cv-271-MRH* (W.D. Pa., filed February 25, 2021).

have satisfied the requirements for the issuance of a temporary restraining order, the Court grants Plaintiffs' Application.

## **FACTUAL FINDINGS & CONCLUSION OF LAW**

1.     Plaintiffs Pawesome Pet Products LLC ("Pawesome") and Cindy Ghukasyan ("Ghukasyan"), are likely to prevail on their Patent Act claim at trial, and that there is a substantial basis to support each of the below findings.

2.     Petros Dertsakyan is the inventor of the BRISTLY® dog toothbrush ("Plaintiffs' Product"). Ghukasyan is the owner of intellectual property related thereto; Pawesome is the exclusive licensee of such intellectual property.[2] Plaintiffs' Product is a unique and revolutionary product sold under the BRISTLY® trademark ("Plaintiffs' Mark") that safely and easily permits dogs to brush their own teeth removing plaque and tarter ("Plaintiffs' Product").

3.     Ghukasyan is the owner of U.S. Trademark Registration No. 5,815,298 for BRISTLY directed to "Non-medicated dental preparations for pets, namely, toothpaste and preparations for removing plaque; Home dental care products for dogs and cats, namely, toothpaste; Dental care and oral hygiene products for pets, namely, tooth cleaning preparations; Non-edible dental chews for pets; Non-medicated oral dental chews for dogs."

4.     Ghukasyan is the owner of U.S. Trademark Registration No. 5,844,832 for BRISTLY directed to "Toothbrushes for animals; Toothbrushes for pets; Home dental care products for dogs and cats, namely, toothbrush."

---

[2] Cindy Ghukasyan acquired the Intellectual Property from Petros Dertsakyan. Doggie Dental, Inc. was the former exclusive licensee of the Intellectual Property. Together, Petros Dertsakyan and Doggie Dental, Inc. brought multiple lawsuits related to the facts and claims in this lawsuit and are the predecessors in interest to this lawsuit.

5.     Ghukasyan is the owner of U.S. copyright registration VA 2-122-455 directed to various photographs related to the BRISTLY® dog toothbrush (the "Plaintiffs' Works"). Ghukasyan is also the owner of unregistered copyrights related to the Plaintiffs' Product.

6.     In addition, Ghukasyan is also the owner of various design patent applications directed to the BRISTLY® dog toothbrush, including an issued European Registered Community Design (005818606-0001), U.S. design patent D 901104, and a pending Chinese design patent application.

7.     Ghukasyan is the owner of U.S. Patent No. 10,477,838 for "Pet chew toy for dental self-cleaning by domestic pets" (Plaintiffs' Patent" or "the '838 Patent").

8.     Defendants, by operating Internet based e-commerce stores, and fully interactive, commercial Internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale that Plaintiffs have determined are not genuine BRISTLY® products and infringe at least one claim of the '838 patent.

9.     Through the e-commerce marketplace platform, Plaintiffs accessed all of the e-commerce stores operating under Defendants' Seller IDs and captured the Defendants' listings at issue on the e-commerce stores.  At the conclusion of the process, the detailed webpages and photographs were inspected by Plaintiffs' representative who confirmed that each Defendant is offering for sale products and infringe upon at least one claim of the Plaintiffs' Patent ("Infringing Products").

10.    Plaintiffs, as well as consumers and animal owners, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition,

3

unless Plaintiffs' Application for *ex parte* relief is granted. There is good cause to believe that the unauthorized and unlicensed offering for sale and sale of Infringing Products will continue in the marketplace; while consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised, and that Plaintiffs may suffer loss of sales for their genuine products and an unnatural erosion of the legitimate marketplace in which they operate. There is also good cause to believe that if Plaintiffs proceed on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs, thereby thwarting Plaintiffs' ability to obtain meaningful relief. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

11. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their reputation, and their goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

12. The public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' interests and protect the public from being deceived and defrauded by the passing off of Defendants substandard goods as Plaintiffs' genuine goods.

13. Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages.[3] Therefore, this Court has the authority

---

[3] Under Pennsylvania law, pre-judgment restraints are permitted as against all defendants. *Walter v. Stacey*, 837 A.2d 1205 (Pa. Super. 2003) (injunction entered restraining assets in action seeking damages for a wrongful death); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990) (affirming injunction entered restraining

to grant Plaintiffs' request for a prejudgment asset freeze to preserve the relief sought by Plaintiffs and preserve the Defendants' ability to at least partially satisfy a judgment.

14.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendants' illegal and infringing activities.  Therefore, Plaintiffs have good cause to be granted expedited discovery.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows (the "Order"):

### I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiffs' Patent, distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing,

---

assets in class action lawsuit). Plaintiff's pre-filing investigation indicated that Greatmoon Inc, Ineticiam, Joybuy America, Joybuy Express, Joybuy Selection, and Virgil Farming Poems may be U.S.-based. Pre-judgment restraints are appropriate against these U.S. sellers under *Walter* and *Hoxworth*. *See also*, *Doggie Dental Inc. et al. v. AvantDigital et al., 21-cv-565-MRH* (W.D. Pa., filed April 29, 2021) and *Doggie Dental Inc. et al. v. CDOffice et al., 21-cv-271-MRH* (W.D. Pa., filed February 25, 2021).*Doggie Dental Inc. v. Go Well,* No. 19-cv-1282 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on amazon.com); *Doggie Dental Inc. v. Worthbuyer,* No. 19-cv-1283 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Max_Buy,* No. 19-cv-746 (W.D. Pa. June 27, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Anywill,* No. 19-cv-682 (W.D. Pa. June 13, 2019) (Hornak, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Abagail,* No. 19-cv-503 (May 28, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Babymove,* No. 19-cv-166 (W.D. Pa. Feb. 14, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Artifacts_Selling,* No. 18-cv-1462 (W.D. Pa. Oct. 31, 2018) (Fischer, J.) (sellers on ebay.com and aliexpress.com).

distributing, returning, or otherwise disposing of, in any manner products that infringe upon at least one claim of the Plaintiffs' Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[4] Merchant Storefronts[5] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works

---

[4] As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, Ebay.com, Aliexpress.com, Walmart.com, and wish.com as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[5] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

which is visible to a computer user or serves to direct computer searches to Internet based

e-commerce stores owned, or operated by each Defendant, including the Merchant

Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant

Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User

Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary

to retrieve computer files relating to the use of the User Accounts and/or Merchant

Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment

processors, banks, escrow services, money transmitters, or marketplace platforms,

including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"),

Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com

("Amazon"),  eBay, Inc. d/b/a eBay.com ("eBay"), Walmart.com USA LLC and

Walmart, Inc. ("Walmart"), and Context Logic, Inc d/b/a wish.com ("Wish") ("Third

Party Service Provider(s)''), and Zhejiang Ant Small and Micro Financial Services Group

Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd.

(collectively referred to as "AliPay")[6], Amazon Payments, Inc. d/b/a pay.amazon.com,

and PayPal, Inc. d/b/a paypal.com ("PayPal"), Walmart d/b/a Walmart Pay ("Walmart")

("Financial Institution(s)"), and their related companies and affiliates, shall immediately

identify and restrain all funds, as opposed to ongoing account activity, in or which are

---

[6]    WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement.

hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[7]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or

---

[7]   This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

surrendered by any Third Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiffs' request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing on at least one claim of the Plaintiffs' Patent;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiffs'

request, any Internet marketplace who is provided with notice of this Order, including but not

limited to the Third Party Service Providers and Financial Institutions, is hereby restrained

and enjoined from engaging in any of the following acts or omissions pending the hearing

and determination of Plaintiffs' Application for a preliminary injunction, or until further

order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or

paying Defendants' Assets from or to financial accounts associated with or

utilized by any Defendant or any Defendant's User Accounts or Merchant

Storefront(s) (whether said account is located in the U.S. or abroad)

("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within (5) days after receiving notice of this Order, providing services to Defendants,

Defendants' User Accounts and Defendants' Merchant Storefronts, including, without

limitation, continued operation of Defendants' User Accounts and Merchant Storefronts,

and any other listings linked to the same sellers or linked to any other alias seller

identification names being used and/or controlled by Defendants.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiffs'

request, within no later than five (5) calendar days of Plaintiffs' request:

(1)      Amazon is ordered to remove any seller identified by Plaintiffs from the

following Amazon Standard Identification Numbers (ASINs):   B075KYV2DT (small

BRISTLY®), B075L4L1T2 (medium BRISTLY®), and B075KTSHRT (large BRISTLY®)[8];

---

[8] These are the current ASINs assigned to the Plaintiffs' Products by Amazon.

(2)     Amazon is ordered to suspend any ASIN listing product that Plaintiffs assert infringes at least one claim of the Plaintiffs' Patent, and is identified as originating outside of the United States (i.e., any seller is prevented from listing for sale under the identified ASIN); and

(3)     Amazon is ordered to suspend any ASIN that was associated with a product already identified by prior Order of this Court in the present lawsuit to be Counterfeit, Infringing, or unfairly competing, as designated in the Schedule A third column under "**Amazon ASIN Number(s)**" (i.e., any seller is prevented from listing for sale under the identified ASIN);

(4)     The Plaintiffs have demonstrated that the following products as pictured in the attached **Schedule "B"** are either made, used by, offered for sale or sold into the United States contain every element or equivalent of at least one claim of the Plaintiff's Patent; consequently, all online marketplaces, including but not limited to, amazon.com, ebay.com, aliexpress.com, Walmart.com, and wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar, to the above-described products in **Schedule "B"**, whether sold by the Defendant or other persons or entities.

## II. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, on the 16th day of August, 2022, at 11:00 a.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue.  The hearing is set for Courtroom 6A, Joseph F. Weis, Jr. Courthouse, 700 Grant Street, Pittsburgh, PA, 15219. The Court reserves the right to reset the hearing to be conducted virtually, via ZoomGov videoconference. **Defendants are on notice**

that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Ference & Associates LLC at 409 Broad Street, Pittsburgh, Pennsylvania 15143 on or before August 11, 2022. Plaintiffs shall file any Reply papers on or before August 15, 2022.

C. After Plaintiffs' counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiff's counsel shall file notice of such confirmation on the docket under seal without the need for redaction within twenty-four (24) hours of the receipt of confirmation. Additionally, after receiving the aforementioned confirmation regarding restraint of funds, Plaintiffs shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court, or as otherwise directed by this Court. In addition, Plaintiffs shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on a website designated by Plaintiffs,[9] and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter

---

[9]   Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *Pate v. Gov't of the Virgin Islands*, 2015 WL 1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

to Defendants by regularly updating the website designated by Plaintiffs or by other means reasonably calculated to give notice which is permitted by the Court.

### III. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

    (1) Plaintiffs may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

    (2) Plaintiffs may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

    (3) Plaintiffs may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms,

including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiffs' Patent.

## V. Security Bond

IT IS FURTHER ORDERED that Plaintiffs shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $5,000 Dollars  with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VI. Summons

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of "CUTEBEAR STORE and all other Defendants identified in the Complaint" that will apply to all Defendants.  Plaintiffs shall give notice (via electronic means) of this Order, all other Orders entered at anytime in this case, and all pleadings and papers in this action to all entities set out in Paragraph I(A)(7) above, and shall give notice by authorized service of this Order, all other Orders, and all papers in this case to all Defendants within twenty-four (24) hours of notice that all relevant accounts have been frozen.

**SO ORDERED.**

SIGNED this 2nd day of August, 2022, at 11:52 a.m.
Pittsburgh, Pennsylvania


_____/s/ Mark R. Hornak_____
MARK R. HORNAK
CHIEF UNITED STATES DISTRICT JUDGE

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 1 | cutebear store | B08QV8CRND |
| 2 | CHPODOO | B087NRXF29 |
| 3 | Kaoello | B07HH3N3L6 |
| 4 | Xun HJ | B07HH3N3L6 |
| 5 | Happy Life USA | B08KTLN3ZT |
| 6 | jncsffsp | B08SKCR9Q9 |
| 7 | zxsdertgyhu | B08QZ37MJF |
| 8 | 文欣阁商行 | B08VHJ19JV |
| 9 | COLINAND | B095WTJGVW |
| 10 | MoMo Home | B09MB11YZF |
| 11 | Mingpinhuius | B09YLSXY6J |
| 12 | xiamenmiaoleduomaoyiyouxiangongsi | B09MTWJJQK |
| 13 | HDddd | B07Q5GRB9V |
| 14 | Animal AD World Store | 1101779408 |
| 15 | Hello Dog Pets Store | 1102060522 |
| 16 | Pets' little planet Store | 1101880594 |
| 17 | Aww it Store | 1101579582 |
| 18 | PET LOVE Store | 1101955103 |
| 19 | Pet Supplies---01 Store | 1102093515 |
| 20 | Future House Store | 1101414489 |
| 21 | Joyione houseware Store | 1101785088 |
| 22 | Your Colorful House Store | 1101764442 |
| 23 | FCXDG PetsLife Store | 1101392914 |
| 24 | Home Life Official Store | 1102005419 |
| 25 | Shop1102109831 Store | 1102113761 |
| 26 | Ouyes Pet Life Store | 1102021126 |
| 27 | Oriental Pet Supply Store Store | 1101797306 |
| 28 | yifeiler | 1100406859 |

| 29 | Shop1100182001 Store | 1102002915 |
|---|---|---|
| 30 | Wellso Store | 1100991720 |
| 31 | choco small Store | 1101782050 |
| 32 | kyjen_Store | 1101682591 |
| 33 | Detian Store | 1101563606 |
| 34 | CNpeace Store | 1101572095 |
| 35 | Shop5888429 Store | 1102053517 |
| 36 | LGJ Pets Factory Store | 1101817062 |
| 37 | taotao Store | 1101550174 |
| 38 | Shop1100185029 Store | 1102010610 |
| 39 | Good Pets Store | 1101657795 |
| 40 | Xiang Bing Store | 1101394832 |
| 41 | Comfortable Stuff Store | 1100465192 |
| 42 | Yundropshipping Store | 1101536295 |
| 43 | Catus Pets Supplies Store | 1101057636 |
| 44 | Pething Mall | 1101011805 |
| 45 | All Stars Life Store | 1101354857 |
| 46 | KXBXYTEMAI Pet Buy Store | 1101761678 |
| 47 | JiXiang Pet Store | 1102080133 |
| 48 | Shop911472022 Store | 1101623049 |
| 49 | PUPRETTY Store | 1101683848 |
| 50 | gzyounike Store | 1101389858 |
| 51 | carepet Store | 1101602786 |
| 52 | Animal ID Store | 1101391670 |
| 53 | evilto Store | 1101327034 |
| 54 | HJKL PetsLife Store | 1101397690 |
| 55 | guanchi3 Store | 1101938824 |
| 56 | james dropshipping Store | 1002018743 |
| 57 | Worry-free Store | 1101391901 |
| 58 | ATUBAN Pets Store | 1101936657 |
| 59 | HouseStar Store | 1101776344 |
| 60 | shop1102121962 Store | 1102129951 |
| 61 | ranas_6743 | 363846253787 |
| 62 | bestnewlife | 363697217962 |

| 63 | jb_buy_store | 165414892185 |
| 64 | swabsmart | 304281575795 |
| 65 | msc_stores | 174567374414 |
| 66 | fais87 | 155059652747 |
| 67 | rayshop90 | 165507893617 |
| 68 | ashen.perera | 265150194261 |
| 69 | santoneco-70 | 134077761508 |
| 70 | Blirik | 101175999 |
| 71 | CEHONMS | 101112410 |
| 72 | Cribun | 101044655 |
| 73 | FedimanPet | 101122625 |
| 74 | Four Seasons Necessities | 101175006 |
| 75 | Greatmoon Inc | 101065177 |
| 76 | Huaxuan | 101139209 |
| 77 | Jocelyn LLC | 101117840 |
| 78 | Joybuy | 18988 |
| 79 | Joybuy America | 101001636 |
| 80 | Joybuy Express | 16214 |
| 81 | Joybuy Selection | 101087374 |
| 82 | Quintina | 101133724 |
| 83 | Shenzhenshi Sijiuzhou Keji Youxian Gongsi | 101100092 |
| 84 | sumai | 101134294 |
| 85 | VATENICK | 101125639 |
| 86 | Virgil Farming Poems | 101099533 |
| 87 | WEKITY | 101088379 |
| 88 | zhehao | 101121244 |
| 89 | PurpKSX | 619059426442eaecf6b84d90 |
| 90 | wangjulu | 586e0087ec1a97419dade719 |
| 91 | Happiness in the Shop | 5d3d0e10e4b65d1d131e7286 |
| 92 | Richard155 | 5e71f4b657b01087bf7829ba |
| 93 | Fancy Pet World | 5fd029fa510c1d04cae87731 |

# Schedule "B"
# Patent Infringing Products

## <u>Type 1 Infringing Product</u>



## <u>Type 2 Infringing Product</u>



## **Type 3 Infringing Product**



## **Type 4 Infringing Product**



UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAWESOME PET PRODUCTS LLC, *et al.*,

Plaintiffs,

v.

CUTEBEAR STORE, *et al.*,

Defendants.

CIVIL ACTION NO.

22-cv-1063

**FILED UNDER SEAL**

## **ORDER ON PLAINTIFF'S EX PARTE MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

AND NOW, this **27** day of July, 2022, upon consideration of Plaintiff's Ex Parte Motion for an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3),

IT IS HEREBY ORDERED that said Motion is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs are authorized to make alternative service of the Summonses, the Complaint, any discovery, and all filings in this matter upon each Defendant in this action, as follows:

1. via e-mail by providing the address to Plaintiffs' designated website to Defendants via (i) the e-mail accounts provided by Defendants as part of the data related to their respective e-commerce stores, or (ii) the e-commerce marketplace for each of the e-commerce stores, or

2. via website publication by posting copies of the Summonses, Complaint, any Discovery, and all filings in this matter on Plaintiffs' designated website on www.ferencelaw.com.

United States District Judge

cc  Stanley D. Ference III, Esq.
    courts@ferencelaw.com
    Brian Samuel Malkin, Esq.
    bmalkin@ferencelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAWESOME PET PRODUCTS LLC, et al.

          Plaintiffs,

v.

CUTEBEAR STORE, *et al.*,

          Defendants.

Civil Action No. 22-cv-1063

(Judge Hornak)

## ~~[PROPOSED] AMENDED~~ PRELIMINARY INJUNCTION ORDER

WHEREAS, on August 2, 2022, Plaintiffs Pawesome Pet Products LLC and Cindy

Ghukasyan filed an *Ex Parte* Application seeking 1) a temporary restraining order; 2) an order

restraining assets and "Merchant Storefronts", as defined *infra*; 3) an order to show cause why a

preliminary injunction should not issue; and 4) an order authorizing expedited discovery against

all of the Defendants identified on the attached Schedule "A", Alibaba.com US LLC d/b/a

Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a

Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), and Context Logic, Inc d/b/a

wish.com ("Wish") ("Third Party Service Provider(s)'') and AliPay US Inc. d/b/a Alipay.com

("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com

("PayPal") ("Financial Institution(s)"), and Walmart Pay operated by Wal-Mart.com USA, LLC,

in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing

Products[1] ("Application");

---

[1]   As alleged in Plaintiffs' Complaint, ". . .the Defendants identified in **Schedule "A"** of the Complaint, were and/are currently manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and or/selling products that have infringed upon one or more of the claims of U.S.

1

WHEREAS, on the same day, Plaintiffs filed an Ex Parte Motion for an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

WHEREAS on August 2, 2022, the Court entered the following Orders:

(A) 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against all of the Defendants identified on the attached **Schedule "A"**, the Third Party Service Provider and the Financial Institutions ("TRO") (ECF No. 22); and

(B) an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (ECF No. 16);

WHEREAS, on August 11, 2022, upon Plaintiffs' Motion, the Court extended the temporary restraining order and ordered the Defendants to appear on August 30, 2022 at 3:00 pm, EDT, and show cause why a preliminary injunction should not be entered (ECF No. 29);

WHEREAS, on August 30, 2022 at 3:00 pm, Plaintiffs appeared for the Order to Show Cause Hearing, however no Defendants appeared. Further, no Third Party Service Providers or Financial Institutions appeared.

## ORDER

A. IT IS HEREBY ORDERED, as good and sufficient cause has been shown, the injunctive relief previously granted on August 2, 2022, and extended on August 11, 2022, shall remain in place through the pendency of this litigation or until further order of this Court,

---

Patent No. 10,477,838 ("Plaintiffs' Patent" or "the '838 patent") by offering for sale, selling, and distributing knock-off versions of Plaintiffs' BRISTLY® dog toothbrush ("Infringing Products"). Defendants accomplish their infringing sales through the use of, at least, the Internet based e-commerce stores operated via at least the Third Party Service Provider marketplace platform.

and there is good and sufficient cause for issuing this Preliminary Injunction under 35
U.S.C. § 283, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28
U.S.C. § 1651(a). The Court finds that Plaintiffs rely upon a presumptively valid patent,
and that nothing in the record calls that validity into question. The evidence establishes
that Plaintiffs have shown a sufficient likelihood of success on the merits of this action.
The Court also concludes that Plaintiffs have shown that immediate and irreparable
injury, loss, and damage will likely result should the relief entered by this Order not be
granted. Specifically, the Court finds that Defendants' infringing products are likely to
continue to cause Plaintiffs to suffer loss profits, compromise the value of Plaintiffs'
brand, and negatively effect Plaintiffs' relationships with its current customers and its
ability to attract new customers. Defendants will not be harmed by the imposition of the
injunctive relief requested, because the injunction only prohibits Defendants from taking
actions they are otherwise not entitled to perform under the law. And finally, the public
interest favors the issuance of the requested injunction, and Plaintiffs have no adequate
remedy at law for the immediate and irreparable harms identified.

Accordingly, each Defendant, its officers, directors, employees, agents, subsidiaries,
distributors, and all persons in active concert or participation with any Defendant having
notice of this Order shall continue to be restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiffs' Patent, distribution,
marketing, advertising, offering for sale, or sale of any Infringing Products; and (b)
shipping, delivering, holding for sale, transferring or otherwise moving, storing,
distributing, returning, or otherwise disposing of, in any manner products that infringe
upon at least one claim of the Plaintiff's Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[2] Merchant Storefronts[3] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based

---

[2] As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with at least one of the online marketplace platform(s), Amazon.com, eBay.com, Aliexpress.com, Walmart.com, and Wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[3] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), and Context Logic, Inc d/b/a wish.com ("Wish") ("Third Party Service Provider(s), Walmart Pay operated by Wal-Mart.com USA, LLC, ("Walmart")'') and Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[4], Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal") ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A"

---

[4]  WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement.

hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[5]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provider Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Service Provider or Financial Institution for any purpose

---

[5] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

(other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiffs' request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing on at least one claim of the Plaintiffs' Patent;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this Order and the Alternative Service Order shall remain in effect during the pendency of this action or until further order of the Court, and Plaintiff shall serve the Defendants with a copy of this Order in accordance with the Alternative Service Order.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiffs' request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiffs' request, within no later than five (5) calendar days of Plaintiffs' request:

(1)     Amazon is ordered to remove any seller identified by Plaintiffs from the following Amazon Standard Identification Numbers (ASINs):   B075KYV2DT (small BRISTLY®), B075L4L1T2 (medium BRISTLY®), and B075KTSHRT (large BRISTLY®)[6];

---

[6] These are the current ASINs assigned to the Plaintiffs' Products by Amazon.

(2)     Amazon is ordered to suspend any ASIN listing product that Plaintiffs assert infringes at least one claim of the Plaintiffs' Patent, and is identified as originating outside of the United States (i.e. any seller is prevented from listing for sale under the identified ASIN); and

(3)     Amazon is ordered to suspend any ASIN that was associated with a product already identified by prior Order of this Court in the present lawsuit to be Counterfeit, Infringing, or unfairly competing, as designated in the Schedule A third column under "**Amazon ASIN Number(s)**" (i.e. any seller is prevented from listing for sale under the identified ASIN);

(4)     The Plaintiff has demonstrated that the following products as pictured in the attached **Schedule "B"** are either made, used by, offered for sale or sold into the United States contain every element or equivalent of at least one claim of the Plaintiff's Patent; consequently, all online marketplaces, including but not limited to, amazon.com, ebay.com, aliexpress.com, Walmart.com, and wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar, to the above-described products in **Schedule "B"**, whether sold by the Defendant or other persons or entities.

## II. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiffs may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

(2) Plaintiffs may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

(3) Plaintiffs may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of
Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all
financial information, including, but not limited to, information associated with
Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of
Defendants' sales history and listing history under such accounts and Defendants'
Financial Accounts associated with Defendants' User Accounts and Defendants'
Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiffs' Patent.

### III. Security Bond

IT IS FURTHER ORDERED the $5,000.00 bond posted by Plaintiff shall remain with
the Court until a final disposition of this case or until further order of this Court, or until this
Order is terminated.

**SO ORDERED.**

SIGNED this ____ day of August, 2022, at 3:23 p.m. EST.
Pittsburgh, Pennsylvania

MARK R. HORNAK
CHIEF UNITED STATES DISTRICT JUDGE