# EXHIBIT 3

Pei IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AQUAPAW BRANDS LLC, | 2:21-cv-01784-CCW |
| Plaintiff, | |
| v. | **FILED UNDER SEAL** |
| YAN-PENG, *et al.*, | |
| Defendants. | |

**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY**

This matter is before the Court upon Plaintiff's *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Application, the evidence in the record, and the applicable law.

By the instant Application, Plaintiff AquaPaw Brands LLC moves *ex parte* pursuant to 35 U.S.C. § 283, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restraining assets and Merchant Storefronts, for violations of the Patent Act. Because Plaintiff has satisfied the requirements for the issuance of a temporary restraining order, and good cause is shown, the Court grants Plaintiff's Application.

## FACTUAL FINDINGS & CONCLUSION OF LAW

1.      Plaintiff, AquaPaw Brands LLC, is likely to prevail on its Patent Act claim at trial.

2.      Plaintiff sells its dog soothing product under the U.S. registered trademark Slow Treater®.

3.      The innovative features of Plaintiff's Product are the subject of U. S. Patent No. 10,834,894 entitled "Animal Feeder System and Method of Use" (the "Plaintiff's Patent").

4.      Defendants, by operating Internet based e-commerce stores, and fully interactive, commercial Internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale that Plaintiff has determined is not a genuine Slow Treater® product and infringe at least one claim of the Plaintiff's Patent.

5.      Through the e-commerce marketplace platform, Plaintiff accessed all of the e-commerce stores operating under Defendants' Seller IDs and captured the Defendants' listings at issue on the e-commerce stores.  At the conclusion of the process, the detailed webpages and photographs were inspected by Plaintiff's representative who confirmed that each Defendant is offering for sale products and infringe upon at least one claim of the Plaintiff's Patent ("Infringing Products").

6.      Plaintiff, as well as consumers and animal owners, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted.  There is good cause to believe that the unauthorized and unlicensed offering for sale and sale of Infringing Products will continue in

the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised, and that Plaintiff may suffer loss of sales for their genuine products and an unnatural erosion of the legitimate marketplace in which they operate. There is also good cause to believe that if Plaintiff were to proceed on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

7. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, their reputation, and their goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

8. The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests and protect the public from being deceived and defrauded by the passing off of Defendants substandard goods as Plaintiff's genuine goods.

9. Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages. Therefore, this Court has the authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff and preserve the Defendants' ability to at least partially satisfy a judgment.

10. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents

relating to Defendants' illegal and infringing activities. Therefore, Plaintiff have good cause to be granted expedited discovery.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows (the "Order"):

### I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Patent, distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products that infringe upon at least one claim of the Plaintiff's Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[1] Merchant Storefronts[2] or

---

[1]    As defined in the Complaint, a "User Account" is any and all accounts with online marketplace platforms, including Amazon.com, eBay.com, aliexpress.com and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[2]    As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer

any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary

---

for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

to retrieve computer files relating to the use of the User Accounts and/or Merchant

Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment

processors, banks, escrow services, money transmitters, or marketplace platforms,

including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"),

Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com

("Amazon"),  eBay, Inc. d/b/a eBay.com ("eBay"), and Context Logic, Inc d/b/a

wish.com ("Wish") ("Third Party Service Provider(s)'') and AliPay US Inc. d/b/a

Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc.

d/b/a paypal.com ("PayPal") ("Financial Institution(s)"), and their related companies and

affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account

activity, in or which are hereafter transmitted into the accounts related to the Defendants

as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into

(i) any other accounts of the same customer(s);  (ii) any other accounts which transfer

funds into the same financial institution account(s), and/or any of the other accounts

subject to this Order;  and (iii) any other accounts tied to or used by any of the Seller IDs

identified on Schedule "A" hereto;[3]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment

processors, banks, escrow services, money transmitters, or marketplace platforms,

including but not limited to the Third Party Service Provider(s) and the Financial

Institution(s), shall immediately divert to a holding account for the trust of the Court all

---

[3]    This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing on at least one claim of the Plaintiff's Patent;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order;  and

(13) this Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court;  and

(2) within (5) days after receiving notice of this Order, providing services to Defendants,

Defendants' User Accounts and Defendants' Merchant Storefronts, including, without

limitation, continued operation of Defendants' User Accounts and Merchant Storefronts,

and any other listings linked to the same sellers or linked to any other alias seller

identification names being used and/or controlled by Defendants.

C.      IT IS HEREBY ORDERED, as sufficient cause has been shown, that, upon Plaintiffs'

request, within no later than five (5) calendar days of Plaintiffs' request:

The Plaintiff has demonstrated that the following products as pictured in the attached

**Schedule "B"** are either made, used by, offered for sale or sold into the United States contain

every element or equivalent of at least one claim of the Plaintiff's Patent;  consequently, all

online marketplaces, including but not limited to, Amazon.com, ebay.com, aliexpress.com, and

wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any

product listings identified by the Plaintiff as either identical or substantially similar, to the above-

described products in **Schedule "B"**, whether sold by the Defendant or other persons or entities.

## II. Order to Show Cause Why a Preliminary Injunction
## Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States

District Court for the Western District of Pennsylvania, via ZoomGov videoconference on the

**23rd day of December, 2021, at 9:00 a.m.**, why a preliminary injunction, pursuant to FRCP

65(a), should not issue.  **Defendants are on notice that failure to appear at the hearing may

result in the imposition of a preliminary injunction against them.**

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Ference & Associates LLC at 409 Broad Street, Pittsburgh, Pennsylvania 15143 before **December 16, 2021**. Plaintiff shall file any Reply papers on or before **December 21, 2021**.

C. After Plaintiff's counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiff shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on a website designated by Plaintiff,[4] and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiff or by other means reasonably calculated to give notice which is permitted by the Court.

### III. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

---

[4]     Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *Pate v. Gov't of the Virgin Islands*, 2015 WL 1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

(1) Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

(2) Plaintiff may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

(3) Plaintiff may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiff's Patent.

## V. Security Bond

IT IS FURTHER ORDERED that Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of **$5,000.00** with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.  **If security is cash, certified check, or attorney's check, the funds will be deposited into the Court's local Registry, where it will remain until further order by the Court.**

## VI. Summons

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of "YAN-PENG and all other Defendants identified in the Complaint" that will apply to all Defendants.

**SO ORDERED.**

SIGNED this 10th day of December, 2021, at 11:10 a.m.
Pittsburgh, Pennsylvania


/s/ Christy Criswell Wiegand
Christy Criswell Wiegand
UNITED STATES DISTRICT JUDGE

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 1 | YAN-PENG | APRS7L5QB3O6I |
| 2 | Autokcan-US | A3CD3KMLDAEHLY |
| 3 | Best Audio Parts | AM3THD1YB84UJ |
| 4 | Billie Bean Products | AF8PD09LOCKDZ |
| 5 | CaiFangUS | A20SWMYVN9FY22 |
| 6 | Carhersv | A3D24GB5VLY188 |
| 7 | Cheeglu | AXO9CM8UP5A34 |
| 8 | Daeg's Convenient Store | A12ALJ5QHA3FZG |
| 9 | Don Gato Inc | AJX6I0JKFP45 |
| 10 | DONGPACHUSHANGMAO | A2JRGK545PH87B |
| 11 | EASY FASHION | A3QUKMC3D0EOOS |
| 12 | EAVPORT | A2QYI06Z4G0DHT |
| 13 | Hicomie | A3F2R1VQ18MFWS |
| 14 | H-Jia | A17ANGFIBHSJIK |
| 15 | HRZESZ | AHJ885HOGU3Q0 |
| 16 | HUIJIAJUNHAO | A26SYHFTNYI47H |
| 17 | Jondarla | A8UAMTZJ5ZAJD |
| 18 | KingworaUS | A38ATRQ77SF83A |
| 19 | LAVILI | A5L1OB518V6G3 |
| 20 | Lite Life | A17THLV21WLLNN |
| 21 | Markhor Traders INC | A1IQPNNBWJPTMK |
| 22 | MarryMoo | A2B0MBNGJV21ZL |
| 23 | Matier | A3TJ2NMQTL7NBR |
| 24 | Mozart Casa | A3DMEUGJ06OBHE |
| 25 | pqzeng | A1MFL2UY5ZYBUR |
| 26 | Pusner lucewin | A2VAV82LIPFH8Z |
| 27 | SEIS | A2J48VPNHFM62H |
| 28 | SHUIRONG | A3K1Q6FWAM5WGS |
| 29 | Starlight Sonic | A14TXAOY4LDXAK |
| 30 | True Glory | ABYMYWJLRBHIZ |
| 31 | UnisonPet | A1YK7QZYEGZR0X |
| 32 | Vcostore | A2S8HU9W2R12U |

- 14 -

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 33 | VECT TOOLS | AYEGYN0BURYEQ |
| 34 | VIRTUALUNIQUE | A27YNWJYO0XQ0Y |
| 35 | XMXJT | ASL7SI7FWUNX6 |
| 36 | YWZSP | AR8EW24K5FSKL |

# Schedule "B"
## Defendant/Store Names and Infringing Products

| Defendant No. | Defendant/Store Name | Screen shot |
|---|---|---|
| 1 | YAN-PENG |  |
| 2 | Autokcan-US |  |
| 3 | Best Audio Parts |  |
| 4 | Billie Bean Products |  |
| 5 | CaiFangUS |  |
| 6 | Carhersv |  |
| 7 | Cheeglu |  |

| Defendant No. | Defendant/Store Name | Screen shot |
|---|---|---|
| 8 | Daeg's Convenient Store |  |
| 9 | Don Gato Inc |  |
| 10 | DONGPACHUSHANGMAO |  |
| 11 | EASY FASHION |  |
| 12 | EAVPORT |  |
| 13 | Hicomie |  |
| 14 | H-Jia |  |
| 15 | HRZESZ |  |

| Defendant No. | Defendant/Store Name | Screen shot |
|---|---|---|
| 16 | HUIJIAJUNHAO |  |
| 17 | Jondarla |  |
| 18 | KingworaUS |  |
| 19 | LAVILI |  |
| 20 | Lite Life |  |
| 21 | Markhor Traders INC |  |
| 22 | MarryMoo |  |
| 23 | Matier |  |

| Defendant No. | Defendant/Store Name | Screen shot |
|---|---|---|
| 24 | Mozart Casa |  |
| 25 | pqzeng |  |
| 26 | Pusner lucewin |  |
| 27 | SEIS |  |
| 28 | SHUIRONG |  |
| 29 | Starlight Sonic |  |
| 30 | True Glory |  |

| Defendant No. | Defendant/Store Name | Screen shot |
|---|---|---|
| 31 | UnisonPet | |
| 32 | Vcostore | |
| 33 | VECT TOOLS | |
| 34 | VIRTUALUNIQUE | |
| 35 | XMXJT | |
| 36 | YWZSP | |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AQUAPAW BRANDS LLC,

        Plaintiff,

v.

YAN-PENG, *et al*.,

        Defendants.

2:21-cv-01784-CCW

**FILED UNDER SEAL**

## ORDER ON PLAINTIFF'S EX PARTE MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

AND NOW, this 10th day of December, 2021, upon consideration of Plaintiff's Ex Parte Motion for an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3),

IT IS HEREBY ORDERED that said Motion is GRANTED;

IT IS FURTHER ORDERED that Plaintiff are authorized to make alternative service of the Summonses, the Complaint, any discovery, and all filings in this matter upon each Defendant in this action, as follows:

1. via e-mail by providing the address to Plaintiff's designated website to Defendants via (i) the e-mail accounts provided by Defendants as part of the data related to their respective e-commerce stores, or (ii) the e-commerce marketplace for each of the e-commerce stores, or

2. via website publication by posting copies of the Summonses, Complaint, any Discovery, and all filings in this matter on Plaintiff's designated website on www.ferencelaw.com.

IT IS SO ORDERED.

/s/ Christy Criswell Wiegand
Christy Criswell Wiegand
United States District Judge

cc  courts@ferencelaw.com
    bmalkin@ferencelaw.com

Pei IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AQUAPAW BRANDS LLC,

                Plaintiff,

v.

YAN-PEN, *et al.*,

                Defendants.

Civil Action No.

21-cv-1784

(Judge Wiegand)

## PRELIMINARY INJUNCTION ORDER

WHEREAS, Plaintiff filed an *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified in **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants")[1]. The Court has considered the Application, the evidence in the record, and the applicable law.

WHEREAS, Plaintiff filed an *Ex Parte* Motion for An Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

WHEREAS, On December 10, 2021, the Court entered the following Orders:

(A) (1) a temporary restraining order; (2) an order restraining assets and Merchant Storefronts, (3) an order to show cause why a preliminary injunction should not issue; and (4) an order authorizing expedited discovery against all of the Defendants identified on the

---

[1] As alleged in the Complaint, are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling patent infringing versions of Plaintiff's Slow Treater® dog soothing device (the "Infringing Product") which infringe at least one claim of U.S. Patent No. 10,834,894 ("Plaintiff's Patent" or "the '894 patent")  throughout the United States, including within the Commonwealth of Pennsylvania and this district, by operating fully interactive, commercial Internet based e-commerce stores  accessible in Pennsylvania, via at least the Amazon.com, eBay.com, Wish.com or Aliexpress.com Internet market place platforms operating using the seller identities identified on Schedule "A" to the Complaint (the "Seller IDs").

attached Schedule "A", and the Third Party Service Providers and Financial Institutions, in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products ("Application"); and

(B) Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("the Alternative Service Order");

WHEREAS, upon Plaintiff's motion, in order to give Plaintiff additional time to serve the Defendants, and to provide the Defendants with sufficient time to respond to the Show Cause Order, this Court extended the initial TRO, re-set the briefing schedule, and re-scheduled the Show Cause Hearing multiple times such that the Show Cause Hearing was set for January 21, 2022.

WHEREAS, pursuant to the terms of the Alternative Service Order, the Defendants have been served with notice of this Show Cause Hearing; and

WHEREAS, on January 21, 2022, Plaintiff appeared for the Order to Show Cause Hearing, however no Defendants appeared. Further, none of the Third-Party Service Provider(s) or Financial Institution(s) appeared.

## ORDER

**I.     Restraining Order**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, the injunctive relief previously granted on December 10, 2021, and extended by further Order, shall remain in place through the pendency of this litigation, and issuing this Preliminary Injunction (hereafter "PI Order") is warranted under 35 U.S.C. § 283 and Federal Rules of Civil Procedure 64 and 65.

Accordingly, each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Patent, distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products that infringe upon at least one claim of the Plaintiff's Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[2] Merchant Storefronts[3] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

---

[2]   As defined in the Complaint, a "User Account" is any and all accounts with online marketplace platform, including, Amazon.com, eBay.com, aliexpress.com and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[3]   As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), and Context Logic, Inc d/b/a wish.com ("Wish"), and Shopify Inc, ("Third Party Service Provider(s)'') and AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments,

- 4 -

Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal") ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[4]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the

---

[4]   This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing on at least one claim of the Plaintiff's Patent;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to

the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this PI Order and the Alternative Service Order shall remain in effect during the pendency of this action or until further order of the Court, and Plaintiff shall serve the Defendants with a copy of this PI Order in accordance with the Alternative Service Order.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

- 7 -

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that, the following products as pictured in the attached **Schedule "B"** are either made, used by, offered for sale or sold into the United States contain every element or equivalent of at least one claim of the Plaintiff's Patent, consequently, upon Plaintiffs' request, within no later than five (5) calendar days of Plaintiffs' request all online marketplaces, including but not limited to, Amazon.com, ebay.com, aliexpress.com, and wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar, to the above-described products in **Schedule "B"**, whether sold by the Defendant or other persons or entities.

## II.      Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

(2) Plaintiff may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

- 8 -

(3) Plaintiff may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full

accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiff's Patent.

## III.     Security Bond

IT IS FURTHER ORDERED that the $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

**SO ORDERED.**

SIGNED this 21st day of January, 2022.
Pittsburgh, Pennsylvania


/s/ Christy Criswell Wiegand
Christy Criswell Wiegand
United States District Judge

- 10

# Schedule "A" Defendants with Store Name and Seller ID

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 1 | YAN-PENG | APRS7L5QB3O6I |
| 2 | AUTOKCAN-US | A3CD3KMLDAEHLY |
| 3 | BEST AUDIO PARTS | AM3THD1YB84UJ |
| ███ | ████████████ | ██████████ |
| 5 | CAIFANGUS | A20SWMYVN9FY22 |
| 6 | CARHERSV | A3D24GB5VLY188 |
| 7 | CHEEGLU | AXO9CM8UP5A34 |
| 8 | DAEG'S CONVENIENT STORE | A12ALJ5QHA3FZG |
| 9 | DON GATO INC | AJX6I0JKFP45 |
| ███ | ████████████ | ██████████ |
| 11 | EASY FASHION | A3QUKMC3D0EOOS |
| 12 | EAVPORT | A2QYI06Z4G0DHT |
| 13 | HICOMIE | A3F2R1VQ18MFWS |
| 14 | H-JIA | A17ANGFIBHSJIK |
| 15 | HRZESZ | AHJ885HOGU3Q0 |
| 16 | HUIJIAJUNHAO | A26SYHFTNYI47H |
| 17 | JONDARLA | A8UAMTZJ5ZAJD |
| 18 | KINGWORAUS | A38ATRQ77SF83A |
| 19 | LAVILI | A5L1OB518V6G3 |
| 20 | LITE LIFE | A17THLV21WLLNN |
| 21 | MARKHOR TRADERS INC | A1IQPNNBWJPTMK |
| 22 | MARRYMOO | A2B0MBNGJV21ZL |
| ███ | | |
| 24 | MOZART CASA | A3DMEUGJ06OBHE |
| 25 | PQZENG | A1MFL2UY5ZYBUR |
| 26 | PUSNER LUCEWIN | A2VAV82LIPFH8Z |
| 27 | SEIS | A2J48VPNHFM62H |
| 28 | SHUIRONG | A3K1Q6FWAM5WGS |
| 29 | STARLIGHT SONIC | A14TXAOY4LDXAK |
| 30 | TRUE GLORY | ABYMYWJLRBHIZ |
| 31 | UNISONPET | A1YK7QZYEGZR0X |
| 32 | VCOSTORE | A2S8HU9W2R12U |
| 33 | VECT TOOLS | AYEGYN0BURYEQ |
| 34 | VIRTUALUNIQUE | A27YNWJYO0XQ0Y |
| 35 | XMXJT | ASL7SI7FWUNX6 |
| 36 | YWZSP | AR8EW24K5FSKL |

# Schedule "B"
# Defendant/Store Names and Infringing Products

| Defendant No | Defendant/Store Name | Screen shot |
|---|---|---|
| 1 | YAN-PENG |  |
| 2 | Autokcan-US |  |
| 3 | Best Audio Parts |  |
| 4 | Billie Bean Products |  |
| 5 | CaiFangUS |  |
| 6 | Carhersv |  |
| 7 | Cheeglu |  |

| 8 | Daeg's Convenient Store |  |
|---|---|---|
| 9 | Don Gato Inc |  |
| 10 | DONGPACHUSHANGMAO |  |
| 11 | EASY FASHION |  |
| 12 | EAVPORT |  |
| 13 | Hicomie |  |
| 14 | H-Jia |  |
| 15 | HRZESZ |  |

| 16 | HUIJIAJUNHAO |  |
| 17 | Jondarla |  |
| 18 | KingworaUS |  |
| 19 | LAVILI |  |
| 20 | Lite Life |  |
| 21 | Markhor Traders INC |  |
| 22 | MarryMoo |  |
| 23 | Matier |  |

| 24 | Mozart Casa |  |
| 25 | pqzeng |  |
| 26 | Pusner lucewin |  |
| 27 | SEIS |  |
| 28 | SHUIRONG |  |
| 29 | Starlight Sonic |  |
| 30 | True Glory |  |

| 31 | UnisonPet |  |
|----|-----------|---|
| 32 | Vcostore |  |
| 33 | VECT TOOLS | |
| 34 | VIRTUALUNIQUE | |
| 35 | XMXJT |  |
| 36 | YWZSP |  |