# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TALISMAN DESIGNS, LLC,

                    Plaintiff,                          Civil Action No.  2:20-cv-1084

v.

DASANI, *et al.*,

                    Defendants.                         **FILED UNDER SEAL**

---

### ~~PROPOSED~~ 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY

This matter is before the Court upon Plaintiff's *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Application, the evidence in the record, and the applicable law.

By the instant Application, Plaintiff TALISMAN DESIGNS, LLC, move *ex parte* pursuant to 15 U.S.C. § 1116, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restraining assets and Merchant Storefronts, for federal unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended; federal trademark infringement; common law unfair competition; and common law trademark infringement. Because Plaintiff has satisfied the

requirements for the issuance of a temporary restraining order, the Court grants Plaintiff's

Application.

## FACTUAL FINDINGS & CONCLUSION OF LAW

1.      Plaintiff, TALISMAN DESIGNS, LLC, ("Talisman" or "Plaintiff") is likely to

prevail on its Lanham Act claims, and related state law claims at trial.

2.      Katherine Waymire founded Talisman Designs in 2002 making handmade wine

accessories and packaging out of her home. Since then, Talisman Designs has created and

innovated all of its own products and packaging. Today, Talisman is a well-known national

brand in the gift and houseware industries. It is recognized for its quality, inventions, creative

packaging and whimsical characters. Talisman innovates across four main categories – Baking,

Prep Tools, Wood/Collections and Fun & Funky. Each category has a different, distinct look.

Talisman's customers immediately recognize their products because of this. For instance, in the

Fun & Funky line of products, most of the products have a distinct character that is personified

by a face or character. Talisman's customers often immediately recognize their new products as

being sold by them.

3.      Talisman's top selling product called the Bacon Bin® bacon grease container

("Plaintiff's Product") was conceived by Waymire. Plaintiff owns the federally registered

trademark U.S. Reg. No. U.S. Trademark Registration No. 5,398,411 for BACON BIN®. The

Bacon Bin® grease holder is sold in online marketplaces such as Amazon.com and in brick and

mortar stores. The Plaintiff's Product is designed to both strain and then store bacon grease that is

poured into it while hot (up to 500 degrees Farenheit). The Plaintiff's Product includes a distinct

tin can shape with ridges all around it and a whimsical sculpted piggy face top. ("Plaintiff's

Trade Dress" or "Trade Dress").

- 2 -

4.     Plaintiff has gained significant rights in Plaintiffs' Mark and Trade Dress, through use, advertising, and promotion. Plaintiff is also the owner of various published photographs, videos, artwork, creative text, and product instructions appearing on talismandesigns.com and. ("Plaintiff's Works).

5.     Defendants, by operating Internet based e-commerce stores, and fully interactive, commercial Internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale goods featuring, displaying, and/or using Plaintiff's Mark and/or Plaintiff's Works and/or Plaintiff's Trade Dress without authorization and Plaintiff has determined the products that each Defendant is offering for sale are not genuine products.

6.     Through the e-commerce marketplace platform, Plaintiff accessed all of the e-commerce stores operating under Defendants' Seller IDs and captured the Defendants' listings at issue on the e-commerce stores. At the conclusion of the process, the detailed webpages and photographs were inspected by Plaintiff's representative who confirmed that each Defendant is featuring, displaying, and/or using Plaintiffs' Mark and/or Plaintiffs' Works and/or Trade Dress without authorization and the products that each Defendant is offering for sale are not genuine products.

7.     Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of products with unauthorized and unlicensed uses of Plaintiffs' Mark and/or Plaintiffs' Works and/or Plaintiff's Trade Dress, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in violation of the Section 1114 of the Lanham Act, and prevailing on its related state law claims.

- 3 -

8.    Plaintiff, as well as consumers, is likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. There is good cause to believe that the unauthorized and unlicensed use of Plaintiffs' Mark, Plaintiffs' Works, and/or Plaintiff's Trade Dress will continue in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised, and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates. There is also good cause to believe that if Plaintiff proceeds on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

9.    The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

10.    The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests and protect the public from being injured, deceived and defrauded by the passing off of Defendants substandard goods as Plaintiff's genuine goods.

11.    Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages. This Court also has the inherent

- 4 -

authority to issue a prejudgment asset restraint when Plaintiff's complaint seeks relief in equity. According to both the Lanham Act, 15 U.S.C. § 1117(a)(1), Plaintiff is entitled, "subject to the principles of equity, to recover ... defendant's profits." Plaintiff seeks, among other relief, that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts. Therefore, this Court has the authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff and preserve the Defendants' ability to at least partially satisfy a judgment.

12.   Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' illegal and infringing activities. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows (the "Order"):

### I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Mark, Plaintiff's Works and/or Plaintiff's Trade Dress in connection with the distribution, marketing, advertising,

- 5 -

offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's Mark, Plaintiff's Works, and/or Plaintiff's Trade Dress;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[1] Merchant Storefronts[2] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue use of the Plaintiffs' Mark and/or Plaintiffs' Works and/or Plaintiff's Trade Dress within metatags or other markers within website source

---

[1] As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, eBay.com, Aliexpress.com, and wish.com as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[2] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

- 6 -

code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), and Context Logic, Inc d/b/a wish.com ("Wish") ("Third Party Service Provider(s)'') and AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal") ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer

- 7 -

funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[3]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provider Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider

---

[3]     This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third Party Service Providers and Financial Institutions and that the additionally discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

- 8 -

or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing the Plaintiffs' Mark, Plaintiffs' Works, and/or Plaintiff's Trade Dress and/or unfairly competing with Plaintiff;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not

limited to the Third Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

## II. Order to Show Cause Why a Preliminary Injunction
## Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, the U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania in Courtroom No. **7C** on the **3ʳᵈ** day of **August** at **9:30** **by Zoom Video conference** ~~a.m. or at such other time that this Court deems appropriate~~, why a preliminary injunction, pursuant to FRCP 65(a), should not issue. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.**

- 10 -

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Ference & Associates LLC at 409 Broad Street, Pittsburgh, Pennsylvania 15143 before _July 28_____, 2020. Plaintiffs shall file any Reply papers on or before _July 31___, 2020.

C. After Plaintiffs' counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiffs shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiffs shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on a website designated by Plaintiffs,[4] and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiffs or by other means reasonably calculated to give notice which is permitted by the Court.

### III. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

---

[4] Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *Pate v. Gov't of the Virgin Islands*, 2015 WL 1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

(1) Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

(2) Plaintiff may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

(3) Plaintiff may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiff's Mark, and/or Plaintiffs' Works, and/or Plaintiff's Trade Dress in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, and any products which use Plaintiffs' Plaintiffs' Mark, and/or Plaintiffs' Works, and/or Plaintiff's Trade Dress.

### V. Security Bond

IT IS FURTHER ORDERED that Plaintiffs shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $ 250,000.00 Dollars ( _____ *Clerk of* ) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

- 13 -

## VI. Summons

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original

summons in the name of "DASANI and all other Defendants identified in the Complaint" that

will apply to all Defendants.


**SO ORDERED.**

SIGNED this 21st day of July, 2020, at 1:00 pm
Pittsburgh, Pennsylvania

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TALISMAN DESIGNS, LLC, | CIVIL ACTION NO. 2:20-cv-1084 |
| Plaintiff, | |
| v. | **FILED UNDER SEAL** |
| DASANI, *et al.*, | |
| Defendants. | |

## ORDER ON PLAINTIFF'S EX PARTE MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

AND NOW, this 22 day of July, 2020, upon consideration of Plaintiff's Ex Parte Motion for an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3),

IT IS HEREBY ORDERED that said Motion is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs are authorized to make alternative service of the Summonses, the Complaint, any discovery, and all filings in this matter upon each Defendant in this action, as follows:

1. via e-mail by providing the address to Plaintiffs' designated website to Defendants via (i) the e-mail accounts provided by Defendants as part of the data related to their respective e-commerce stores, or (ii) the e-commerce marketplace for each of the e-commerce stores, or

2. via website publication by posting copies of the Summonses, Complaint, any Discovery, and all filings in this matter on Plaintiffs' designated website on www.ferencelaw.com.


  s/Arthur J. Schwab
United States District Judge

cc  Stanley D. Ference III, Esq.
    courts@ferencelaw.com
    Brian Samuel Malkin, Esq.
    bmalkin@ferencelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TALISMAN DESIGNS, LLC,

                Plaintiff,

v.

DASANI, *et al.*,

                Defendants.

Civil Action No. 20-1084

(Judge Schwab)

█████████████

## █████████ PRELIMINARY INJUNCTION ORDER

WHEREAS, Plaintiff filed an *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts;[1] 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against all of the Defendants identified on the attached Schedule "A to the Complaint and attached hereto (collectively, "the Defendants"), in light of the Defendants intentional and willful unfair competition and infringement of Plaintiff's trademark and trade dress ("the Infringing Products")[2] ("Application");

---

[1] A "Merchant Storefront" is any and all User Accounts, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, eBay.com, Aliexpress.com, and wish.com as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[2] As alleged in Plaintiff's Complaint, ". . . Defendants have offered for sale, sold, and distributed knock-off and infringing versions of Plaintiff's BACON BIN® grease container which closely mimic the appearance of Plaintiff's genuine product within this district and throughout the United States by operating e-commerce stores established at least via the Amazon.com, eBay.com, Wish.com, and AliExpress.com Internet marketplaces ("User Account(s)"). Plaintiff's top selling product is the Bacon Bin® grease container. ("Plaintiff's Product"). Plaintiff owns the federally registered trademark U.S. Reg. No. 5,398,411 for BACON BIN®. The Plaintiff's Product includes a distinct tin can shape with ridges all around it and a whimsical sculpted piggy face top. ("Plaintiff's Trade Dress" or "Trade Dress"). Plaintiff is also the owner of various published photographs, videos, artwork, creative text, and product instructions appearing on talismandesigns.com website. ("Plaintiff's Works" or "Works").

WHEREAS, Plaintiff filed an Ex Parte Motion for An Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

WHEREAS, On August 21, 2020 at 1:00 p.m., the Court entered the following Orders:

(A) (1) a temporary restraining order; (2) an order restraining assets and Merchant Storefronts, (3) an order to show cause why a preliminary injunction should not issue; and (4) an order authorizing expedited discovery against all of the Defendants identified on the attached **Schedule "A"**, and Amazon ("TRO") (Doc. No. 14); and

(B) Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (Doc. No. 19)("the Alternative Service Order");

WHEREAS, pursuant to the terms of the Alternative Service Order, the Defendants have been served with notice of this Show Cause Hearing; and

WHEREAS, on August 3, 2020, Plaintiff appeared for the Order to Show Cause Hearing, however no Defendants appeared. Further, none of the Third Party Service Provider(s) or Financial Institution(s) appeared.

## I. Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, the injunctive relief previously granted on July 21, 2020 at 1:00 p.m. (Doc. No. 14), shall remain in place through the pendency of this litigation, and issuing this Preliminary Injunction (hereafter "PI Order") is warranted under FRCP 65, and Section 34 of the Lanham Act.

Accordingly, each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall continue to be restrained as follows:

of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Mark, Plaintiff's Works and/or Plaintiff's Trade Dress in connection with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's Mark, Plaintiff's Works, and/or Plaintiff's Trade Dress;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[3] Merchant Storefronts[4] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue use of the Plaintiffs' Mark and/or Plaintiffs' Works

---

[3]    As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, eBay.com, Aliexpress.com, and wish.com as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[4]    As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

and/or Plaintiff's Trade Dress within metatags or other markers within website source

code, from use on any web page (including as the title of any product listing), from any

advertising links to other websites, from search engines' databases or cache memory, and

any other form of use such terms or works which is visible to a computer user or serves to

direct computer searches to Internet based e-commerce stores owned, or operated by each

Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant

Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User

Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary

to retrieve computer files relating to the use of the User Accounts and/or Merchant

Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of the notice of this Order, Defendants and all financial institutions, payment

processors, banks, escrow services, money transmitters, or marketplace platforms,

including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"),

Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com

("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), and Context Logic, Inc d/b/a

wish.com ("Wish") ("Third Party Service Provider(s)'') and AliPay US Inc. d/b/a

Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc.

d/b/a paypal.com ("PayPal") ("Financial Institution(s)"), and their related companies and

affiliates, shall continue to restrain all funds, as opposed to ongoing account activity, in

the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all

funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii)

- 4 -

any other accounts which transfer funds into the same financial institution account(s),

and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to

or used by any of the Seller IDs identified on Schedule "A" hereto[5];

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment

processors, banks, escrow services, money transmitters, or marketplace platforms,

including but not limited to the Third Party Service Provider(s) and the Financial

Institution(s), shall continue to divert to a holding account for the trust of the Court all

funds in all accounts related to Defendants identified in Schedule "A" hereto, and

associated payment accounts, and any other accounts for the same customer(s) as well as

any other accounts which transfer funds into the same financial institution account(s) as

any other accounts subject to this Order;

(9) The Third Party Service Provider(s) and Financial Institution(s) shall further, to the extent

not already done, within five (5) business days of receiving this Order, provide Plaintiff's

counsel with all data that details (i) an accounting of the total funds restrained and

identifies the financial account(s) which the restrained funds are related to, and (ii) the

account transactions related to all funds transmitted into financial account(s) which have

been restrained. Such restraining of the funds and the disclosure of the related financial

institution account information shall be made without notice to the account holders, until

after those accounts are restrained. No funds restrained by this Order shall be transferred

or surrendered by any Third Party Service Provider or Financial Institution for any

purpose (other than pursuant to a chargeback made pursuant to that Third Party Service

---

[5] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third Party Service Providers and Financial Institutions and that the additionally discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

authorization of this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, or Amazon accounts which are being used by Defendants for the purpose of infringing the Plaintiffs' Mark, Plaintiffs' Works, and/or Plaintiff's Trade Dress and/or unfairly competing with Plaintiff;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this PI Order and the Alternative Service Order shall remain in effect during the pendency of this action or until further order of the Court, and Plaintiff shall serve the Defendants with a copy of this PI Order in accordance with the Alternative Service Order.

- 6 -

B.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that those in privity with Defendants and with actual notice of this Order, including Third Party Service Providers,[6] shall continue to be restrained and enjoined from engaging in any of the following acts or omissions shall remain in effect during the pendency of this action or until further order of the Court:

> (1) providing services for any accounts through which Defendants engage in the sale of Infringing Products, including without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;
>
> (2) displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and
>
> (3) displaying links to any User Accounts or Merchant Storefronts associated with the Defendants in search results, including but not limited to, having links to any product listings, User Accounts, or Merchant Storefronts in any search index.

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that:

> (1)  Amazon shall be restrained and enjoined, from processing payments for any products listed under the following Amazon Standard Identification Numbers (ASINs): B07DW6MZWL (red BACON BIN®), B07F1F6RQH (pink BACON BIN®), (B07HJX4646 –red  twin pack BACON BIN®), and B07HJSB44L (red BACON BIN®

---

[6]   Third Party Service Providers are any third-party providing services in connection with any Defendant and/or any Defendant's Merchant Storefront, including, without limitation, Internet Service Providers, back-end service providers, web designers, sponsored search engine providers, sponsored ad-words providers, sponsored shopping providers, merchant account providers, third-party processors and other payment processing services, shippers, domain name registrars and domain name registries.

with a hot pad), by any Seller that has not been authorized by Plaintiff;

contemporaneously with the service of this Order, Plaintiff shall provide notice to
Amazon of Plaintiff's authorized sellers;

(2) upon Plaintiff's request, Amazon shall remove listings and/or advertisements for any
product that Plaintiff identifies as unfairly competing with Plaintiff's BACON BIN®
grease container, and which has been identified as shipping from, or as originating from,
outside the United States, by suspending, tombstoning, and/or deleting, the identified
listing (i.e., preventing a seller from listing for sale under the identified ASIN);

(3) the Third Party Service Providers and Financial Institutions,[7] are hereby restrained
secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying
Defendants' Assets from or to financial accounts associated with or utilized by any
Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said
account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further
ordered by this Court; and

C.   IT IS HEREBY ORDERED, as sufficient cause has been shown, that: to the extent not
already done, within five (5) days of restraining funds pursuant to this Section, Amazon
shall provide to Plaintiff's counsel a listing of any disbursements made from each Amazon
account containing restrained funds between the date of receipt of this Order until the date
the funds were restrained.  Plaintiff may issue interrogatories requiring a response under
oath.

---

[7]   As defined, *supra*, Financial Institutions, include, any banks, financial institutions, credit card companies and
payment processing agencies, such as AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc.
d/b/a pay.amazon.com, Context Logic, Inc. d/b/a wish.com, and PayPal, Inc. d/b/a paypal.com ("PayPal")., and
other companies or agencies that engage in the processing or transfer of money and/or real or personal property
of any Defendant.

- 8 -

D.   IT IS HEREBY ORDERED, as sufficient cause has been shown,

    (1)    that no funds restrained by this Order shall be transferred or surrendered by Third Party Service Providers or Financial Institutions, for any purpose (other than pursuant to a chargeback made pursuant to the their respective security interest in the funds) without express authorization of this Court or Plaintiff's counsel.

    (2)    Any Third Party Service Provider or Financial Institution or any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

    (3)    This Order shall remain in effect until such further dates as set by the Court or stipulated by the parties.

## II. Order Authorizing Discovery

A.   IT IS FURTHER ORDERED, as sufficient cause has been shown through Defendants' failure to: respond, participate in the ordered Rule 26(f) conference, and appear at the show cause hearing on August 3, 2020, Plaintiff may propound discovery upon Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) of service, to Plaintiff's counsel.

B.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, to the extent not previously provided, all Third Party Service Providers and Financial Institutions shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or

abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1)     any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

(2)     the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3)     the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4).    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of products which use Plaintiff's Mark, and/or Plaintiff's Trade Dress and/or Plaintiff's Works, and/or works substantially similar to Plaintiff's Works.

### III. Security Bond

IT IS FURTHER ORDERED, the $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

**IV. Unsealing Order**

WHEREAS, the reasons for keeping the documents in this case sealed no longer exist, it

is FURTHER ORDERED that the Clerk of Court is hereby directed to unseal all the documents

previously filed under seal in this case.

**SO ORDERED.**

SIGNED this **3rd** day of August, 2020
Pittsburgh, Pennsylvania

Arthur J. Schwab
United States District Judge

cc  Stanley D. Ference III, Esq.
    courts@ferencelaw.com
    Brian Samuel Malkin, Esq.
    bmalkin@ferencelaw.com

- 11 -

## Schedule "A"
## Defendants With Store Name and Seller ID

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 1 | DASANI | ATWOABRKYDC59 |
| 2 | AA-fashion | A3R7VUXP8AT6S8 |
| 3 | AllsuperDirect | AESJW6KWLXZZO |
| 4 | baohuqusihanjin | A35XH4DTR1O922 |
| 5 | cemic | A1X7CNIEN7DAP |
| 6 | CT Direct Store | A38P5DA6CB99N9 |
| 7 | Daxin | AJAHSQ2TPQEX |
| 8 | DR Natural | A21IN20G1LWJKE |
| 9 | Emivery Direct | A3S1O0BZZUE1U1 |
| 10 | Fhsow | A1ZPD8ZX5BN2LR |
| 11 | funarrow | A11EDQ6UQ5OH8F |
| 12 | Greatpad | A32YVIBG6BNSKB |
| 13 | LaiYam | A1MSS2SSNSY7RT |
| 14 | LEEaccessory | A1Y0HOOSKBQF1L |
| 15 | Light-Ren | A1RZNE5Y09EUVY |
| 16 | maohuashangcheng | AB9YO0PVOGT90 |
| 17 | OSTRO | A2KILDZTMV99DJ |
| 18 | QinAi | A5W0LZ4LY0Q0O |
| 19 | Royu | A2AYZSNA83UAIF |
| 20 | Sanmubo Trade | A2UCZ8AC20X9W6 |
| 21 | showhole | A1CP0MDAL9JFTM |
| 22 | Sundlight | A1N3YRM4VTR0A3 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 23 | SY Direct Store | A1ELP0PQ13RD0E |
| 24 | Upperroof44 | A3GHARM07X54LI |
| 25 | Urnanal | AWGOQPJ5SE78U |
| 26 | usams original | A3K2RIQKJ8SW2W |
| 27 | VISUSONLINE | A21RES4S72ALEU |
| 28 | VQS-LLC | A1QD4AWVLVNP4U |
| 29 | waypool | A25M12QDJFPJ1E |
| 30 | xiangze | AREX3GV4VPP0N |
| 31 | XINGPE | A1N0MYF79XSWTA |
| 32 | YDKJ | A1WET5VOG1HXBH |
| 33 | Yuanzhou US | A5QFDIOZIFKII |
| 34 | YunFine INC | A2ARSDLAEJ3COI |
| 35 | Yuzoe Store | A3GN86PNVGF184 |
| 36 | Zhengpin | A1KBFROQYDV7B1 |
| 37 | ZHONGLI-US | A1MC9F7B3O19JE |
| 38 | aolipugre | 383518263944 |
| 39 | bachelor-button-a | 333608813259 |
| 40 | beists | 383553117141 |
| 41 | betwill-88 | 402309551475 |
| 42 | bluebell-b | 203004989583 |
| 43 | casand85 | 392764754120 |
| 44 | cdhujun | 373031990208 |
| 45 | cell.expert | 133402785849 |
| 46 | chinatownno1 | 303559475515 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 47 | df-311 | 373060172021 |
| 48 | dowri-75 | 164266070522 |
| 49 | eastauspicious | 174144262125 |
| 50 | e-suggestion | 224048112803 |
| 51 | fashionyard68 | 143448120483 |
| 52 | fat-mango | 303497561617 |
| 53 | fist-line2 | 392814825784 |
| 54 | gardenshow | 324193547715 |
| 55 | gelamee | 164269285197 |
| 56 | gld_germanladen | 383469479344 |
| 57 | heart-soul888 | 324140352658 |
| 58 | hksense153 | 124176456042 |
| 59 | home-ahome | 383378201131 |
| 60 | homefree-us | 392834135342 |
| 61 | homeshop-us | 353108622657 |
| 62 | hugee6 | 133416619418 |
| 63 | icenzma | 303550394507 |
| 64 | iriscelandine6 | 133442160171 |
| 65 | jiazew | 233569793121 |
| 66 | jinshan2013 | 143622388821 |
| 67 | joysistars | 133429929570 |
| 68 | lightshh | 283597139862 |
| 69 | lucky.shop_7 | 193481500820 |
| 70 | nuoka7 | 313087749438 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 71 | odhe15 | 114230900808 |
| 72 | onlinenice | 202830539871 |
| 73 | priestlyy | 153946400943 |
| 74 | pulsation | 264663620296 |
| 75 | qingc44 | 362799729739 |
| 76 | qingfengtop5 | 184300363524 |
| 77 | rainc7 | 362979394791 |
| 78 | shineshopa | 193473326177 |
| 79 | silentmusic1666-1 | 313120735128 |
| 80 | ss-goodstore | 303573840783 |
| 81 | swtdkgs | 383521127485 |
| 82 | sx68wq | 353062380490 |
| 83 | teaodan | 373034603063 |
| 84 | tongliaoxinxi | 313109484873 |
| 85 | wyunlon0 | 174263789449 |
| 86 | xxinlle | 383609503982 |
| 87 | zhezch | 193439383324 |
| 88 | zhongt11 | 362978977410 |
| 89 | aweihge15gr | 5b5547b64543f458cbe2177c |
| 90 | baifumeimei | 5832ad867284901b9ba0fd31 |
| | | |
| 92 | DJY | 5df1e06f75e81c0a4000a6ad |
| 93 | guchastore | 5a6843aa471c1439542b45e8 |
| 94 | pangxiefang~77 | 5d5762b94290153c6e58f002 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 95 | bbql Store | 4921100 |
| 96 | Daily supplies Store | 4776031 |
| 97 | Drop Shipping to Whole world Store | 4697081 |
| 98 | Fantasy House&Garden Store | 5478164 |
|  |  |  |
| 100 | H&F Store | 2906124 |
| 101 | mzyxxsz Store | 2477008 |
| 102 | WenTao Accessories Store | 1185160 |
| 103 | Wonder Dreaming Store | 4347001 |

## IV. Unsealing Order

WHEREAS, the reasons for keeping the documents in this case sealed no longer exist, it

is FURTHER ORDERED that the Clerk of Court is hereby directed to unseal all the documents

previously filed under seal in this case.

**SO ORDERED.**

SIGNED this **3ʳᵈ** day of August, 2020
Pittsburgh, Pennsylvania

Arthur J. Schwab
United States District Judge

cc  Stanley D. Ference III, Esq.
courts@ferencelaw.com
Brian Samuel Malkin, Esq.
bmalkin@ferencelaw.com

## Schedule "A"
## Defendants With Store Name and Seller ID

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 1 | DASANI | ATWOABRKYDC59 |
| 2 | AA-fashion | A3R7VUXP8AT6S8 |
| 3 | AllsuperDirect | AESJW6KWLXZZO |
| 4 | baohuqusihanjin | A35XH4DTR1O922 |
| 5 | cemic | A1X7CNIEN7DAP |
| 6 | CT Direct Store | A38P5DA6CB99N9 |
| 7 | Daxin | AJAHSQ2TPQEX |
| 8 | DR Natural | A21IN20G1LWJKE |
| 9 | Emivery Direct | A3S1O0BZZUE1U1 |
| 10 | Fhsow | A1ZPD8ZX5BN2LR |
| 11 | funarrow | A11EDQ6UQ5OH8F |
| 12 | Greatpad | A32YVIBG6BNSKB |
| 13 | LaiYam | A1MSS2SSNSY7RT |
| 14 | LEEaccessory | A1Y0HOOSKBQF1L |
| 15 | Light-Ren | A1RZNE5Y09EUVY |
| 16 | maohuashangcheng | AB9YO0PVOGT90 |
| 17 | OSTRO | A2KILDZTMV99DJ |
| 18 | QinAi | A5W0LZ4LY0Q0O |
| 19 | Royu | A2AYZSNA83UAIF |
| 20 | Sanmubo Trade | A2UCZ8AC20X9W6 |
| 21 | showhole | A1CP0MDAL9JFTM |
| 22 | Sundlight | A1N3YRM4VTR0A3 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 23 | SY Direct Store | A1ELP0PQ13RD0E |
| 24 | Upperroof44 | A3GHARM07X54LI |
| 25 | Urnanal | AWGOQPJ5SE78U |
| 26 | usams original | A3K2RIQKJ8SW2W |
| 27 | VISUSONLINE | A21RES4S72ALEU |
| 28 | VQS-LLC | A1QD4AWVLVNP4U |
| 29 | waypool | A25M12QDJFPJ1E |
| 30 | xiangze | AREX3GV4VPP0N |
| 31 | XINGPE | A1N0MYF79XSWTA |
| 32 | YDKJ | A1WET5VOG1HXBH |
| 33 | Yuanzhou US | A5QFDIOZIFKII |
| 34 | YunFine INC | A2ARSDLAEJ3COI |
| 35 | Yuzoe Store | A3GN86PNVGF184 |
| 36 | Zhengpin | A1KBFROQYDV7B1 |
| 37 | ZHONGLI-US | A1MC9F7B3O19JE |
| 38 | aolipugre | 383518263944 |
| 39 | bachelor-button-a | 333608813259 |
| 40 | beists | 383553117141 |
| 41 | betwill-88 | 402309551475 |
| 42 | bluebell-b | 203004989583 |
| 43 | casand85 | 392764754120 |
| 44 | cdhujun | 373031990208 |
| 45 | cell.expert | 133402785849 |
| 46 | chinatownno1 | 303559475515 |

- 13 -

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 47 | df-311 | 373060172021 |
| 48 | dowri-75 | 164266070522 |
| 49 | eastauspicious | 174144262125 |
| 50 | e-suggestion | 224048112803 |
| 51 | fashionyard68 | 143448120483 |
| 52 | fat-mango | 303497561617 |
| 53 | fist-line2 | 392814825784 |
| 54 | gardenshow | 324193547715 |
| 55 | gelamee | 164269285197 |
| 56 | gld_germanladen | 383469479344 |
| 57 | heart-soul888 | 324140352658 |
| 58 | hksense153 | 124176456042 |
| 59 | home-ahome | 383378201131 |
| 60 | homefree-us | 392834135342 |
| 61 | homeshop-us | 353108622657 |
| 62 | hugee6 | 133416619418 |
| 63 | icenzma | 303550394507 |
| 64 | iriscelandine6 | 133442160171 |
| 65 | jiazew | 233569793121 |
| 66 | jinshan2013 | 143622388821 |
| 67 | joysistars | 133429929570 |
| 68 | lightshh | 283597139862 |
| 69 | lucky.shop_7 | 193481500820 |
| 70 | nuoka7 | 313087749438 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 71 | odhe15 | 114230900808 |
| 72 | onlinenice | 202830539871 |
| 73 | priestlyy | 153946400943 |
| 74 | pulsation | 264663620296 |
| 75 | qingc44 | 362799729739 |
| 76 | qingfengtop5 | 184300363524 |
| 77 | rainc7 | 362979394791 |
| 78 | shineshopa | 193473326177 |
| 79 | silentmusic1666-1 | 313120735128 |
| 80 | ss-goodstore | 303573840783 |
| 81 | swtdkgs | 383521127485 |
| 82 | sx68wq | 353062380490 |
| 83 | teaodan | 373034603063 |
| 84 | tongliaoxinxi | 313109484873 |
| 85 | wyunlon0 | 174263789449 |
| 86 | xxinlle | 383609503982 |
| 87 | zhezch | 193439383324 |
| 88 | zhongt11 | 362978977410 |
| 89 | aweihge15gr | 5b5547b64543f458cbe2177c |
| 90 | baifumeimei | 5832ad867284901b9ba0fd31 |
| | | |
| 92 | DJY | 5df1e06f75e81c0a4000a6ad |
| 93 | guchastore | 5a6843aa471c1439542b45e8 |
| 94 | pangxiefang~77 | 5d5762b94290153c6e58f002 |

- 15 -

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 95 | bbql Store | 4921100 |
| 96 | Daily supplies Store | 4776031 |
| 97 | Drop Shipping to Whole world Store | 4697081 |
| 98 | Fantasy House&Garden Store | 5478164 |
|  |  |  |
| 100 | H&F Store | 2906124 |
| 101 | mzyxxsz Store | 2477008 |
| 102 | WenTao Accessories Store | 1185160 |
| 103 | Wonder Dreaming Store | 4347001 |