# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ROBERT ANDREW FFRENCH,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

Civil Action No.: 1:20-cv-03178

Judge Matthew F. Kennelly

## SEALED TEMPORARY RESTRAINING ORDER

THIS CAUSE being before the Court on Plaintiff, Plaintiff, ROBERT ANDREW FFRENCH, ("FFRENCH" or "Plaintiff") *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email and Electronic Publication (the "Ex Parte Motion") against the defendants identified on Schedule A to the Complaint and attached hereto (collectively, the "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Online Marketplace Accounts"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's *Ex Parte* Motion in its entirety.

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois, offering to sell and ship products into this Judicial District. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products

bearing counterfeit versions of the SHOTLOC Trademarks, which are covered by U.S. Trademark Registration Nos. 4,218,495 and 6,023,219.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Robert Andrew Ffrench paragraphs 15-24, and the Declaration of Keith A. Vogt, paragraphs 5-11, and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content, redirect traffic to other websites/stores in their control, and move any assets from accounts in U.S.-based financial institutions, including, but not limited to, PayPal accounts, to offshore accounts. *Id.* As other courts have recognized, proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that:

1.    Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a.    using Plaintiff's SHOTLOC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine SHOTLOC product or not authorized by Plaintiff to be sold in connection with Plaintiff's SHOTLOC Trademarks;

    b.    passing off, inducing, or enabling others to sell or pass off any product as a genuine SHOTLOC product or any other product produced by Plaintiff, that

is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's SHOTLOC Trademarks;

c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  further infringing Plaintiff's SHOTLOC Trademarks and damaging Plaintiff's goodwill;

e.  otherwise competing unfairly with Plaintiff in any manner;

f.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's SHOTLOC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof; and

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, or any domain name or other Online Marketplace Account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit SHOTLOC Products.

2.      Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as, but not limited to, Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms,

Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within three (3) business days of receipt of this Order:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the SHOTLOC Trademarks, including any accounts associated with the Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the SHOTLOC Trademarks; and

c. take all steps necessary to prevent links to the Defendant Online Marketplace Accounts on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online Marketplace Accounts from any search index.

3. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any other websites operated by Defendants, including, without limitation, any online marketplace platforms such as Alibaba, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Amazon, Alibaba, DHGate, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts;

c. Defendants' websites and/or any online marketplace accounts; and

d. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Amazon, Alibaba, DHGate, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4.     Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5.     PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' online marketplace accounts or websites:

a. Locate all accounts and funds connected to and related to Defendants, Defendants' online marketplace accounts, including, but not limited to, any PayPal accounts connected to and related to the information listed in Schedule A hereto and the email addresses identified in Exhibit 2 to the Declaration of Robert Andrew Ffrench; and

b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Amazon Payments, Inc. ("Amazon") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Amazon accounts related to Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon accounts subject to this Order; and (iii) any other Amazon accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto; Amazon shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon for any purpose (other than pursuant to a chargeback made pursuant to Amazon's security interest in the funds) without the express authorization of this Court;

7.     ContextLogic, Inc. ("WISH") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the WISH accounts related to Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other WISH accounts subject to this Order; and (iii) any other WISH accounts tied to or used by any of the sellers identified on Schedule "A" hereto; WISH shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by WISH for any purpose (other than pursuant to a chargeback made pursuant to WISH's security interest in the funds) without the express authorization of this Court;

8.     ALIPAY US, INC. ("ALIPAY") and its related companies and affiliates including but not limited to ALIBABA GROUP HOLDING LTD. ("ALIBABA"), shall, within two (2) business days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the ALIPAY accounts related to Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other ALIPAY accounts subject

to this Order; and (iii) any other ALIPAY accounts tied to or used by any of the sellers identified on Schedule "A" hereto; ALIPAY shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by ALIPAY for any purpose (other than pursuant to a chargeback made pursuant to ALIPAY's security interest in the funds) without the express authorization of this Court;

9.     eBay, Inc. ("eBay") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, identify and restrain all accounts and funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the eBay accounts related to Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other eBay accounts subject to this Order; and (iii) any other eBay accounts tied to or used by any of the sellers identified on Schedule "A" hereto; eBay shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order

shall be transferred or surrendered by eBay for any purpose (other than pursuant to a chargeback made pursuant to eBay's security interest in the funds) without the express authorization of this Court;

10.     Heguang International Limited or Dunhuang Group d/b/a DHGATE, DHGate.com, DHPORT, DHLINK and DHPAY ("DHGate") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, identify and restrain all accounts and funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the DHGate accounts related to Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other DHGate accounts subject to this Order; and (iii) any other DHGate accounts tied to or used by any of the sellers identified on Schedule "A" hereto; DHGate shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by DHGate for any purpose (other than pursuant to a chargeback made pursuant to DHGate's security interest in the funds) without the express authorization of this Court;

11.     Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' online marketplace accounts or websites, shall within two (2) business days of receipt of this Order:

a. Locate all accounts and funds connected to Defendants, Defendants' online marketplace accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A hereto and the email addresses identified in Exhibit 2 to the Declaration of Robert Andrew Ffrench; and

b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

12. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Robert Andrew Ffrench and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "Foshan city star rubber products co., LTD and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from Marketplaces and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

13. Plaintiff's Schedule A to the Complaint, Exhibit 2 to the Declaration of Robert Andrew Ffrench, and this Order shall remain sealed until Defendants' financial accounts are restrained. Plaintiff shall file unsealed versions of the Complaint, Schedule A to the Complaint, Exhibit 2 to the Declaration of Robert Andrew Ffrench, and this Order using the CM/ECF system prior to the expiration of this Order.

14.     Plaintiff shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

15.     Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

This Temporary Restraining Order without notice is entered at 9:00 A.M. on June 1, 2020, and shall remain in effect for fourteen (14) days.

_____
U.S. District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROBERT ANDREW FFRENCH,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Civil Action No.: 1:20-cv-03178

Judge Matthew F. Kennelly

Magistrate Judge Jeffrey Cummings

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Monday, June 29, 2020 at 9:25 a.m., Plaintiff, by its counsel, shall appear telephonically, before the Honorable Judge Matthew F. Kennelly in Courtroom 2103 at the U.S. District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present Plaintiff's Motion for Entry of a Preliminary Injunction.

DATED: June 19, 2020

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
111 West Jackson Boulevard, Suite 1700
Chicago, Illinois 60604
Telephone: 312-675-6079
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Robert Andrew Ffrench and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

*/s/ Keith A. Vogt*
Keith A. Vogt

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROBERT ANDREW FFRENCH,

  Plaintiff,           Civil Action No.: 1:20-cv-03178

v.                Judge Matthew F. Kennelly

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

  Defendants.

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff, ROBERT ANDREW FFRENCH's ("Ffrench" or "Plaintiff"), Motion for a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the defendants identified in Schedule A (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented screenshot evidence that each Defendant Internet Store is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's Trademarks. *See*

1

Docket No. 12 which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the SHOTLOC trademarks, U.S. Trademark Registration Nos. 4,218,495 and 6,023,219 (collectively "The SHOTLOC Trademarks").

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Ffrench's previously granted Motion for a Temporary Restraining Order establishes that Ffrench has a likelihood of success on the merits; that no remedy at law exists; and that Ffrench will suffer irreparable harm if the injunction is not granted.

Specifically, Ffrench has proved a *prima facie* case of trademark infringement because (1) the SHOTLOC Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the SHOTLOC Trademarks, and (3) Defendants' use of the SHOTLOC Trademarks are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Ffrench. Furthermore, Defendants' continued and unauthorized use of the SHOTLOC Trademarks irreparably harms SHOTLOC through diminished goodwill and brand confidence, damage to SHOTLOC's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Ffrench has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1.   Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a.   using the SHOTLOC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine SHOTLOC product or not authorized by Ffrench to be sold in connection with the SHOTLOC Trademarks;

   b.   passing off, inducing, or enabling others to sell or pass off any product as a genuine SHOTLOC product or any other product produced by Ffrench, that is not Ffrench's or not produced under the authorization, control or supervision of Ffrench and approved by Ffrench for sale under the SHOTLOC Trademarks;

   c.   committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Ffrench, or are sponsored by, approved by, or otherwise connected with SHOTLOC;

   d.   further infringing the SHOTLOC Trademarks and damaging Ffrench's goodwill;

   e.   otherwise competing unfairly with Ffrench in any manner;

   f.   shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Ffrench, nor authorized by Ffrench to be

3

sold or offered for sale, and which bear any of the SHOTLOC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit/Infringing SHOTLOC products; and

h. operating and/or hosting at the Online Marketplace Accounts and any other online marketplace accounts registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the SHOTLOC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine SHOTLOC product or not authorized by Ffrench to be sold in connection with the SHOTLOC Trademarks.

2. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as, but not limited to Amazon, (collectively, "Marketplaces"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within three (3) business days of receipt of this Order:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the SHOTLOC Trademarks, including any accounts associated with the Defendants listed in Schedule A;

    b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the SHOTLOC Trademarks; and

    c.  take all steps necessary to prevent links to the Defendant Online Marketplace Accounts identified in Schedule A from displaying in search results, including, but not limited to, removing links to the Online Marketplace Accounts from any search index.

3.    Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplace Accounts or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as Marketplaces, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alipay, Western Union, third party processors and other payment processing service providers, shippers, and online marketplace registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Ffrench expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a.  The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b.  the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information

associated with the Online Marketplace Accounts, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts;

c. Defendants' websites and/or any Online Marketplace Accounts;

d. The Defendant Online Marketplace Accounts registered by Defendants; and

e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, PayPal, Alipay, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4.  Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5.  eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Context Logic, Inc. ("WISH"), Amazon Payments, Inc. ("Amazon"), Alipay US, Inc. and its entities ("Alipay"), Alibaba Group Holding Limited ("Alibaba"), and Heguang International Limited or Dunhuang Group d/b/a DHGATE, DHGate.com, DHPORT, DHLINK and DHPAY ("DHGate"), shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any eBay, PayPal, WISH, Amazon, Alipay, Alibaba and DHGate accounts connected to the information listed in Schedule A hereto or the email addresses identified in Exhibit 2 to the Declaration of Robert Andrew Ffrench; and

    b. Restrain and enjoin any such accounts or funds that are non-U.S. foreign based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6.     Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within two (2) business days of receipt of this Order:

    a. Locate all accounts and funds connected to Defendants, or Defendants' Online Marketplace Accounts, including, but not limited to, any accounts connected to the information listed in Schedule A hereto or the email addresses identified in Exhibit 2 to the Declaration of Robert Andrew Ffrench; and

    b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7.     Ffrench may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website, or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Robert Andrew Ffrench and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue

a single original summons in the name of "Foshan city star rubber products co., LTD and all other Defendants identified in Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from Online Marketplace Accounts and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Ffrench or on shorter notice as set by this Court.

9.  The $10,000 bond posted by Ffrench shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Dated: June 24, 2020

_____
U.S. District Court Judge

**SCHEDULE A**

| No. | DEFENDANTS |
|-----|------------|
| 1 | Foshan city star rubber products co., LTD |
| 2 | Huiyang Kangde Silicone Rubber Ware Co., Ltd. |
| 3 | Shenzhen Mingli Toys Manufacturing Co., Ltd. |
| 4 | Shanghai Maikuan Sporting Goods Co., Ltd. |
| 5 | Nanjing Bewe Int'l Trading Co., Ltd. |
| 6 | Shenzhen Qing Yu Rubber And Plastic Product Co., Ltd. |
| 7 | Shenzhen Royal Silicone Product Co., Ltd. |
| 8 | Xiamen Xinmingxiang Import & Export Co., Ltd. |
| 9 | Easy Buy Online |
| 10 | liang jialiang's store |
| 11 | Toplander Outdoor Store |
| 12 | Digital-Camo Sales Store |
| 13 | Gnome Store |
| 14 | DREAMHUNTER- Store |
| 15 | SHAOERS Store |
| 16 | Super Online Technology Co., Ltd |
| 17 | Hiton Outdoor Store Store |
| 18 | Youthful Sporting & Entertainment Store |
| 19 | Loving Adventure Store |
| 20 | Johnny Pro Store |
| 21 | LEMZONE OutdoorSports Store |
| 22 | Exercise&Healthy Store |
| 23 | Water & Horsing Sporting Store |
| 24 | Gmarty VIP Store |
| 25 | exercise&keep fit Store |
| 26 | GSTL Online Store |
| 27 | TAVIEW FIT Store |
| 28 | BD 4sport Store |
| 29 | LLL Outdoor Store |
| 30 | True Thus Store |
| 31 | Outdoor ideas Store |
| 32 | Wild Natures Store |
| 33 | Affordable Outdoor Fitness Store |
| 34 | Complete Outdoor Fitness Store |
| 35 | EMPHY Shop |
| 36 | Shenzhen MiHan Technology Company |
| 37 | Rain force |

| 38 | Nice Evening |
|----|--------------|
| 39 | Hinseryo |
| 40 | Heybe Co.,Ltd |
| 41 | dexing |
| 42 | Jiadi US |
| 43 | Hapyd59 |
| 44 | Richeal8 |
| 45 | Sunlightpower |
| 46 | Zw_network |
| 47 | Sportmill |
| 48 | Miluoshi |
| 49 | Luckygirl17 |
| 50 | Buildourdream |
| 51 | shootingbrake |
| 52 | Yiamia |
| 53 | Hunterjungle |
| 54 | Cfgs |
| 55 | 6hk7243 |
| 56 | 7hk8918 |
| 57 | aiyamore |
| 58 | allstar-seller |
| 59 | bigvip8018 |
| 60 | blingquality |
| 61 | blingzingshop |
| 62 | clother_trade |
| 63 | conceitzhang |
| 64 | cybernowa |
| 65 | dragonball-fourth |
| 66 | e-suggestion |
| 67 | electron365 |
| 68 | felif-7 |
| 69 | flowersbud |
| 70 | flowersgrass |
| 71 | fuszww |
| 72 | global_village |
| 73 | gmallselection |
| 74 | greenteatime2016 |
| 75 | gxnws78793_1 |
| 76 | halishio |

| 77 | happyvalley009 |
|---|---|
| 78 | hftndbkn-3 |
| 79 | hulushop2010 |
| 80 | infinite.force22 |
| 81 | jewelry-base |
| 82 | jfdxfybq-0 |
| 83 | kzyu_17 |
| 84 | li-lang-da-fiath |
| 85 | lifestore777 |
| 86 | little.apple2014 |
| 87 | luganomart |
| 88 | lxh688 |
| 89 | mrzo_33 |
| 90 | myeshopdealstore |
| 91 | new-mall |
| 92 | olahema00 |
| 93 | pfkn-59 |
| 94 | picturesque-landscape |
| 95 | ppptyiad_6 |
| 96 | qualityitemsseller123 |
| 97 | queensny2018 |
| 98 | rasgswkgflgq45 |
| 99 | rocm84 |
| 100 | rookie-xu |
| 101 | shalo-3238 |
| 102 | shoppingeveryday |
| 103 | soptoptrade2015 |
| 104 | tgsbuys |
| 105 | trs-seller2012 |
| 106 | tsbuynow |
| 107 | vesny89735-6 |
| 108 | whemyqong5 |
| 109 | whitedaisy666 |
| 110 | wonderfulbuying36588 |
| 111 | xiaochali0 |
| 112 | yaloofashion |
| 113 | yanggerpt |
| 114 | zhifei-82 |
| 115 | zhome2015 |

| 116 | I Love Baby Store |
| 117 | Tomtopone Wholesale |
| 118 | fashionnews |
| 119 | LDU supermarket |
| 120 | Touch you qiu |
| 121 | bigbossgood |
| 122 | runfaster |
| 123 | Clumsy bear |
| 124 | Blingblingring |
| 125 | xiexiaoyufishlove |
| 126 | dixiaolang111 |
| 127 | whaleuncle |