IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA CRUPI,<br><br>Plaintiff,<br><br>v.<br><br>GWNDHTBL8-15DAYSDELIVERY, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-902<br><br>**FILED UNDER SEAL** |

## DECLARATION OF JESSICA CRUPI

I, JESSICA CRUPI, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the artist that created the Emotion Work and the Plaintiff in this lawsuit. I make this declaration from matters within my knowledge save where otherwise stated.

3. I am an artist and designer who produces work under the names "Jessica Crupi," "Insane Doodles," "Fluiid," and "J. Lauren." My journey into the art world began with inspiration from my grandfather, who encouraged my early interest in creative expression. I began to see myself as an artist in high school when I took AP art class and discovered a deep appreciation for art, especially digital media. While I have formal training, much of my development has been self-directed. I am heavily influenced by music. My style is vibrant, surreal, and driven by a desire to challenge everyday perceptions, adding depth through the use of color and mood.

4. I am the official source of products associated with the Emotion Work (the "Emotion Products"):

1



https://www.redbubble.com/people/hoodi/shop

5. I am the owner of a copyright registration that is identified by United States Copyright Registration No. VA 2-432-756 (the "Emotion Work"). A true and correct copy of the copyright registration for the Emotion Work is attached to the Complaint as **Exhibit 1**.

6. I control the quality of all materials and content that feature the distinctive Emotion Work.

7. Substantial time, money, and other resources have been expended in developing, advertising, licensing, and otherwise promoting the Emotion Work. As a result, the image is widely recognized and exclusively associated by consumers, the public, and the trade with my professional identity as an artist.

8. The success and acclaim of the Emotion Work has resulted in significant infringement of my copyright. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet stores identified in Schedule A attached to the Complaint ("Defendant Internet Stores"),

2

which were offering for sale, selling, and/or importing unauthorized copies of the Emotion Work to consumers in this judicial district and throughout the United States.

9. I am aware of investigations related to internet-based infringement of the Emotion Work. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Emotion Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that infringing Emotion Products were being offered for sale to the United States, including Pennsylvania. The Defendants and their websites do not conduct business with me and do not have the right or authority to use the copyrights for any reason. Below is a side-by-side comparison of the Emotion Work and examples of Defendants' products reviewed that embody the copyrighted Emotion Work:

| Reg. Number | Title of Work | Copyrighted Work | Defendants' Image |
|---|---|---|---|
| VA 2-432-756 | Emotion | | Def #1-60 |

10. Monetary damages alone cannot adequately compensate me for the ongoing infringement because monetary damages fail to address the loss of control of and damage to my reputation, goodwill, and control over the nature of the derivative works made using my copyrighted material. Furthermore, monetary damages are difficult, if not impossible, to

3

completely ascertain due to the inability to fully quantify the monetary damage caused to my reputation and goodwill by acts of infringement.

11. My goodwill and reputation are irreparably damaged when the Emotion Work is used on unauthorized goods. I am further irreparably harmed by the unauthorized use of the Emotion copyrighted material because infringers take away my ability to control the nature and quality of products bearing the Emotion Work and derivative works.

12. I am further irreparably damaged due to a loss of exclusivity. The copyright rights in the Emotion Work are meant to be exclusive rights.

13. The marketing and distribution of the Emotion Work and derivative works are aimed at growing and sustaining sales. When infringers use the Emotion Work without authorization, the exclusivity associated with the Emotion Work, as well as my reputation, is damaged and eroded, resulting in a loss of unquantifiable future sales.

14. Uncontrolled profiteering and pirating of the Emotion Work creates the impression that the copyright rights associated with the Emotion Work may be infringed with impunity. The Emotion Work is distinctive and signifies to consumers that products are authorized by me and are manufactured to my high-quality standards. The devaluing of the intellectual property associated with the Emotion Work cannot be compensated for financially since it erodes my ability to monetize the Emotion Work.

15. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Jun 04, 2025

*Jessica Crupi*
Jessica Crupi