# EXHIBIT 1



**14. CONVENTION ON THE SERVICE ABROAD OF
JUDICIAL AND EXTRAJUDICIAL DOCUMENTS
IN CIVIL OR COMMERCIAL MATTERS[1]**

*(Concluded 15 November 1965)*

The States signatory to the present Convention,
Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,
Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

### Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.
This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I – JUDICIAL DOCUMENTS

### Article 2

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.
Each State shall organise the Central Authority in conformity with its own law.

### Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.
The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

### Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

---

[1] This Convention, including related materials, is accessible on the website of the Hague Conference on Private International Law (www.hcch.net), under "Conventions" or under the "Service Section". For the full history of the Convention, see Hague Conference on Private International Law, *Actes et documents de la Dixième session (1964)*, Tome III, *Notification*  (391 pp.).

Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
a)    by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
b)    by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.
If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.


Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.
The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.
The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.
The certificate shall be forwarded directly to the applicant.


Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.
The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.


Article 8

Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.
Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.


Article 9

Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.
Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.


Article 10

Provided the State of destination does not object, the present Convention shall not interfere with –
a)    the freedom to send judicial documents, by postal channels, directly to persons abroad,

*b)*   the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

*c)*   the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

## Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

## Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by —

*a)*   the employment of a judicial officer or of a person competent under the law of the State of destination,

*b)*   the use of a particular method of service.

## Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

## Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

## Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

*a)*   the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

*b)*   the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –

*a)*   the document was transmitted by one of the methods provided for in this Convention,

*b)*   a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

*c)*   no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

## Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –
a)    the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
b)    the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.
Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.
This Article shall not apply to judgments concerning status or capacity of persons.

### CHAPTER II – EXTRAJUDICIAL DOCUMENTS

## Article 17

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

### CHAPTER III – GENERAL CLAUSES

## Article 18

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.
The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.
Federal States shall be free to designate more than one Central Authority.

## Article 19

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

## Article 20

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with –
a)    the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,
b)    the language requirements of the third paragraph of Article 5 and Article 7,
c)    the provisions of the fourth paragraph of Article 5,
d)    the provisions of the second paragraph of Article 12.

## Article 21

Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –
a)      the designation of authorities, pursuant to Articles 2 and 18,
b)      the designation of the authority competent to complete the certificate pursuant to Article 6,
c)      the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –
a)      opposition to the use of methods of transmission pursuant to Articles 8 and 10,
b)      declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
c)      all modifications of the above designations, oppositions and declarations.

Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.

Article 23

The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.
These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

Article 24

Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

Article 25

Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.

Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.
In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.
At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.
If there has been no denunciation, it shall be renewed tacitly every five years.
Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.
It may be limited to certain of the territories to which the Convention applies.
The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –
a)    the signatures and ratifications referred to in Article 26;
b)    the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;
c)    the accessions referred to in Article 28 and the dates on which they take effect;
d)    the extensions referred to in Article 29 and the dates on which they take effect;
e)    the designations, oppositions and declarations referred to in Article 21;
f)    the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

# PRINT

Contracting Parties to this Convention that are also Members of the HCCH (i.e., the Organisation) are in **bold**; Contracting Parties that are not Members of the HCCH are in *italics*.

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| **Albania** | | 1-XI-2006 | A | 1-VII-2007 | | 3 | |
| **Andorra** | | 26-IV-2017 | A | 1-XII-2017 | | 4 | D |
| *Antigua and Barbuda* | | 1-V-1985 | Su | 1-XI-1981 | | 1 | |
| **Argentina** | | 2-II-2001 | A | 1-XII-2001 | | 2 | D,Res |
| **Armenia** | | 27-VI-2012 | A | 1-II-2013 | | 1 | |
| **Australia** | | 15-III-2010 | A | 1-XI-2010 | 7 | 5 | D |
| **Austria** | 22-XI-2019 | 14-VII-2020 | R | 12-IX-2020 | | | |
| *Bahamas* | | 17-VI-1997 | A | 1-II-1998 | | 1 | |
| *Barbados* | | 10-II-1969 | A | 1-X-1969 | | 1 | |
| **Belarus** | | 6-VI-1997 | A | 1-II-1998 | | 1 | |
| **Belgium** | 21-I-1966 | 19-XI-1970 | R | 18-I-1971 | | 2 | D |
| *Belize* | | 8-IX-2009 | A | 1-V-2010 | | 1 | |

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| **Bosnia and Herzegovina** | | 16-VI-2008 | A | 1-II-2009 | | 1 | |
| *Botswana* | | 10-II-1969 | A | 1-IX-1969 | | 3 | D |
| **Brazil** | | 29-XI-2018 | A | 1-VI-2019 | | 1 | D,Res |
| **Bulgaria** | | 23-XI-1999 | A | 1-VIII-2000 | | 3 | D |
| **Canada** | | 26-IX-1988 | A | 1-V-1989 | | 4 | D |
| **China, People's Republic of** | | 6-V-1991 | A | 1-I-1992 | | 8 | D,N |
| *Colombia* | | 10-IV-2013 | A | 1-XI-2013 | | 1 | D |
| **Costa Rica** | | 16-III-2016 | A | 1-X-2016 | | 1 | |
| **Croatia** | | 28-II-2006 | A | 1-XI-2006 | | 3 | D,Res |
| **Cyprus** | | 26-X-1982 | A | 1-VI-1983 | | 4 | D |
| **Czech Republic** | | 28-I-1993 | Su | 1-I-1993 | | 4 | D,Res |
| **Denmark** | 7-I-1969 | 2-VIII-1969 | R | 1-X-1969 | | 3 | D |
| **Egypt** | 1-III-1966 | 12-XII-1968 | R | 10-II-1969 | | 1 | Res |
| **Estonia** | | 2-II-1996 | A | 1-X-1996 | | 1 | D |
| **Finland** | 15-XI-1965 | 11-IX-1969 | R | 10-XI-1969 | | 2 | D |
| **France** | 12-I-1967 | 3-VII-1972 | R | 1-IX-1972 | 1 | 3 | D |
| **Germany** | 15-XI-1965 | 27-IV-1979 | R | 26-VI-1979 | | 3 | D |

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| **Greece** | 20-VII-1983 | 20-VII-1983 | R | 18-IX-1983 | | 1 | D |
| **Hungary** | | 13-VII-2004 | A | 1-IV-2005 | | 3 | D |
| **Iceland** | | 10-XI-2008 | A | 1-VII-2009 | | 1 | D,Res |
| **India** | | 23-XI-2006 | A | 1-VIII-2007 | | 1 | D,Res |
| **Ireland** | 20-X-1989 | 5-IV-1994 | R | 4-VI-1994 | | 3 | D,Res |
| **Israel** | 25-XI-1965 | 14-VIII-1972 | R | 13-X-1972 | | 2 | D,Res |
| **Italy** | 25-I-1979 | 25-XI-1981 | R | 24-I-1982 | | 3 | D |
| **Japan** | 12-III-1970 | 28-V-1970 | R | 27-VII-1970 | | 3 | D |
| **Kazakhstan** | | 15-X-2015 | A | 1-VI-2016 | | | D |
| **Korea, Republic of** | | 13-I-2000 | A | 1-VIII-2000 | | 2 | D,Res |
| *Kuwait* | | 8-V-2002 | A | 1-XII-2002 | | 3 | D,Res |
| **Latvia** | | 28-III-1995 | A | 1-XI-1995 | | 4 | D |
| **Lithuania** | | 2-VIII-2000 | A | 1-VI-2001 | | 3 | D,Res |
| **Luxembourg** | 27-X-1971 | 9-VII-1975 | R | 7-IX-1975 | | 1 | D,Res |
| *Malawi* | | 24-IV-1972 | A | 1-XII-1972 | | 1 | |
| **Malta** | | 24-II-2011 | A | 1-X-2011 | | 1 | D |
| **Mexico** | | 2-XI-1999 | A | 1-VI-2000 | | 2 | D |

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| **Monaco** | | 1-III-2007 | A | 1-XI-2007 | | 2 | D |
| **Montenegro** | | 16-I-2012 | A | 1-IX-2012 | | 2 | D |
| **Morocco** | | 24-III-2011 | A | 1-XI-2011 | | 1 | |
| **Netherlands** | 15-XI-1965 | 3-XI-1975 | R | 2-I-1976 | 1 | 5 | D |
| *Nicaragua* | | 24-VII-2019 | A | 1-II-2020 | | 1 | D |
| **Norway** | 15-X-1968 | 2-VIII-1969 | R | 1-X-1969 | | 3 | D,Res |
| *Pakistan* | | 7-XII-1988 | A | 1-VIII-1989 | | 3 | D |
| **Philippines** | | 4-III-2020 | A | 1-X-2020 | | 1 | |
| **Poland** | | 13-II-1996 | A | 1-IX-1996 | | 4 | Res |
| **Portugal** | 5-VII-1971 | 27-XII-1973 | R | 25-II-1974 | | 2 | D |
| **Republic of Moldova** | | 4-VII-2012 | A | 1-II-2013 | | 2 | D,Res |
| **Republic of North Macedonia** | | 23-XII-2008 | A | 1-IX-2009 | | 1 | D,Res |
| **Romania** | | 21-VIII-2003 | A | 1-IV-2004 | | 2 | D |
| **Russian Federation** | | 1-V-2001 | A | 1-XII-2001 | | 4 | D,Res |
| *Saint Vincent and the Grenadines* | | 6-I-2005 | Su | 27-X-1979 | | 3 | D |
| *San Marino* | | 15-IV-2002 | A | 1-XI-2002 | | 3 | D |
| **Serbia** | | 2-VII-2010 | A | 1-II-2011 | | 2 | D |

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| *Seychelles* | | 18-XI-1980 | A | 1-VII-1981 | | 1 | D |
| **Slovakia** | | 15-III-1993 | Su | 1-I-1993 | | 4 | D |
| **Slovenia** | | 18-IX-2000 | A | 1-VI-2001 | | 1 | D,Res |
| **Spain** | 21-X-1976 | 4-VI-1987 | R | 3-VIII-1987 | | 3 | D |
| **Sri Lanka** | | 31-VIII-2000 | A | 1-VI-2001 | | 3 | D |
| **Sweden** | 4-II-1969 | 2-VIII-1969 | R | 1-X-1969 | | 2 | D |
| **Switzerland** | 21-V-1985 | 2-XI-1994 | R | 1-I-1995 | | 3 | D,Res |
| **Tunisia** | | 10-VII-2017 | A | 1-II-2018 | | 1 | D |
| **Turkey** | 11-VI-1968 | 28-II-1972 | R | 28-IV-1972 | | 3 | Res,D |
| **Ukraine** | | 1-II-2001 | A | 1-XII-2001 | | 3 | D,Res |
| **United Kingdom of Great Britain and Northern Ireland** | 10-XII-1965 | 17-XI-1967 | R | 10-II-1969 | 14 | 4 | D |
| **United States of America** | 15-XI-1965 | 24-VIII-1967 | R | 10-II-1969 | 1 | 1 | D |
| **Venezuela** | | 29-X-1993 | A | 1-VII-1994 | | 1 | D,Res |
| **Viet Nam** | | 16-III-2016 | A | 1-X-2016 | | 3 | D,N |

## Type

## Antigua and Barbuda Type Succession

By a Note of 1 May 1985 and received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 17 May 1985, the Government of Antigua and Barbuda informed the Ministry of Foreign Affairs that it does consider itself bound by the Convention, which had been declared applicable to Antigua by the Government of the United Kingdom of Great Britain and Northern Ireland on 20 May 1970. (See under United Kingdom extensions.) The date of entry into force is the date of independence of this State.

## Czech Republic Type Succession

On 28 January 1993, the Czech Republic declared itself to be bound by the Convention – including reservations and declarations made by Czechoslovakia – as of January 1, 1993, date of the division of Czechoslavakia.

## France Type Ratification

*Translation by the Permanent Bureau:*
France has declared that, in the absence of a declaration to the contrary, the Service Convention applies to the entire territory of the French Republic (see in this respect the Circular from the French Ministry of Justice dated 1 February 2006, which is accessible at the following address: http://www.entraide-civile-internationale.justice.gouv.fr). Consequently, besides Metropolitan France and the Overseas Departments (French Guyana, Guadeloupe, Reunion, Martinique), the Convention applies to all of the other French overseas territories.

## Saint Vincent and the Grenadines Type Succession

By a Note received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 6 January 2005, the Government of Saint Vincent and the Grenadines informed the Ministry of Foreign Affairs that it does consider itself bound by the Convention, which had been declared applicable to Saint Vincent by the Government of the United Kingdom of Great Britain and Northern Ireland on 20 May 1970. The date of entry into force is the date of independence of this State.

## Slovakia Type Succession

On 15 March 1993, the Slovak Republic declared itself to be bound by the Convention – including reservations and declarations made by Czechoslovakia as well as objections by Czechoslovakia in respect of reservations made by other treaty parties – as of January 1, 1993, date of the division of Czechoslovakia.

## United States of America Type Ratification

(Ratification for all the states of the United States, the District of Columbia, Guam, Puerto Rico and the Virgin Islands)

---

## Res/D/N

## Andorra Articles Declarations

**Declaration:**

*09-04-2018*
*(Translation)*
In accordance with the provisions of Article 21, the Principality of Andorra declares: (...)

c) The Principality of Andorra declares that, in accordance with Article 8, it is opposed to the service of documents effected directly by the diplomatic or consular agents of the Contracting States on persons who are not nationals of those States.

d) With regard to Article 15, paragraph 2, the Principality of Andorra declares that the judge may give judgment even if no certificate of service or delivery has been received, if all the provision of Article 15, paragraph 2, are fulfilled.

e) With regard to Article 16, paragraph 3, the Principality of Andorra declares that an application for relief will no longer be entertained if it is filed after the expiration of more than 1 year following the date of the judgment.

## Argentina Articles Declarations Reservations

**(Click here for the Central Authority designated by Argentina and other practical information)**

**Text of the declarations:**

"...

1- To Article 5, third paragraph: "The ARGENTINE REPUBLIC shall not accept documents to be served or transmitted unless they are accompanied by a translation into the Spanish language."

2- To Article 21, first paragraph, a): "The Argentine Government designates the Ministry of Foreign Affairs, International Trade and Worship as the Central Authority."

3- To Article 21, second paragraph, a): "The ARGENTINE REPUBLIC opposes to the use of methods of transmission pursuant to Article 10."

4- To Article 21, second paragraph b): "The Argentine Government accepts declarations pursuant to second paragraph of Article 15 and third paragraph of Article 16."

5- The ARGENTINE REPUBLIC rejects the claimed extension of application of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, adopted at The Hague on November 14, 1965, to the Malvinas, South Georgias and South Sandwich Islands as notified on May 20, 1970 by the UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND to the KINGDOM OF THE NETHERLANDS as Depositary of the Convention under the "Falkland Islands and dependencies" inaccurate denomination. Therefore, the ARGENTINE REPUBLIC similarly rejects the designation of the "Registrar of the Supreme Court" in the Malvinas Islands as application authority of this Convention which was made on that same opportunity, as well as any other act derived or that may be derived from this claimed territorial extension.

The General Assembly of the United Nations has recognized the existence of a dispute on the Malvinas, South Georgias and South Sandwich Islands sovereignty and has urged the ARGENTINE REPUBLIC and the UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND to hold negotiations in order to find, as soon as possible, a peaceful and definite solution to such dispute, with United Nations Secretary General's good offices mediation, who shall inform the General Assembly about the progress made (Resolutions 2065 (XX), 3160 (XXVIII), 31/49, 37/9, 38/12, 39/6, 40/21, 41/40, 42/19 and 43/25). The Special Committee on Decolonization having equally declared, has annually adopted a resolution which proclaims that to put and end to this colonial situation the negotiations must be resumed in order to peacefully and definitely solve this sovereignty dispute. The last of these resolutions was adopted on July 1, 1999.

The ARGENTINE REPUBLIC reaffirms its sovereignty on the Malvinas, South Georgias and South Sandwich Islands and its maritime surrounding areas which are an integral part of its national territory."

## Australia Articles Declarations

*Article 5, paragraph 3 - translation requirements*
Documents forwarded for service under a method prescribed in Article 5(a) and (b) must be written in or translated into English. A translation is not required where an addressee voluntarily accepts service of documents in another language and the Central or Additional Authority to which it was sent has no objection. In this circumstance, the Letter of Request must confirm that the documents forwarded for service are duly certified.

*Article 8*
Australia does not object to service upon a national who is not from the requesting State.

*Article 9*
The requirements set out in Articles 3 and 5 regarding use of the model form and translation apply for service via indirect consular channels.

*Article 10, paragraph a - service by postal channels*
Australia does not object to service by postal channels, where it is permitted in the jurisdiction in which the process is to be served. Documents forwarded via postal channels must be sent via registered mail to enable acknowledgement of receipt.

*Article 15, paragraph 2 - default judgments*
Australia accepts that a default judgment may be awarded against a defendant even if no evidence of service had been provided, if all of the conditions outlined in Article 15, paragraph 2, are satisfied.

*Article 16, paragraph 3 - relief from expiration of time for appeal*
An application for relief by a defendant from the effects of the expiration of the time to appeal will not be entertained if it is filed after the expiration of one year following the date of the judgment, except where it is determined otherwise by the Court seized by the matter.

*Article 17*
The requesting State must bear responsibility for costs incurred in the employment of a competent officer for the service of extrajudicial documents in Australia.

*Article 29 - external territories*
The Convention shall extend to all the States and Territories of Australia including external territories.

## Belgium Articles Declarations

**(Click here for the Central Authority designated by Belgium and other practical information)**

**Text of the declarations:**

(...)
3. Le Gouvernement belge s'oppose à l'usage sur le territoire belge de la faculté prévue à l'article 8, alinéa premier;
4. Le Gouvernement belge déclare se prévaloir de la disposition contenue dans l'article 15, alinéa 2;
5. Conformément à l'article 16, alinéa 3, le Gouvernement belge déclare que les demandes visées à l'article 16, alinéa 2, sont irrecevables si elles sont formées après l'expiration d'un délai d'un an à compter du prononcé de la décision; 19-03-2019
*(Translation)*
6. The Government of Belgium wishes to draw attention to the fact that any request for service filed in accordance with article 5, first paragraph, (a) or (b), requires the intervention of a judicial officer and that, in accordance with article 12, the applicant must pay €165 (including Belgian VAT) in advance for every document served on and intended for a natural or legal person. This payment must be made directly through a bank or financial institution in Belgium approved by the applicant's country; bank charges are to be borne by the applicant. If the VAT of the State of origin is applied to the costs of service under international regulations on value added tax, the judicial officer will reimburse any overpayment. Once it has received the application, the Belgian Central Authority will inform the applicant of the bank account to which the payment must be made and the file reference number to be quoted in communications. The applicant's submission of proof of payment to the Belgian Central Authority will enable the effective transmission of the request for service to a judicial officer with territorial jurisdiction.
The above rules concerning the payment amount, its prior transfer and the reimbursement of any overpayment also apply to service effected under article 10 (b) and (c)

## Botswana Articles Declarations

**(Click here for the Central Authority designated by Botswana and other practical information)**

**Text of the declarations:**

(...)
4. It is declared that the Government of Botswana objects to the method of service referred to in sub-paragraphs (b) and (c) of Article 10.

5. It is declared that a judge of the High Court of Botswana may give judgment if all the conditions specified in paragraph 2 of Article 15 are fulfilled.

The authorities designated will require all documents forwarded to them for service under the provisions of the Convention to be in triplicate and pursuant to the third paragraph of Article 5 of the Convention will require the documents to be written in, or translated into the English language.

By a Note dated 8 October 1974 the Office of the President of the Republic of Botswana declared that the authorities designated by Botswana in terms of the Convention require henceforth all documents forwarded to them for service to be in duplicate.

## Brazil Articles Declarations Reservations

**Reservations:**

*29-11-2018*
Reservation to Article 8: Brazil is opposed to the use of the methods of transmission of judicial and extrajudicial documents provided for in Article 8 of the Convention.

Reservation to Article 10: Brazil is opposed to the methods of transmission of judicial and extrajudicial documents provided for in Article 10 of the Convention.

**Declarations:**

*29-11-2018*
Declaration pursuant to Article 5, paragraph 3 and Article 7, paragraph 2: All documents transmitted to the Brazilian Central Authority in order to be served must necessarily be accompanied by a translation into Portuguese (except in the case of the standard terms in the model annexed to the Convention, referred to in Article 7, paragraph 1).

Declaration pursuant to Article 6: When Brazil is the requested State, the required certificate in the form of the model annexed to the Convention must be signed by the Judge who has jurisdiction or by the Central Authority designated in accordance with the provisions of Article 2 of the Convention.

## Bulgaria Articles Declarations

**(Click here for the Central Authority designated by Bulgaria and other practical information)**

**Text of the declarations:**

Declaration on Article 5, paragraph 3
The Republic of Bulgaria requires the document, which is to be served, to be written in or accompanied by a translation into the Bulgarian language.

Declaration on Article 8, paragraph 2
The Republic of Bulgaria declares that within Bulgarian territory foreign diplomatic and consular agents may effect service of judicial and extrajudicial documents only upon nationals of the State which they represent.

Declaration on Article 10
The Republic of Bulgaria objects to the use of the channels of transmission for service mentioned in Article 10 of the Convention.

Declaration on Article 15, paragraph 2
The judge gives judgment provided that all certificates under Article 15, paragraph 2, are available.

Declaration on Article 16, paragraph 3
The Republic of Bulgaria will not accept applications for relief concerning judgments under paragraph 1 of this article after the expiration of one year following the date of the judgment.

## Canada Articles Declarations

Click here for the Central Authorities designated by Canada and other practical information.

Declarations made pursuant to Articles 15, paragraph 2, and 16, paragraph 3.
1. <u>Stays of entry</u> (Article 15, paragraph 2)

Canada declares that the judges may give judgment under the conditions stated in Article 15 of the Convention.

2. <u>Relief from expiration of the period of time for appeal</u> (Article 16, paragraph 3)

Canada declares that an application filed under Article 16 of the Convention will not be entertained if it is filed after the expiration of one year following the date of the judgment, except in exceptional cases determined by the rules of the Court seized of the matter.

## China, People's Republic of Articles Declarations Notifications

**(Click here for the Authorities designated for the People's Republic of China and the Special Administrative Regions of Hong Kong and Macao, and other practical information)**

**Text of the declarations:**

**People's Republic of China**

(Courtesy translation)
"(...) 2. to declare according to the second paragraph of Article 8 that the means of service stipulated in the first paragraph of that Article may be used within the territory of the People's Republic of China only when the document is to be served upon a national of the State in which the documents originate.
3. to oppose the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention.
4. to declare in accordance with the second paragraph of Article 15 of the Convention that if all the conditions provided in that paragraph are fulfilled, the judge, notwithstanding the provisions of the first paragraph of that Article, may give judgment even if no certificate of service or delivery has been received.
5. to declare in accordance with the third paragraph of Article 16 of the Convention that the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment."

_____

**Special Administrative Region of Hong Kong (entry into force: 19 July 1970)**

The Convention had been extended to Hong Kong by the United Kingdom by Note dated 20 May 1970 (entry into force for Hong Kong: 19 July 1970), with the following declarations: "*(a)* In accordance with Article 18 of the Convention the Colonial Secretary of Hong Kong**\*** is designated as the Authority competent to receive requests for service in accordance with Article 2 of the Convention.

**\*** "The Colonial Secretary of Hong Kong" has been re-designated as "the Chief Secretary of Hong Kong" (May 1984).

*(b)* The authority competent under Article 6 of the Convention to complete the Certificate of Service is the Registrar of the Supreme Court of Hong Kong.


*(c)* In accordance with the provisions of Article 9 of the Convention the Registrar of the Supreme Court of Hong Kong is designated as the receiver of process sent through consular channels.

*(d)* With reference to the provisions of paragraphs *(b)* and *(c)* of Article 10 of the Convention, documents sent for service through official channels will be accepted in Hong Kong only by the central or additional authority and only from judicial, consular or diplomatic officers of other Contracting States.

*(e)* The acceptance by the United Kingdom of the provisions of the second paragraph of Article 15 of the Convention shall equally apply to Hong Kong.

The authorities designated above will require all documents forwarded to them for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language."

The Ministry of Foreign Affairs of the Kingdom of the Netherlands, depositary of the Convention, gave notice that on 16 June 1997 the Minister for Foreign Affairs of the Kingdom of the Netherlands received a Note dated 11 June 1997 from the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague and a Note dated 10 June 1997 from the Ambassador of the People's Republic of China at The Hague concerning Hong Kong.

The Note from the Ambassador of the United Kingdom of Great Britain and Northern Ireland reads as follows:

"Your Excellency,
I am instructed by Her Britannic Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs to refer to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which applies to Hong Kong at present.
I am also instructed to state that, in accordance with the Joint Declaration of the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the People's Republic of China on the Question of Hong Kong signed on 19 December 1984, the Government of the United Kingdom will restore Hong Kong to the People's Republic of China with effect from 1 July 1997. The Government of the United Kingdom will continue to have international responsibility for Hong Kong until that date. Therefore, from that date the Government of the United Kingdom will cease to be responsible for the international rights and obligations arising from the application of the Convention to Hong Kong.
I should be grateful if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)
(signed Rosemary Spencer)

The Note from the Ambassador of the People's Republic of China reads as follows:

(Translation)

"Your Excellency,

In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984, the People's Republic of China will resume the exercise of sovereignty over Hong Kong with effect from 1 July 1997. Hong Kong will, with effect from that date, become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.

In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to make the following notification:

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done on 15 November 1965 (hereinafter referred to as the "Convention"), by which the Government of the Kingdom of the Netherlands is designated as the depositary, to which the Government of the People's Republic of China deposited its instrument of accession on 3 May 1991, will apply to the Hong Kong Special Administrative Region with effect from 1 July 1997.

(...)

The Government of the People's Republic of China will assume responsibility for the international rights and obligations arising from the application of the Convention to the Hong Kong Special Administrative Region.

It would be appreciated if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)

(signed Zhu Manli, Ambassador Extraordinary and Plenipotentiary of the People's Republic of China to the Kingdom of the Netherlands)".

Declarations (articles 8 and 10):

1. In accordance with paragraph 2 of Article 8 of the Convention, it declares that the means of service referred to in paragraph 1 of this article may be used within the Hong Kong Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.

2. (...)

3. (...)

4. With reference to the provisions of sub-paragraphs b and c of Article 10 of the Convention, documents for service through official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or other authority designated, and only from judicial, consular or diplomatic officers of other Contracting States.

---

**Special Administrative Region of Macao (entry into force: 12 April 1999)**

By a Note dated 9 February 1999, Portugal had extended the Convention to *Macao*.

On 7 October 1999, Portugal communicated the following to the depositary:
"1. In accordance with Article 18 of the Convention, the Ministério Público de Macao is designated as the competent authority in Macao to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

The address of the Ministério Público de Macao is as follows:

Ministério Público de Macao
Praceta 25 de Abril
Macao
Phone: 326736
Fax: 326747
2. Court clerks (escrivães de direito) and deputy court clerks (escrivães adjuntos) from the Supreme Court of Justice (Tribunal Superior de Justiça) of Macao are entitled to complete in Macao the certificate provided for [in] Articles 6 and 9 of the Convention.

3. In accordance with the provisions of the second paragraph of Article 8 of the Convention, Portugal reiterates that it recognizes to the diplomatic or consular agents the right to forward documents, for the purpose of service, exclusively to the nationals of the State in which the documents originate.

4. The Ministério Público de Macao is also designated as the competent authority in Macao to receive documents forwarded through consular channels, in accordance with Article 9 of the Convention.

5. Portugal declares that the judges of the courts of Macao, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, may give judgment on whether the conditions referred to in the second paragraph of the same article are fulfilled.

6. In accordance with the third paragraph of Article 16 of the Convention, Portugal declares that the applications referred to in the second paragraph of Article 16 will not be entertained if they are filed after the expiration of one year following the date of the judgment."

The Ambassador of Portugal at The Hague informed the Minister for Foreign Affairs of the Kingdom of the Netherlands by letter of 26 November 1999 of the following:

"Upon instructions from my Government and referring to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which currently applies to Macao, I have the honour to inform Your Excellency of the following:
In accordance with the Joint Declaration of the Government of the Portuguese Republic and of the Government of the People's Republic of China on the question of Macao, signed in Beijing on 13 April 1987, the Government of the Portuguese Republic will remain internationally responsible for Macao until 19 December 1999, the People's Republic of China resuming from that date the exercise of sovereignty over Macao, with effect from 20 December 1999.
From 20 December 1999 the Portuguese Republic will cease to be responsible for the international rights and obligations arising from the application of the Convention in Macao. (...)"

The Ambassador of the People's Republic of China at The Hague informed the Minister for Foreign Affairs by letter of 10 December 1999 of the following:

(Translation)
" In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the Republic of Portugal on the Question of Macao signed on 13 April 1987, the Government of

the People's Republic of China will resume the exercise of sovereignty over Macao with effect from 20 December 1999. Macao will from that date become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.

In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to inform Your Excellency of the following:

The Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention), to which the Government of the People's Republic of China deposited the instrument of accession on 3 May 1991, shall apply to the Macao Special Administrative Region with effect from 20 December 1999.

(...)

The Government of the People's Republic of China shall assume the responsibility for the international rights and obligations arising from the application of the Convention to the Macao Special Administrative Region.

(...)".

Declarations (Articles 5, 8, 15 and 16)

1. (...)

2. In accordance with the second paragraph of Article 8 of the Convention, it declares that the means of service stipulated in the first paragraph of that article may be used within the Macao Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.

3. In accordance with the second paragraph of Article 15 of the Convention, it declares that if all the conditions provided in that paragraph are fulfilled, the judge of the Macao Special Administrative Region, notwithstanding the provisions of the first paragraph of that article, may give judgment even if no certificate of service or delivery has been received.

4. In accordance with the third paragraph of Article 16 of the Convention, it declares that in the Macao Special Administrative Region, the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment.

Furthermore, the Government of the People's Republic of China made the following supplementary declaration:

"In accordance with paragraph 3 of Article 5 of the Convention, it declares that documents to be served in the Macao Special Administrative Region under the first paragraph of Article 5 shall be written in either Chinese or Portuguese, or be accompanied by a translation in either Chinese or Portuguese".

## Colombia Articles Declarations

### 15-07-2016

With regard to Article 7, second paragraph, the Republic of Colombia would appreciate if State Parties fill out the corresponding blanks in models annexed to the present Convention, in Spanish.

## Croatia Articles Declarations Reservations

Declaration in accordance with Article 5 of the Convention:
The Republic of Croatia declares that documents served pursuant to Article 5, paragraph 1, should be accompanied by a translation into the Croatian language.

Declaration in accordance with Article 6 of the Convention:
The Republic of Croatia declares that municipal courts according to residence, abode, and headquarters of the addressee of documents are competent for the completion of the certificate of reception of documents.

Declaration in accordance with Article 8 of the Convention:
The Republic of Croatia declares that is opposed to direct service of judicial documents upon persons within its territory through foreign diplomatic or consular agents, unless the document is to be served upon a national of the State in which the document originate.

Declaration in accordance with Article 9 of the Convention:
The Republic of Croatia declares that the documents served in accordance with Article 9 of the Convention are forwarded to the Ministry of Justice of the Republic of Croatia for the purpose of service to parties.

Declaration in accordance with Article 10 of the Convention:
The Republic of Croatia declares that it is opposed to the mode of service specified in Article 10 of the Convention.

Declaration in accordance with Article 15 of the Convention:
The Republic of Croatia declares that Croatian courts may give a judgement if all the conditions set out in paragraph 2 of Article 15 of the Convention are fulfilled.

Declaration in accordance with Article 16 of the Convention:
The Republic of Croatia declares that applications for relief set out in Article 16 of the Convention will not be entertained if they are filed after the expiration of a period of one year following the date on which the judgement was given.

## Cyprus Articles Declarations

**(Click here for the Central Authority designated by Cyprus and other practical information)**

**Text of the declarations:**

By Note dated 5 January 1984 the Government of Cyprus made the following declarations:

"(...)
(d) Articles 8 and 10
No opposition to the methods of transmission of documents provided by these articles.

(e) Article 15
Declaration that judgment may be given if all conditions laid down in paragraph 2 are fulfilled.

(f) Article 16
Declaration pursuant to paragraph 3 that the application will not be entertained if it is filed after the expiration of one year from the date of the judgment.

(...)

## Czech Republic Articles Declarations Reservations

**(Click here for the Central Authority designated by the Czech Republic and other practical information)**

**28-01-1993**
The Czech Republic maintains the declarations made by Czechoslovakia.
**Text of the declarations made by the former Czechoslovakia:**

(Translation)
– in accordance with Article 8 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served directly through the diplomatic or consular agents of another Contracting State unless the document is to be served upon a national of the State in which the documents originate;
– in accordance with Article 10 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served by another Contracting State through postal channels nor through the judicial officers, officials or other competent persons;

– in accordance with Article 15, paragraph 2, of the Convention, Czechoslovakian judges may give judgment even if the conditions pursuant to Article 15, paragraph 1, have not been fulfilled;

– the provisions of Article 29 of the Convention concerning the extension of the Convention to territories for the international relations of which the Contracting States are responsible are at variance with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of 14 December 1960, and for this reason the Socialist Republic of Czechoslovakia does not consider itself to be bound by these provisions.

By Note dated 31 March 1982 and received at the Ministry of Foreign Affairs on 1 April 1982, the Embassy of the Czechoslovak Socialist Republic communicated the following with regard to the above-cited declaration concerning Article 29 of the Convention:

"This declaration cannot be considered a reserve in view of the fact that it does not follow other purposes than a similar declaration made at the ratification of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, though a different formulation was used.

By this declaration the Czechoslovak Socialist Republic expresses its disagreement of principle with the status of colonies and other dependent territories which is in contradiction with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of December 14, 1960. The Czechoslovak Socialist Republic, however, has no intention to exclude the application of the Convention on the relations with the territories on which the use of the Convention has been extended in accordance with its Art. 29."

## Denmark Articles Declarations

**(Click here for the Central Authority designated by Denmark and other practical information)**

**Text of the declarations:**

*(Translation)*
(...)
re Art. 10
Denmark is unable to recognize the method of effecting service set out in Art. 10, para. c.

re Art. 15
Denmark avails itself of the power, provided for in Art. 15, second paragraph, to declare that the judge may give judgment in a matter even if the provisions of Art. 15, first paragraph, are not fulfilled.

re Art. 16
Denmark avails itself of the power, provided for in Art. 16, third paragraph, to declare that an application will not be entertained if it is made after the expiration of a period of one year following the date of judgment.

The question of the re-hearing of a matter in which a person has been judged by default shall be decided in accordance with the rules of the code of procedure, Art. 373 and Art. 374, cf. Art. 434. According to these rules, any person against whom judgment is given by default in an action in first instance may apply for a re-hearing of the matter if he can prove that the default cannot be imputed to him. The application for a re-hearing should be filed as soon as possible and may not be submitted after the expiration of a period of one year following the date of judgment.

## Egypt Articles Reservations

**(Click here for the Central Authority designated by Egypt and other practical information)**

**Text of the declaration:**

The Government of the United Arab Republic opposes the use of the methods of transmitting abroad the Judicial and Extra-Judicial Documents according to Articles 8 and 10 of the Convention.

## Estonia Articles Declarations

**(Click here for the Central Authority designated by Estonia and other practical information)**

**Text of the declarations:**

1 The Republic of Estonia is against the way of forwarding referred to in point c of Article 10;
2 on the basis of Article 15 the judge may give judgement under the said conditions;
3 on the basis of paragraph 3 of Article 16 for a period of three years.

*30-04-2019*
Estonia takes note of the Declarations submitted by Ukraine on 16 October 2015 regarding the application of the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents (1961), the Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters (1965), the Convention on the taking of evidence abroad in civil or commercial matters (1970) and the Convention on the Civil Aspects of International Child
Abduction (1980) and the Convention on Jurisdiction, Applicable Law, Recognition, Enforcement and Co-operation in Respect of Parental Responsibility and Measures for the Protection of Children (1996) to the Autonomous Republic of Crimea and the city of Sevastopol and of the Declarations submitted by the Russian Federation on 19 July 2016 in relation to the Declarations made by Ukraine.

In relation to the Declarations made by the Russian Federation, Estonia declares, in line with the conclusions of the European Council of 20/21 March 2014, that it does not recognise the illegal referendum in Crimea and the illegal annexation of the Autonomous Republic of Crimea and the city of Sevastopol to the Russian Federation.

As regards the territorial scope of the above Conventions, Estonia therefore considers that the conventions in principle continue to apply to the Autonomous Republic of Crimea and the city of Sevastopol as part of the territory of Ukraine.

Estonia further notes the Declaration by Ukraine that the Autonomous Republic of Crimea and the city of Sevastopol are temporarily not under the control of Ukraine and that the application and implementation by Ukraine of its obligations under the Conventions is limited and not guaranteed in relation to this part of Ukraine's territory, and that only the central authorities of Ukraine in Kyiv will determine the procedure for relevant communication.

As a consequence of the above, Estonia declares that it will not engage in any direct communication or interaction with authorities in the Autonomous Republic of Crimea and the city of Sevastopol and will not accept any documents or requests emanating from such authorities or through the authorities of the Russian Federation, but will only engage with the central authorities of Ukraine in Kyiv for the purposes of the application and implementation of the conventions.

## Finland Articles Declarations

**(Click here for the Central Authority designated by Finland and other practical information)**

**Text of the declarations:**

"1. The Ministry of Justice has been designated Central Authority, pursuant to the first paragraph of Article 2 of the Convention.
2. The Central Authority (the Ministry of Justice) is acting as the authority presupposed in Art. 9 of the Convention.
3. Finnish authorities are not obliged to assist in serving documents transmitted by using any of the methods referred to in sub-paragraphs (b) and (c) of Art. 10 of the Convention."

*Additional information re translation requirements (Article 5)*
A translation is not required; however, if the addressee does not accept a document made out in a foreign language, service can only be effected if the document is translated into one of the official languages of Finland, i.e. Finnish or Swedish, or if the addressee must be deemed to understand the foreign language. Accordingly, f.ex. companies with international business relations must be deemed to understand English, German or French.

*19-09-2018*
The Government of Finland takes note of the Declarations submitted by Ukraine on 16 October 2015 regarding the application of the Convention on Civil Procedure (1954), the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents (1961), the Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters (1965), the Convention on the taking of evidence abroad in civil or commercial matters (1970), the Convention on the Civil Aspects of International Child Abduction (1980) and the Convention on Jurisdiction, Applicable Law, Recognition, Enforcement and Co-operation in Respect of Parental Responsibility and Measures for the Protection of Children (1996) and the Convention on the International Recovery of Child Support and Other Forms of Family Maintenance (2007) to the Autonomous Republic of Crimea and the city of Sevastopol and of the Declarations submitted by the Russian Federation on 19 July 2016 in relation to the Declarations made by Ukraine.

In relation to the Declarations made by the Russian Federation, Finland declares, in line with the conclusions of the European Council of 20/21 March 2014, that it does not recognise the illegal referendum in Crimea and the illegal annexation of the Autonomous Republic of Crimea and the city of Sevastopol to the Russian Federation.

As regards the territorial scope of the above Conventions, Finland therefore considers that the conventions in principle continue to apply to the Autonomous Republic of Crimea and the city of Sevastopol as part of the territory of Ukraine.

Finland further notes the Declaration by Ukraine that the Autonomous Republic of Crimea and the city of Sevastopol are temporarily not under the control of Ukraine and that the application and implementation by Ukraine of its obligations under the Conventions is limited and not guaranteed in relation to this part of Ukraine's territory, and that only the central authorities of Ukraine in Kyiv will determine the procedure for relevant communication.

As a consequence of the above, Finland declares that it will not engage in any direct communication or interaction with authorities in the Autonomous Republic of Crimea and the city of Sevastopol and will not accept any documents or requests emanating from such authorities or through the authorities of the Russian Federation, but will only engage with the central authorities of Ukraine in Kyiv for the purposes of the application and implementation of the said conventions.

## France Articles Declarations

**(Click here for the Central Authority designated by France and other practical information)**

**Text of the declarations:**

(...)
4) Le Gouvernement de la République française déclare s'opposer, ainsi qu'il est prévu à l'article 8, à la notification directe, par les soins des agents diplomatiques et consulaires des Etats contractants, des actes destinés à des personnes qui ne sont pas ressortissantes de ces Etats.
5) Le Gouvernement de la République française déclare que les dispositions du deuxième alinéa de l'article 15 reçoivent son agrément.

Il déclare, en outre, en se référant à l'article 16, alinéa 3, que la demande tendant au relevé de la forclusion résultant de l'expiration des délais de recours ne sera plus recevable si elle est présentée plus de douze mois après le prononcé de la décision.

N.B. France has declared that, in the absence of a declaration to the contrary, the Service Convention applies to the entire territory of the French Republic (see in this respect the Circular from the French Ministry of Justice dated 1 February 2006, which is accessible at the following address: http://www.entraide-civile-internationale.justice.gouv.fr). Consequently, besides Metropolitan France and the Overseas Departments (French Guyana, Guadeloupe, Reunion, Martinique), the Convention applies to all of the other French overseas territories. *(Translation by the Permanent Bureau)*

## Germany Articles Declarations

**(Click here for the Central Authority designated by Germany and other practical information)**

**Text of the declarations:**

(...)
The Central Authorities are empowered to have requests for service complied with directly by postal channels if the conditions for service in accordance with paragraph 1 (a) of Article 5 of the Convention have been fulfilled. In that case the competent Central Authority will hand over the document to the postal authorities for service. In all other cases the local court (Amtsgericht) in whose district the documents are to be served shall be competent to comply with requests for service. Service shall be effected by the registry of the local court.

Formal service (paragraph 1 of Article 5 of the Convention) shall be permissible only if the document to be served is written in, or translated into, the German language.

2. The Central Authority shall complete the certificate (paragraph 1 and 2 of Article 6 of the Convention) if it has itself arranged for the request for service to be complied with directly by postal channels; in all other cases this shall be done by the registry of the local court.

3. (...)

4. In accordance with paragraph 2 (a) of Article 21 of the Convention, the Government of the Federal Republic of Germany objects to the use of methods of transmission pursuant to Articles 8 and 10. Service through diplomatic or consular agents (Article 8 of the Convention) is therefore only permissible if the document is to be served upon a national of the State sending the document. Service pursuant to Article 10 of the Convention shall not be effected."

By a Note dated 19 November 1992, the Federal Republic of Germany made the following declaration:

"1. Notwithstanding the provisions of the first paragraph of Article 15, a German judge may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled:

– the document was transmitted by one of the methods provided for in this Convention,
– a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
– no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

2. An application for relief in accordance with Article 16 will not be entertained if it is filed after the expiration of one year following the termination of the time-limit which has not been observed."

*06-06-2018*
The Federal Republic of Germany takes note of the Declarations submitted by Ukraine on 16 October 2015 regarding the application of the Convention on Civil Procedure (1954), the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents (1961), the Convention on the service abroad of judicial and extrajudicial

documents in civil or commercial matters (1965), the Convention on the taking of evidence abroad in civil or commercial matters (1970), the Convention on the Civil Aspects of International Child Abduction (1980) and the Convention on Jurisdiction, Applicable Law, Recognition, Enforcement and Co-operation in Respect of Parental Responsibility and Measures for the Protection of Children (1996) and the Convention on the International Recovery of Child Support and Other Forms of Family Maintenance (2007) to the Autonomous Republic of Crimea and the city of Sevastopol and of the Declarations submitted by the Russian Federation on 19 July 2016 in relation to the Declarations made by Ukraine.

In relation to the Declarations made by the Russian Federation, the Federal Republic of Germany declares, in line with the conclusions of the European Council of 20/21 March 2014, that it does not recognise the illegal referendum in Crimea and the illegal annexation of the Autonomous Republic of Crimea and the city of Sevastopol to the Russian Federation.

Regarding the territorial scope of the above Conventions, the Federal Republic of Germany therefore considers that the Conventions in principle continue to apply to the Autonomous Republic of Crimea and the city of Sevastopol as part of the territory of Ukraine.

The Federal Republic of Germany further notes the Declarations by Ukraine that the Autonomous Republic of Crimea and the city of Sevastopol are temporarily not under the control of Ukraine and that the application and implementation by Ukraine of its obligations under the Conventions is limited and not guaranteed in relation to this part of Ukraine's territory, and that only the government of Ukraine will determine the procedure for relevant communication.

As a consequence of the above, the Federal Republic of Germany declares that it will only engage with the government of Ukraine for the purposes of the application and implementation of the conventions with regard to the Autonomous Republic of Crimea and the city of Sevastopol.

## Greece Articles Declarations

**(Click here for the Central Authority designated by Greece and other practical information)**

**Text of the declarations:**

(Translation)
The judges of the Hellenic Republic may give judgment if all the conditions in Article 15, paragraph 2, letters (a), (b) and (c), of the Convention are fulfilled even if no certificate of service or delivery has been received.

Greece declares that formal service will be effected only if the document to be served is written in, or translated into, Greek.

Greece is opposed to the method of service provided in Article 8, unless the document to be served is addressed to a citizen of the requesting State.

Greece is opposed to the method of services provided in Article 10.

**Declaration of 24 July 2009**

With respect to the declaration made by the former Yugoslav Republic of Macedonia relating to Article 5 of the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters of 1965, which was attached to its instrument of accession, Greece declares that all documents exchanged between Greece and the former Yugoslav Republic of Macedonia pursuant to this Convention shall continue to be written in or translated into the French language following the practice established in accordance with the 1959 Convention between Greece and the former Socialist Federal Republic of Yugoslavia concerning Mutual Legal Relations, which

remains in force between Greece and the former Yugoslav Republic of Macedonia by virtue of article 12 of the Interim Accord of 13 September 1995. Furthermore, the provisions of the Memorandum on "Practical Measures" related to the above Interim Accord concerning the official correspondence between the two countries shall continue to apply between them. Subject to this condition, Greece will not exercise its right to object to the accession by the former Yugoslav Republic of Macedonia to the 1965 Convention.

## Hungary Articles Declarations

**(Click here for the Central Authority designated by Hungary and other practical information)**

**Text of the declarations:**

To Article 2
In the Republic of Hungary the Ministry of Justice is designated as the Central Authority in accordance with Article 2 of the Convention.

To Article 5
The service methods prescribed in Paragraph 1 of Article 5 of the Convention shall only be applied in the Republic of Hungary in case the document to be served is accompanied by an official translation into the Hungarian language.

To Article 6
The certificate of service prescribed in Article 6 of the Convention is completed in the Republic of Hungary by the court that has performed such service.

To Article 8
The Republic of Hungary objects to the direct service of documents by foreign diplomatic or consular agents on the territory of the Republic of Hungary unless the addressee is a national of the sending state of the diplomatic or consular agent.

To Article 9
In accordance with Article 9 of the Convention in the Republic of Hungary the Ministry of Justice receives the documents to be served sent through consular channels.

To Article 10
The Republic of Hungary objects to the use of the service methods prescribed in Article 10 of the Convention.

To Article 15
The Republic of Hungary declares that the Hungarian courts may give judgement if all the conditions set out in Paragraph 2 of Article 15 of the Convention are fulfilled.

To Article 16
The Republic of Hungary declares that applications for relief set out in Article 16 of the Convention will not be entertained if it is filed more than one year after the date of judgement.

## Iceland Articles Declarations Reservations

Iceland objects to the use of such methods of service of documents on its territory as mentioned in paragraphs (b) and (c) of Article 10 of the Convention.
Iceland declares that a judge, notwithstanding the provisions of paragraph 1 of Article 15, may give judgment even if no certificate of service or delivery has been received, if all the conditions provided for in paragraph 2 of Article 15 have been fulfilled.
In accordance with Article 16, paragraph 3, of the Convention, Iceland declares that an application for relief will not be entertained if it is filed after the expiration of a period of one year following the date of the judgment.

## India Articles Declarations Reservations

All requests for service of documents should be in English language or accompanied by an English translation;

The service of judicial documents through diplomatic or consular channels will be limited to the nationals of the State in which the documents originate;

India is opposed to the methods of service provided in Article 10;

In terms of Article 15, Indian courts may give judgment if all conditions specified in the second paragraph of that Article are fulfilled; and

For purposes of Article 16, an application for relief will not be entertained if filed after the expiration of one year following the date of the judgment.

## Ireland Articles Declarations Reservations

**(Click here for the Central Authority designated by Ireland and other practical information)**

**Text of the declarations:**

Article 15
Pursuant to the second paragraph of Article 15 a Judge in Ireland may give judgment even if no certificate of service or delivery has been received, if the conditions set out in the second paragraph of Article 15 of the Convention are fulfilled.

Article 10
In accordance with the provision in Article 10 of the Convention the Government of Ireland objects to

(i) the freedom under Article 10(b) of judicial officers, officials or other competent persons of the State of origin to effect service in Ireland of judicial documents directly through judicial officers, officials or other competent persons and

(ii) the freedom under Article 10(c) of any person interested in a judicial proceeding to effect service in Ireland of judicial documents directly through judicial officers, officials or other competent persons,

but this is not intended to preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in Ireland directly through a solicitor in Ireland.

## Israel Articles Declarations Reservations

**(Click here for the Central Authority designated by Israel and other practical information)**

**Text of the declarations:**

(...)
b) The State of Israel, in its quality as State of destination, will, in what concerns Article 10, paragraphs b) and c), of the Convention, effect the service of judicial documents only through the Directorate of Courts, and only where an application for such service emanates from a judicial authority or from the diplomatic or consular representation of a Contracting State;

c) An application to relieve a defendant from the effects of the expiration of the time of appeal from a judgment within the meaning of Article 16 of the Convention will be entertained only if filed within one year from the date of the judgment in question."

## Italy Articles Declarations

**(Click here for the Central Authority designated by Italy and other practical information)**

**Text of the declarations:**

(...)
d) the costs proceeding from each request for service in accordance with Article 5, first paragraph, under a and b, which requires the employment of a bailiff, have to be paid in advance in the amount of 6,000 lira, subject to

adjustment at the time of return of the document served.

However, the costs in relation to the document served pursuant to Article 12, paragraph 2, of the Convention, can be paid after its return to the extent specifically fixed by the bailiff. The Italian State shall not require any advance or repayment of costs for service of documents requested by the Contracting States in so far as those States for their parts shall not require the payment or repayment of costs for documents originated from Italy.

## Japan Articles Declarations

**(Click here for the Central Authority designated by Japan and other practical information)**

**Declarations:**

*14-07-1970*
(4) It is declared that the Government of Japan objects to the use of the methods of service referred to in sub-paragraphs (b) and (c) of Article 10.

(5) It is declared that Japanese courts may give judgment if all the conditions specified in the second paragraph of Article 15 are fulfilled.

*21-12-2018*
In accordance with the provisions of Article 21 of the Convention, the Government of Japan hereby gives notice of its declaration of opposition to Article 8 and Article 10(a).

## Kazakhstan Articles Declarations

1) In accordance with the third paragraph of Article 5 of the Convention documents for service shall be accepted only if they are made in the Kazakh and/or Russian languages or accompanied by a translation in the defined languages;

2) An application for relief of the period referred to Article 16 of the Convention, will not be entertained if it is filed after the expiration of one year from the date of the court's decision.

## Korea, Republic of Articles Declarations Reservations

**(Click here for the Central Authority designated by the Republic of Korea and other practical information)**

**Text of the declarations:**

1. Pursuant to Article 8, the Republic of Korea objects to service of judicial documents directly through diplomatic or consular agents upon persons in its territory, unless the document is to be served upon a national of the State in which the documents originate.

2. Pursuant to Article 10, the Republic of Korea objects to the following:

a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination.
c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

3. Pursuant to Article 15, paragraph 2, the judge of the Republic of Korea may give judgment even if no certificate of service or delivery has been received if all the following conditions are fulfilled:

a) the document was transmitted by one of the methods provided for in this Convention,
b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

## Kuwait Articles Declarations Reservations

**(Click here for the Central Authority designated by Kuwait and other practical information)**

**Text of the declarations:**

"(...)
4. The opposition to methods of service of judicial documents mentioned in Article 8 and 10 of the Convention.
5. The reservation against Paragraph 2 of Article 15.
6. The understanding of Paragraph 3 of Article 16 of the Convention, as for the time limit, mentioned in this paragraph, is the time fixed by the law of the trial judge or one year following the date of judgment which ever is longer."

*Additional information received 29-VI-2005:*

"1. The Central Authority, which shall receive requests for service of documents, sent by the other contracting state, pursuant to Article 2 of the Convention, is the Ministry of Justice (International Relations Department). The State has the right to designate many central authorities, pursuant to Article 18 of the Convention.
2. The Ministry of Justice is the competent authority to complete a certificate, mentioned in Article 6 of the Convention.
3. The competent authority to receive documents mentioned in Article 9 of the Convention is the Ministry of Justice (International Relations Department)."

## Latvia Articles Declarations

**Declarations:**

In accordance with paragraph 2 and paragraph 3 of Article 5 of the Convention the Ministry of Justice of the Republic of Latvia as the Central Authority requires the document to be translated into the official language or into the language understandable to the addressee if the addressee has refused to accept the document in the cases provided for in the Civil Procedure Law of the Republic of Latvia.

In accordance with paragraph 2 of Article 8 of the Convention the Republic of Latvia declares that it is opposed to the service of documents under Article 8 of the Convention within its territory, unless the document is to be served upon a national of the State in which the documents originate.

In accordance with Article 10 of the Convention the Republic of Latvia does not object to the freedom to send a judicial document, by postal channels, directly to an addressee within the Republic of Latvia (paragraph (a) of Article 10) if the document to be served is in Latvian or it is accompanied by translation into Latvian and it is sent to the addressee using a registered postal letter (with an acknowledgement of receipt).

In accordance with Article 10 of the Convention the Republic of Latvia objects to the channels of transmission specified in paragraphs (b) and (c) of Article 10.

In accordance with paragraph 2 of Article 15 of the Convention court may render a judgment as stated by the Civil Procedure Law of the Republic of Latvia even if no certificate of service or delivery has been received, if all the conditions set out in the afore mentioned paragraph are fulfilled.

*04-04-2018*
The Ministry of Foreign Affairs of the Republic of Latvia [...] with reference to [...] the Convention on Civil Procedure (1954), the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents (1961), the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (1965), the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (1970), the Convention on the Civil Aspects of International Child Abduction (1980),and the Convention on Jurisdiction, Applicable Law, Recognition, Enforcement and Co-operation in Respect of Parental Responsibility and Measures for the Protection of Children

(1996) has to honour to convey the following.

The Government of the Republic of Latvia takes note of the Declarations submitted by Ukraine on 16 October 2015 regarding the application of the aforementioned Conventions to the Autonomous Republic of Crimea and the city of Sevastopol and of the Declarations submitted by the Russian Federation on 19 July 2016 in relation to the Declarations made by Ukraine.

In relation to the Declarations made by the Russian Federation, the Republic of Latvia declares, in line with the conclusions of the European Council of 20/21 March 2014, that it does not recognise the illegal referendum in Crimea and the illegal annexation of the Autonomous Republic of Crimea and the city of Sevastopol to the Russian Federation.

As regards the territorial scope of the above Conventions, the Republic of Latvia therefore considers that the Conventions in principle continue to apply to the Autonomous Republic of Crimea and the city of Sevastopol as part of the territory of Ukraine.

The Republic of Latvia further notes the Declarations by Ukraine that the Autonomous Republic of Crimea and the city of Sevastopol are temporarily not under the control of Ukraine and that the application and implementation by Ukraine of its obligations under the Convention is limited and not guaranteed in relation to this part of Ukraine's territory, and that only the central authorities of Ukraine in Kyiv will determine the procedure for relevant communication.

As a consequence of the above, the Republic of Latvia declares that it will not engage in any direct communication or interaction with authorities in the Autonomous Republic of Crimea and the city of Sevastopol and will not accept any documents or requests emanating from such authorities or through the authorities of the Russian Federation, but will only engage with the central authorities of Ukraine in Kiev for the purposes of the application and implementation of the convention.

*28-01-2019*
The Republic of Latvia informs that in accordance with Article 3 of the Convention it does not determine the competent authority or competent judicial officer to forward a request for service of documents to the foreign Central Authority.

In accordance with paragraph 1 of Article 6 of the Convention the Authority of the Republic of Latvia designated to complete a certificate in the form of themodel, annexed to the Convention, is the sworn bailiff competent for service of documents under the relevant Latvian laws and regulations.

## Lithuania Articles Declarations Reservations

### Declarations:

*16-06-2020*
The Government of the Republic of Lithuania takes note of the Declarations submitted by Ukraine on 16 October 2015 regarding the application of the Convention on Civil Procedure (1954), the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents (1961), the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (1965), the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (1970), the Convention on the Civil Aspects of International Child Abduction (1980) and the Convention on Jurisdiction, Applicable Law, Recognition, Enforcement and Co-operation in Respect of Parental Responsibility and Measures for the Protection of Children (1996) to the Autonomous Republic of Crimea and the city of Sevastopol and of the Declarations submitted by the Russian Federation on 19 July 2016 in relation to the Declarations made by Ukraine.

In relation to the Declarations made by the Russian Federation, the Government of the Republic of Lithuania declares, in line with the conclusions of the European Council of 20/21 March 2014, that it does not recognize the illegal referendum in Crimea and the illegal annexation of the Autonomous Republic of Crimea and the city of Sevastopol to the Russian Federation.

As regards the territorial scope of the above Conventions, the Government of the Republic of Lithuania therefore considers that the conventions in principle continue to apply to the Autonomous Republic of Crimea and the city of Sevastopol as part of the territory of Ukraine.

The Government of the Republic of Lithuania further notes the Declaration by Ukraine that the Autonomous Republic of Crimea and the city of Sevastopol are temporarily not under the control of Ukraine and that the application and implementation by Ukraine of its obligations under the Conventions is limited and not guaranteed in relation to this part of Ukraine's territory, and that only the central authorities of Ukraine in Kyiv will determine the procedure for relevant communication.

As a consequence of the above, the Government of the Republic of Lithuania declares that it will not engage in any direct communication or interaction with authorities in the Autonomous Republic of Crimea and the city of Sevastopol and will not accept any documents or requests emanating from such authorities or through the authorities of the Russian Federation, but will only engage with the central authorities of Ukraine in Kyiv for the purposes of the application and implementation of the said conventions.

*02-08-2000*

(...)

And whereas it is provided in Article 8 of the said Convention, the Republic of Lithuania declares that it opposes to the ways of service of documents provided in this Article, unless the documents are to be served upon a national of the State in which the documents originate; And whereas it is provided in Article 10 of the said Convention, the Republic of Lithuania declares that it is opposed to the ways of service of documents provided in this Article;

And whereas it is provided in paragraph 2 of Article 15 of the said Convention, the Republic of Lithuania declares that the judge of the Republic of Lithuania may give judgment even if no certificate of service or delivery has been received, if all conditions of paragraph 2 of Article 15 are fulfilled;

And whereas it is provided in paragraph 2 of Article 16 of the said Convention, the Republic of Lithuania declares that an application for relief will not be entertained if it is filed after the expiration of one year following the date of the final judgment; (...)

## Luxembourg Articles Declarations Reservations

**(Click here for the Central Authority designated by Luxembourg and other practical information)**

**Text of the declarations:**

(...)

2. In accordance with Article 8, the Luxembourg Government is opposed to diplomatic and consular agents directly serving within its territory judicial documents on persons other than nationals of their own country.

(3. In accordance with Article 10, the Luxembourg Government is opposed to judicial documents being sent through postal channels to persons residing within its territory *.

* Luxembourg communicated the withdrawal of this declaration by a Note dated 2 June 1978).

4. When foreign judicial documents are served, in connection with Articles 5 a) and 10 b) and c), through the intermediary of a Luxembourg official, they must be drawn up in French or German or accompanied by a translation into one of those languages.

5. The Luxembourg Government declares that notwithstanding the provisions of Article 15, para. 1, of the Convention, its judges can enter judgment if the conditions set out in para. 2 of the said Article are fulfilled.

6. In accordance with Article 16, para. 3, of the Convention, the Luxembourg Government declares that the applications referred to in para. 2 of the said Article will not be entertained if they are filed after the expiration of a period of one year following the date of the judgment.

## Malta Articles Declarations

Pursuant to Article 8 of the Convention, the Government of Malta declares, that it is opposed to service of documents within the territory of Malta effected directly through the diplomatic or consular agents of other Contracting States, in accordance with the first paragraph of the said Article 8, other than upon the national of the Contracting State effecting such service.

Pursuant to Article 10 of the Convention, the Government of Malta declares, that it is opposed to the use by other Contracting States of any of the methods of transmission and service of documents mentioned in the said Article 10 within its territory.

**17-09-2019**

[...] the date on which the aforementioned Convention became applicable to the Republic of Malta is 17 July 2018, on submission of NV 26/2018, in line with Article 3 of Council Decision (EU) 2016/414 of 10 March 2016 authorising the Republic of Malta to accede to the aforementioned Convention.

**18-07-2018**

Reference is made to the following declaration submitted by the Republic of Malta dated 1 August 2012 concerning the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (1965):
Malta declares that its accession to the Convention will only take effect upon the completion of procedures relating to the said accession within the European Union and, in particular, the adoption of a Council Decision authorising Malta to accede to this Convention. Once this adoption takes place, Malta will notify the depositary of the date when the said Convention will become applicable to Malta.
[...] the **Republic of Malta wishes to withdraw this declaration** in view of the Council Decision (EU) 2016/414 of 10 March 2016.

**01-08-2012**
Malta declares that its accession to the Convention will only take effect upon the completion of procedures relating to the said accession within the European Union and, in particular, the adoption of a Council Decision authorising Malta to accede to this Convention. Once this adoption takes place, Malta will notify the depositary of the date when the said Convention will become applicable to Malta.

## Mexico Articles Declarations

(Click here for the Central Authority designated by Mexico and other practical information)

**Declaration of May 2011:**

1.  The Government of the United Mexican States modifies the declarations made at the moment of acceding to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at The Hague on 15 November 1965, to read as follows:

I. In relation to Article 2, the Government of Mexico appoints the Directorate-General for Legal Affairs of the Ministry of Foreign Affairs as the Central Authority to receive requests for service of process of judicial and extrajudicial documents from other Contracting States who will forward them to the competent judicial authority for service.

II.  In relation to Article 5, where the judicial or extrajudicial documents written in a language other than Spanish are to be served in Mexican territory, they must be accompanied by the corresponding Spanish translation.

III.  In relation to Article 6, the competent judicial authority handling the request for service will also be responsible for issuing the certificate concerning the service of the document in accordance with the model form. The Central Authority will only validate the certificate.

IV.  In relation to Article 7, second paragraph, it will be much appreciated if the blanks of the forms could be filled in Spanish.

V.  In relation to Article 8, the Contracting States shall not be able to serve directly, nor perform the service process of judicial documents through its diplomatic or consular agencies in Mexican territory, unless the document is to be served upon a national of the State wherein the documents originate, provided that such procedure does not contravene the ordre public or violate constitutional rights.

VI.  In relation to Article 12, second paragraph, the costs incurred by serving judicial or extrajudicial documents will be covered by the applicant.

VII.  In relation to Article 15, second paragraph, the Government of Mexico does not recognize the power of the judicial authority to give judgment, where the defendant does not appear and there is no communication evidencing that the document was served or that documents originating outside the country were indeed delivered, as referred in to sub-paragraphs a) and b) of the first paragraph.

VIII.  In relation to Article 16, third paragraph, the Government of Mexico declares that such an application shall not be entertained if it is filled later than a year following the date of the judgment, or a longer period which the judge may deem reasonable. The Government of Mexico shall understand that, in cases in which sentence has been passed without the defendant having been duly served, the annulment of the proceedings shall be established under the provisions of the applicable legislation.

2.  In accordance with Article 21, second paragraph, subparagraph a), Mexico declares that it is opposed to the use in its territory of the methods of transmission provided for in Article 10.

**Declaration of 24 January 2002:**
(…) besides English and French, request forms addressed to the Mexican Central Authority should be filled in Spanish, according to Article 5 of the Convention.

**Declarations made at the moment of accession (1999):**
*(Courtesy translation)*
II. In relation to Article 5, when the judicial and extrajudicial documents to be served in Mexican territory are written in a language other than Spanish, they must be accompanied by the corresponding translation.

IV. In relation to Article 8, the contracting States shall not be able to effect service of judicial documents directly through its diplomatic or consular agencies in Mexican territory, unless the document is to be served upon a national of the State in which the documents originate and provided that such a procedure does not contravene public law or violate individual guarantees.

V. In relation to Article 10, the United Mexican States are opposed to the direct service of documents through diplomatic or consular agents to persons in Mexican territory according to the procedures described in sub-paragraphs a), b) and c), unless the Judicial Authority exceptionally grants the simplification different from the national regulations and provided that such a procedure does not contravene public law or violate individual guarantees. The request must contain the description of the formalities whose application is required to effect service of the document.

VI. In relation to the first paragraph of Article 12, the costs occasioned by serving judicial or extrajudicial documents will be covered by the applicant, unless the State in which the documents originate does not demand payment for those services from Mexico.

VII. In relation to Article 15, second paragraph, the Government of Mexico does not recognize the faculty of the Judicial Authority to give judgement when the defendant has not appeared and there is no communication establishing that the document was served, or that documents originating outside the country were indeed delivered, according to sub-paragraphs a) and b) of the first paragraph.

VIII. In relation to Article 16, third paragraph, the Government of Mexico declares that such an application will not be admitted if it is filed later than a year following the date of the decision, or a longer period which the judge may deem reasonable.

The Government of Mexico will understand that, in cases in which sentence has been passed without the defendant having been duly summoned, the nullity of the proceedings will be established under the provisions of the applicable legislation.

## Monaco Articles Declarations

*Translation*

1. The Principality of Monaco declares, as provided in article 8, that it is opposed to the service of judicial documents directly through the diplomatic or consular agents of the contracting States upon persons who are not nationals of these States.

2. The Principality of Monaco declares that it objects to the exercise of the freedom described in article 10, paragraph 1 (a).

3. The Principality of Monaco declares that it approves the dispositions laid down in article 15, paragraph 2.

4. With regard to article 16, paragraph 3, the Principality of Monaco declares that an application to relieve a defendant who has not appeared from the effects of the expiration of the time for appeal will no longer be entertained if it is filed more than twelve months after the date of the judgment.

## Montenegro Articles Declarations

[...]

b) Montenegro is opposed to effect service directly through foreign diplomatic or consular agents in accordance with Article 8 of the Convention, unless the document is to be served upon a national of the State in which the documents originate;

c) Montenegro is opposed to methods of transmission pursuant to Article 10 of the Convention;

d) Courts in Montenegro can give the judgment if conditions pursuant to the second paragraph of Article 15 are fulfilled;

e) the application (*restitutio in integrum*) will not be entertained after one year following the date of the judgment;

[...].

## Netherlands Articles Declarations

**(Click here for the Central Authority designated by the Netherlands and other practical information)**

**Text of the declarations:**

(...)

5. Notwithstanding the provisions of Article 15, paragraph 1, of the Convention, the Netherlands Court may give judgment, even if no certificate of service or delivery has been received, if all the following conditions are fulfilled:

a) the document was transmitted by one of the methods provided for in this Convention;

b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document;

c) no certificate, either of service or of delivery, has been received even though every reasonable effort has been made to obtain it through the competent authorities.

6. An application for relief from the effects of the expiration of the time for appeal as provided for in Article 16 is only admissible if it is submitted within a year, to be calculated from the date on which the judgment is given.

## Nicaragua Articles Declarations

**Declarations:**
*20-04-2020*
*(Translation)*

Article 2
Nicaragua interprets the Convention's provisions as being applicable as well to family law, in accordance with Article 1 of said Convention, in view of the fact that at the date of the Convention's signature family-law institutions were part of civil law, so that Nicaragua understands that it was the intention of the Parties not to exclude family-law matters.

Article 3
Nicaragua declares that it is opposed to the service of judicial documents within its territory under Article 8, second paragraph of the Convention.

Article 4
Nicaragua declares that it objects to the forms and channels of sending and service of documents set out in Article 10 (a), (b) and (c) of the Convention.

Article 5
Nicaragua declares that it accepts the provisions of Article 15, second paragraph of the Convention.

Article 6
Nicaragua declares that in accordance with Article 16, third paragraph of the Convention, an application for relief will not be entertained if it is filed after the expiration of a period of one year following the date that the judgment has been entered.

## Norway Articles Declarations Reservations

**(Click here for the Central Authority designated by Norway and other practical information)**

**Text of the declarations:**

(...)
4. The Government of Norway is opposed to the use of such methods of service or transmission of documents on its territory as mentioned in Articles 8 and 10 of the Convention.

5. Norwegian courts may give judgment when all the conditions specified in the second paragraph of Article 15 are fulfilled.

6. In accordance with the third paragraph of Article 16, application for relief according to Article 16 will not be entertained if they are delivered to the competent Norwegian authorities after the expiration of three years following the date of the judgment.

## Pakistan Articles Declarations

**(Click here for the Central Authority designated by Pakistan and other practical information)**

(...)

For the purposes of Article 8 of the Convention it is hereby declared that the Government of Pakistan is opposed to service of judicial documents upon persons, other than nationals of the requesting States, residing in Pakistan, directly through the Diplomatic and Consular agents of the requesting States. However, it has no objection to such service by postal channels directly to the persons concerned (Article 10(a)) or directly through the judicial officers of Pakistan in terms of Article 10(b) of the Convention if such service is recognised by the law of the requesting State.

In terms of the second paragraph of Article 15 of the Convention, it is hereby declared that notwithstanding the provision of the first paragraph thereof the judge may give judgment even if no certificate of service or delivery has been received, if the following conditions are fulfilled:

a) the document was transmitted by one of the methods provided for in the Convention;
b) the period of time of not less than 6 months, considered adequate by the judge in the particular case, has elapsed since the date of transmission of the document; and
c) no certificate of any kind has been received even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

As regards Article 16, paragraph 3, of the Convention it is hereby declared that in case of ex-parte decisions, an application for setting it aside will not be entertained if it is filed after the expiration of the period of limitation prescribed by law of Pakistan.

## Poland Articles Reservations

**(Click here for the Central Authority designated by Poland and other practical information)**

**Text of the declaration:**

*(Translation)*
The Republic of Poland has decided to join the Convention, declaring that it is opposed to the modes of service specified in Articles 8 and 10 within its territory.

## Portugal Articles Declarations

**(Click here for the Central Authority designated by Portugal and other practical information)**

**Text of the declarations:**

*(Translation)*
(...)
In accordance with Article 8, paragraph 2, of the Convention, the Portuguese government grants diplomatic and consular agents the power to serve documents on their own nationals only.

The Portuguese Government declares that, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, its judges may give judgment if the conditions listed in paragraph 2 of the said Article are fulfilled.

In accordance with Article 16, paragraph 3, of the Convention, the Portuguese Government states that the applications referred to in Article 16, paragraph 2, will not be considered if they are made after the expiration of a period of one year from the date of the judgment.

*13-03-2018*

The Government of the Portuguese Republic takes note of the Declaration submitted by Ukraine on 16 October 2015 regarding the application of Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at The Hague, on 15 November 1965, to the "Autonomous Republic of Crimea" and the city of Sevastopol and of the Declaration submitted by the Russian Federation on 19 July 2016 in relation to the Declaration made by Ukraine.

In relation to the Declaration made by the Russian Federation, the Government of the Portuguese Republic declares, in line with the conclusions of the European Council of 20/21 March 2014, that it does not recognise the illegal referendum in Crimea and the illegal annexation of the "Autonomous
Republic of Crimea" and the city of Sevastopol to the Russian Federation.

As regards the territorial scope of the above Convention, the Government of the Portuguese Republic therefore considers that the Convention in principle continues to apply to the "Autonomous Republic of Crimea" and the city of Sevastopol as part of the territory of Ukraine.

The Government of the Portuguese Republic further notes the Declaration by Ukraine that the "Autonomous Republic of Crimea" and the city of Sevastopol are temporarily not under the control of Ukraine and that the application and implementation by Ukraine of its obligations under the Convention is limited and not guaranteed in relation to this part of Ukraine's territory, and that only the central authorities of Ukraine in Kiev will determine the procedure for relevant communication.

As a consequence of the above, the Government of the Portuguese Republic declares that it will not engage in any direct communication or interaction with authorities in the Autonomous Republic of Crimea and the city of Sevastopol and will not accept any documents or requests emanating from such authorities or through the authorities of the Russian Federation, but will only engage with the central authorities of Ukraine in Kiev for the purposes of the application and implementation of the convention.

## Republic of Moldova Articles Declarations Reservations

1. According to the article 5 paragraph 3 of the convention, the service of the document within the territory of the Republic of Moldova will be allowed only if the document which is to be served is written or translated into the official language of the Republic of Moldova.
2. The Republic of Moldova declares that it is opposed upon modalities of service of judicial documents within its territory mentioned in the article 8 paragraph 1 of the convention, except the case when the document is to be served upon a national of the state in which the documents originate, and upon modalities of transmitting of the documents mentioned in the article 10 of the convention.
3. According to the article 15 paragraph 2 of the convention, the Republic of Moldova declares that the judges of the Republic of Moldova may give judgment even if no certificate of service or delivery has been received, if all the conditions mentioned in this paragraph are fulfilled.
4. According to article 16 paragraph 3 of the convention, the Republic of Moldova declares that the writ of summons submitted in the conditions of the article 16 of the convention will be not entertained if it is filed after one year following the date of the judgment.

## Republic of North Macedonia Articles Declarations Reservations

The Republic of Macedonia declares that all documents which are served pursuant to Article 5, paragraph 1, of the Convention should be written in or translated into, the Macedonian language according to the Article 7 of the Constitution of the Republic of Macedonia dated 17 November 1991.**
In accordance with Article 6 of the Convention, the Republic of Macedonia declares that the courts of first instance in the Republic of Macedonia shall be competent to complete the certificate in the form of the model annexed to this Convention.
In accordance with Article 15 of the Convention, the Republic of Macedonia declares that courts in the Republic of Macedonia may give judgment if all the conditions set out in paragraph 2 of Article 15 of the Convention are fulfilled.
In accordance with Article 16, paragraph 3, of the Convention the Republic of Macedonia declares that an application for relief set out in Article 16 of the Convention will not be entertained if it is filed after the expiration of a period of one year following the date when the judgement was given.

In accordance with paragraph 2(a) of Article 21 of the Convention, the Republic of Macedonia objects to the use of methods of service pursuant to Article 8 and 10.

In accordance with Article 8, paragraph 2, of the Convention, within the territory of the Republic of Macedonia judicial documents may not be served directly through the diplomatic or consular agents of another Contracting State unless the document is to be served upon a national of the State in which the documents originate.

The Republic of Macedonia objects to the use of the service methods prescribed in Article 10 of the Convention.

The Republic of Macedonia declares that the documents served in accordance with Article 9 of the Convention are forwarded to the Ministry of Justice of the Republic of Macedonia for the purpose of service to the parties.

_____

**\*** See also the declaration made by Greece on 27 July 2009.

## Romania Articles Declarations

**(Click here for the Central Authority designated by Romania and other practical information)**

**Text of the declarations:**

(...)

3. In accordance with Article 8, paragraph 2, of the Convention, Romania declares that the foreign diplomatic and consular agents can effect service of judicial or extrajudicial documents within the territory of Romania, exclusively upon nationals of the state they represent.

4. In accordance with Article 16, paragraph 3, of the Convention, Romania shall not entertain the application pursuant to Article 16, paragraph 2, if these are filed after the expiration of a period of one year following the date of the judgment."

*14-06-2018*

Romania takes note of the Declarations submitted by Ukraine on 16 October 2015 regarding the application of the Convention on Civil Procedure (1954), the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents (1961), the Convention on the Civil Aspects of International Child Abduction (1980), the Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters (1965) and the Convention on Jurisdiction, Applicable Law, Recognition, Enforcement and Co-operation in Respect of Parental Responsibility and Measures for the Protection of Children (1996) to the "Autonomous Republic of Crimea" and the city of Sevastopol and of the Declarations submitted by the Russian Federation on 19 July 2016 in relation to the Declarations made by Ukraine.

In relation to the Declarations made by the Russian Federation, Romania declares, in line with the conclusions of the European Council of 20/21 March 2014, that it does not recognise the illegal referendum in Crimea and the illegal annexation of the "Autonomous Republic of Crimea" and the city of Sevastopol to the Russian Federation.

As regards the territorial scope of the above Conventions, Romania therefore considers that the Conventions in principle continue to apply to the "Autonomous Republic of Crimea" and the city of Sevastopol as part of the territory of Ukraine.

Romania further notes the Declarations by Ukraine that the "Autonomous Republic of Crimea" and the city of Sevastopol are temporarily not under the control of Ukraine and that the application and implementation by Ukraine of its obligations under the Conventions is limited and not guaranteed in relation to this part of Ukraine's territory, and that only the central authorities of Ukraine in Kiev will determine the procedure for relevant communication.

As a consequence of the above, Romania declares that it will not engage in any direct communication or interaction

with authorities in the Autonomous Republic of Crimea and the city of Sevastopol and will not accept any documents or requests emanating from such authorities or through the authorities of the Russian Federation, but will only engage with the central authorities of Ukraine in Kiev for the purposes of the application and implementation of the conventions.

## Russian Federation Articles Declarations Reservations

**(Click here for the Central Authority designated by the Russian Federation and other practical information)**

**Text of the declarations** (click here for the original text of the declarations to the Convention made by the Russian Federation)**:**

"In conformity with Article 21 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 15 November 1965 (hereinafter referred to as the Convention) the Russian Federation thus informs the Ministry of Foreign Affairs of the Kingdom of Netherlands of the following.

I. The Ministry of Justice of the Russian Federation is designated as the Central Authority for the purposes of Article 2 of the Convention, as well as the authority competent to receive documents transmitted by consular channels, pursuant to Article 9 of the Convention.

Contact details: click here.

II. The following authorities are competent to forward requests in accordance with Article 3 of the Convention:
- Federal courts (the Constitution Court of the Russian Federation; the Supreme Court of the Russian Federation; the supreme courts of Republics, the courts of Krai (Territory) and Oblast (Region), the courts of cities of federal importance (Moscow and St. Petersburg), the courts of Autonomous Oblast and Autonomous Okrug, regional courts, military and specialized courts, which form the system of federal courts of common jurisdiction; The Higher Arbitration Court of the Russian Federation, federal arbitration courts of Okrug (arbitration cassation courts), arbitration appellate courts, arbitration courts of the subjects of the Russian Federation, which form the system of federal arbitration courts), constitutional (charter) courts and Justices of the Peace of the subjects of the Russian Federation;
- Federal bodies of executive power and bodies of executive power of the subjects of the Russian Federation;
- The Procurator's Office of the Russian Federation;
- Civilian registry offices;
- Notaries and other officials authorised to perform notary functions;
- Guardianship and trusteeship bodies;
- Members of advocacy.

III. Pursuant to the third paragraph of Article 5 of the Convention documents to be served within the territory of the Russian Federation shall only be accepted if they have been written in, or translated into, the Russian language. Forms of the request for service, the certificate of service, and the document summary (with standard terms translated into Russian) are attached. Filling the blanks in Russian is most appreciated.

IV. It is highly desirable that documents intended for service upon the Russian Federation, the President of the Russian Federation, the Government of the Russian Federation, the Ministry of Foreign Affairs of the Russian Federation are transmitted through diplomatic channels, i.e. by Notes Verbales of diplomatic missions of foreign States accredited in the Russian Federation.

V. Pursuant to Article 8 of the Convention, diplomatic and consular agents of foreign States are not permitted to effect service of documents within the territory of the Russian Federation, unless the document is to be served upon a national of the State in which the documents originate.

VI. Service of documents by methods listed in Article 10 of the Convention is not permitted in the Russian Federation.

VII. Certificates of service provided for by Article 6 of the Convention are completed and countersigned by the courts of the Russian Federation which directly execute requests for service of documents.

VIII. The Russian Federation assumes that in accordance with Article 12 of the Convention the service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed. Collection of such costs (with the exception of those provided for by subparagraphs a) and b) of the second paragraph of Article 12) by any Contracting State shall be viewed by the Russian Federation as refusal to uphold the Convention in relation to the Russian Federation, and, consequently, the Russian Federation shall not apply the Convention in relation to this Contracting State.

IX. In accordance with the legislation of the Russian Federation the courts of the Russian Federation may give judgments pursuant to the second paragraph of Article 15 of the Convention."

*19-07-2016*
*Unofficial translation*
Statement on the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters
"Reaffirming its firm commitment to respect and fully comply with generally recognised principles and rules of international law, the Russian Federation, with reference to the declaration of Ukraine of 16 October 2015 regarding the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, states the following.
The Russian Federation rejects to the above mentioned declaration of Ukraine and states that it cannot be taken into consideration as it is based on a bad faith and incorrect presentation and interpretation of facts and law.
The declaration of Ukraine regarding "certain districts of the Donetsk and Luhansk oblasts of Ukraine" cannot serve as a justification for non-compliance with its obligations, disregard for humanitarian considerations, refusal or failure to take necessary measures to find practical solutions for issues that have a very serious and direct impact on the ability of residents of those regions to exercise their fundamental rights and freedoms provided for by international law.
The declaration of independence of the Republic of Crimea and its voluntary accession to the Russian Federation are the result of a direct and free expression of will by the people of Crimea in accordance with democratic principles, a legitimate form of exercising their right to self-determination given an aided from abroad violent coup d'état in Ukraine which caused rampant radical nationalist elements not hesitating to use terror, intimidation and harassment against both its political opponents and the population of entire regions of Ukraine.
The Russian Federation rejects any attempts to call into question an objective status of the Republic of Crimea and the city of Sevastopol as constituent entities of the Russian Federation, the territories of which are an integral part of the territory of the Russian Federation under its full sovereignty. Thus, the Russian Federation reaffirms that it fully complies with its international obligations under the Convention in relation to this part of its territory".

## Saint Vincent and the Grenadines Articles Declarations

The Government of Saint Vincent and the Grenadines declares that it is opposed to the channels of transmission provided for in Article 10*(b)* and *(c)* of the Convention.

The Government of Saint Vincent and the Grenadines declares that the provisions of the second paragraph of Article 15 of the Convention shall apply to Saint Vincent and the Grenadines.

The Central Authority will require all documents forwarded to it for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language.

## San Marino Articles Declarations

**(Click here for the Central Authority designated by San Marino and other practical information)**

(...)

4. In conformity with Article 21, second paragraph, letter a), the Republic of San Marino declares its opposition to the use of methods of transmission pursuant to Articles 8 and 10.

5. In conformity with Article 21, second paragraph, letter b), the Republic of San Marino declares pursuant to the second paragraph of Article 15, that its judges, notwithstanding the provisions of the first paragraph of said Article, may give judgment even if no certificate of service or delivery has been received, if all the conditions referred to in letters a), b) and c) are fulfilled.

## Serbia Articles Declarations

In accordance with Article 21 of the Convention, Republic of Serbia declares:

a) Way of service prescribed by paragraph 1 of the Article 5 of the Convention will be applied in the Republic of Serbia if the document(s) for which its service is requested is accompanied with official translation into Serbian.

b) Receipt on delivery prescribed by Article 6 of the Convention in the Republic of Serbia makes the Competent Court which is also competent for service of document(s).

c) Republic of Serbia is against directly document service on its territory performed by foreign diplomatic or consular Representatives in accordance with Article 8 of the Convention, except if the Recipient is Citizen of diplomatic or consular Representative's Country.

d) Republic of Serbia is against the way of service (delivery) prescribed in Article 10 a) and c) of the Convention.

e) Republic of Serbia declares that all Courts in the Republic of Serbia can pronounce verdicts if all conditions are fulfilled in accordance with paragraph 2 of the Article 15 of the Convention.

f) Republic of Serbia declares that the Request for return to previous state prescribed in Article 16 of the Convention will be rejected as unallowed if is submitted after expiration of one year from the day of pronounce of verdict.

## Seychelles Articles Declarations

**(Click here for the Central Authority designated by the Seychelles and other practical information)**

(...)

(ii) Article 8

The Government of the Republic of Seychelles declares that it is opposed to service by a Contracting State of judicial documents upon persons abroad, without application of any compulsion, directly through the diplomatic or consular agents of that Contracting State unless the document is to be served upon a national of the State in which the documents originate.

(iii) Article 10

The Government of the Republic of Seychelles declares that it objects to paragraphs (b) and (c) of this Article, in so far as they permit service of judicial documents through officials or persons other than judicial officers.

(iv) Article 15

The Government of the Republic of Seychelles declares that notwithstanding the provisions of the first paragraph of this Article, the judge may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled:

a) the document was transmitted by one of the methods provided for in this Convention,

b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

(v) Article 16

The Government of the Republic of Seychelles declares that it will not entertain an application for relief if filed later than one year following the date of the judgment.

## Slovakia Articles Declarations

**(Click here for the Central Authority designated by Slovakia and other practical information)**

**Text of the declarations (made by the former Czechoslovakia):**

(Translation)
– in accordance with Article 8 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served directly through the diplomatic or consular agents of another Contracting State unless the document is to be served upon a national of the State in which the documents originate;

– in accordance with Article 10 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served by another Contracting State through postal channels nor through the judicial officers, officials or other competent persons;

– in accordance with Article 15, paragraph 2, of the Convention, Czechoslovakian judges may give judgment even if the conditions pursuant to Article 15, paragraph 1, have not been fulfilled;

– the provisions of Article 29 of the Convention concerning the extension of the Convention to territories for the international relations of which the Contracting States are responsible are at variance with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of 14 December 1960, and for this reason the Socialist Republic of Czechoslovakia does not consider itself to be bound by these provisions.

By Note dated 31 March 1982 and received at the Ministry of Foreign Affairs on 1 April 1982, the Embassy of the Czechoslovak Socialist Republic communicated the following with regard to the above-cited declaration concerning Article 29 of the Convention:

"This declaration cannot be considered a reserve in view of the fact that it does not follow other purposes than a similar declaration made at the ratification of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, though a different formulation was used.
By this declaration the Czechoslovak Socialist Republic expresses its disagreement of principle with the status of colonies and other dependent territories which is in contradiction with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of December 14, 1960. The Czechoslovak Socialist Republic, however, has no intention to exclude the application of the Convention on the relations with the territories on which the use of the Convention has been extended in accordance with its Art. 29.

## Slovenia Articles Declarations Reservations

**18 December 2012**

In accordance with Article 8, paragraph 2, of the Convention, the Republic of Slovenia declares that diplomatic and consular agents of foreign States are not permitted to effect the service of documents within the territory of Slovenia unless the document is to be served upon a national of the State in which the documents originate.

In accordance with Article 10 of the Convention, the Republic of Slovenia declares that the service of documents pursuant to Article 10, item a), is only permitted if judicial documents are sent to the addressee by registered letter with acknowledgement of receipt and the documents are written in, or accompanied by, a translation into the Slovene language.

In accordance with Article 10 of the Convention, the Republic of Slovenia objects to the use of the methods of transmission pursuant to Article 10, items b) and c).

In accordance with Article 15, paragraph 2, of the Convention, the Republic of Slovenia declares that notwithstanding the provisions of Article 15, paragraph 1, a Slovenian judge may give judgment even if no certificate of service or delivery has been received, if all conditions under Article 15, paragraph 2, of the Convention have been met.

In accordance with Article 16, paragraph 3, of the Convention, the Republic of Slovenia declares that applications for relief as set out in Article 16 of the Convention will not be entertained if filed more than one year following the date of judgment.

## Spain Articles Declarations

**(Click here for the Central Authority designated by Spain and other practical information)**

**Text of the declarations:**

1) El Estado español declara que sus Jueces, no obstante las disposiciones del párrafo 15, podrán proveer a pesar de no haber recibido notificación alguna acreditativa de la notificación o de la remisión de documentos si se dan los requisitos previstos en el citado artícula 15, párrafo 2.

2) El Estado español declara que el plazo de preclusión a que se refiere el artículo 16 es de dieciséis meses a computar desde la fecha de la resolución.

(Translation)
1) The Spanish State declares that its judges, notwithstanding the provisions of Article 15, may give judgment even if no certificate of service or delivery of documents has been received, if all the conditions enumerated in the said Article 15, paragraph 2, are fulfilled.

2) The Spanish State declares that the time of expiration, referred to in Article 16, is sixteen months from the date of the judgment.

## Sri Lanka Articles Declarations

**(Click here for the Central Authority designated by Sri Lanka and other practical information)**

**Text of the declarations:**

(...)
c) For purposes of Article 7, the documents should be in the English language.
d) For purposes of Article 8, the service of judicial documents through diplomatic or consular channels should be limited only in respect of the nationals of the State in which the documents originate.
(...)
f) For purposes of Article 10, Sri Lanka has no objection to the procedure set out in paragraph (b) thereof. However it does not agree to the procedure set out in paragraphs (a) and (c).
g) In terms of Article 15, Sri Lanka wishes to declare that the Judge may proceed to give judgement even if no certificate of service or delivery has been received, provided the conditions set out in Article 15 are fulfilled.

## Sweden Articles Declarations

**(Click here for the Central Authority designated by Sweden and other practical information)**

**Text of the declarations:**

(...)
c) Swedish authorities are not obliged to assist in serving documents transmitted by using any of the methods referred to in sub-paragraphs (b) and (c) of Art. 10.

By virtue of the third paragraph of Art. 5 of the Convention the Central Authority requires that any document to be served under the first paragraph of the same article must be written in or translated into Swedish.

## Switzerland Articles Declarations Reservations

**(Click here for the Central Authority designated by Switzerland and other practical information)**

**Text of the declarations:**

*(Translation)*
Re Article 1
1. With regard to Article 1, Switzerland takes the view that the Convention applies exclusively to the Contracting States. In particular, it believes that documents which are effectively addressed to a person resident abroad cannot be served on a legal entity who is not authorized to receive them in the country in which they were drawn up without derogating from Articles 1 and 15, first paragraph, of the Convention.

(...)
Re Article 5, third paragraph
3. Switzerland declares that in cases where the addressee does not voluntarily accept a document, it cannot officially be served on him or her in accordance with Article 5, first paragraph, unless it is in the language of the authority addressed, i.e. in German, French or Italian, or accompanied by a translation into one of these languages, depending on the part of Switzerland in which the document is to be served (cf. annex).

(...)
Re Articles 8 and 10
5. In accordance with Article 21, second paragraph (a), Switzerland declares that it is opposed to the use in its territory of the methods of transmission provided for in Articles 8 and 10.
(...)

## Tunisia Articles Declarations

**Declaration:**
10-07-2017
*(Translation)*

Firstly: the Republic of Tunisia is opposed to the use of the method of service referred to in Article 8 of the Convention upon persons other than the nationals of the State in which the documents originate;

Secondly: the Republic of Tunisia accepts the provisions of Article 15, second paragraph, of the Convention;

Thirdly: the Republic of Tunisia declares that the application for relief, mentioned in Article 16 of the Convention, will not be entertained if it is filed after 12 months following the date of the judgment.

## Turkey Articles Reservations Declarations

**(Click here for the Central Authority designated by Turkey and other practical information)**

**Text of the declarations:**

(...)
4. Le Gouvernement de la République de Turquie reconnaît aux agents diplomatiques ou consulaires la faculté de faire des significations ou des notifications, conformément à l'article 8 de la Convention seulement à ses propres ressortissants.

5. Le Gouvernement de la République de Turquie déclare s'opposer à l'utilisation des méthodes de signification et de notification énumérées à l'article 10 de la Convention.

6. Le Gouvernement de la République de Turquie déclare que, nonobstant les dispositions de l'alinéa premier de l'article 15, si les conditions visées à l'alinéa 2 dudit article sont réunies, ses juges peuvent statuer.

7. Conformément à l'article 16, alinéa 3, le Gouvernement de la République de Turquie déclare que, les demandes visées à l'article 16, alinéa 2, sont irrecevables si elles sont formées après l'expiration d'un délai d'un an à compter du prononcé de la décision.

Ukraine Articles Declarations Reservations

**(Click here for the Central Authority designated by Ukraine and other practical information)**

**Text of the declarations:**

(...)
3) on Article 8 of the Convention: service of judicial documents through diplomatic or consular agents of another State within the territory of Ukraine may be effected only upon nationals of the State in which the documents originate;
(...)
5) on Article 10 of the Convention: Ukraine will not use on its territory methods of transmission of judicial documents provided for in Article 10 of the Convention;
6) on Article 15 of the Convention: if all the conditions provided for in the second paragraph of Article 15 of the Convention are fulfilled, the judge, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, may give judgment even if no certificate of service or delivery has been received;
7) on Article 16 of the Convention: application for relief will not be entertained in Ukraine if it is filed after the expiration of one year following the date of the judgment.

**16 October 2015**
In February 2014 the Russian Federation launched armed aggression against Ukraine and occupied a part of the territory of Ukraine – the Autonomous Republic of Crimea and the city of Sevastopol, and today exercises effective control over certain districts of the Donetsk and Luhansk oblasts of Ukraine. These actions are in gross violation of the Charter of the United Nations and constitute a threat to international peace and security. The Russian Federation, as the Aggressor State and Occupying Power, bears full responsibility for its actions and their consequences under international law.
The United Nations General Assembly Resolution A/RES/68/262 of 27 March 2014 confirmed the sovereignty and territorial integrity of Ukraine within its internationally recognized borders. The United Nations also called upon all States, international organizations and specialized agencies not to recognize any alteration of the status of the Autonomous Republic of Crimea and the city of Sevastopol.
In this regard, Ukraine states that from 20 February 2014 and for the period of temporary occupation by the Russian Federation of a part of the territory of Ukraine - the Autonomous Republic of Crimea and the city of Sevastopol – as a result of the armed aggression of the Russian Federation committed against the Ukraine and until the complete restoration of the constitutional law and order and effective control by Ukraine over such occupied territory, as well as over certain districts of the Donetsk and Luhansk oblasts of Ukraine, which are temporarily not under control of Ukraine as a result of the aggression of the Russian Federation, the application and implementation by Ukraine of the obligations under the above Conventions, as applied to the aforementioned occupied and uncontrolled territory of Ukraine, is limited and is not guaranteed.
Documents or requests made or issued by the occupying authorities of the Russian Federation, its officials at any level in the Autonomous Republic of Crimea and the city of Sevastopol and by the illegal authorities in certain districts of the Donetsk and Luhansk oblasts of Ukraine, which are temporarily not under control of Ukraine, are null and void and have no legal effect regardless of whether they are presented directly or indirectly through the authorities of the Russian Federation.
The provisions of the Conventions regarding the possibility of direct communication or interaction do not apply to the territorial organs of Ukraine in the Autonomous Republic of Crimea and the city of Sevastopol, as well as in certain districts of the Donetsk and Luhansk oblasts of Ukraine, which are temporarily not under control of Ukraine. The procedure of the relevant communication is determined by the central authorities of Ukraine in Kyiv.


United Kingdom of Great Britain and Northern Ireland Articles Declarations

**(Click here for the Central Authority designated by the United Kingdom and other practical information)**

**Text of the declarations:**

(a) In accordance with the provisions of Articles 2 and 18 of the Convention, Her Majesty's Principal Secretary of State for Foreign Affairs is designated as the Central Authority; and the Senior Master of the Supreme Court (...), the Scottish Executive Justice Department (...) and the Registrar of the Supreme Court* (...) are designated as additional authorities for England and Wales, Scotland and Northern Ireland respectively.

> \* By a note of 10 June 1980 the British Government notified that instead of the Registrar of the Supreme Court of Northern Ireland, designated in 1967 as the additional authority for Northern Ireland in conformity with Article 18 of the Convention, the Master (Queen's Bench and Appeals) is designated as the said additional authority. The address of the Master (Queen's Bench and Appeals) is Royal Courts of Justice, Belfast 1.

(b) The authorities competent under Article 6 of the Convention to complete the Certificate of Service are the authorities designated under Articles 2 and 18.

(c) In accordance with the provisions of Article 9 of the Convention, the United Kingdom designates as receivers of process through consular channels the same authorities as those designated under Articles 2 and 18.

(d) With reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents for service through official channels will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular or diplomatic officers of other Contracting States.**\***

(e) The United Kingdom declares its acceptance of the provisions of the second paragraph of Article 15 of the Convention.

(f) In accordance with the provisions of the third paragraph of Article 16 of the Convention, the United Kingdom declares, in relation to Scotland only, that applications for setting aside judgments on the grounds that the defendant did not have knowledge of the proceedings in sufficient time to defend the action will not be entertained if filed more than one year after the date of judgment.

The authorities designated by the United Kingdom will require all documents forwarded to them for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language.

> **\***_Extract from a letter dated 11 September 1980 addressed by the Foreign and Commonwealth Office to the Permanent Bureau:_
> "(...)Thank you for your letter of 31 July in which you ask for assistance in the interpretation of the declaration made by the United Kingdom on 17 November 1967 in relation to Article 10(c) of the Convention.
> I am happy to confirm that our declaration does not preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in the United Kingdom "directly" through a competent person other than a judicial officer or official, e.g., a solicitor. (...)"

## United States of America Articles Declarations

**Declarations:**

_28-01-2020_
**Notification pursuant to Article 31 of the Convention**
(...) inform the Ministry (...) of certain developments regarding the way judicial assistance is afforded to foreign tribunals and to litigants before such tribunals by the Government of the United States of America.

The Department of Justice of the United States of America has informed the Department of State that its Office of International Judicial Assistance has renewed its contract for service of international judicial and extrajudicial documents with ABC Legal Services (ABC Legal). The new contract started on January 15, 2020, with options to extend

through January 31, 2025. Since 2003, the Department of Justice has assigned the ministerial act of serving and transmitting documents in response to service requests submitted pursuant to the Hague Service Convention to ABC Legal (formerly known as PFI or Process Forwarding International). The U.S. Central Authority remains the U.S. Department of Justice's Office of International Judicial Assistance, notwithstanding the assignment of certain service functions to a private contractor.

ABC Legal ceased operating as Process Forwarding International (PFI) and thus all service requests should refer only to ABC Legal Services. All requests for service on private individuals and companies should be mailed to ABC Legal at the address below or submitted electronically:
ABC Legal Services
633 Yesler Way
Seattle, WA 98104
United States of America
Telephone: (001) 206-521-9000
E-mail: internationalinfo@abclegal.com
Website: https://www.abclegal.com/international-service-of-process

Requests for service on the United States Government itself, which includes its officials (when named in an official capacity), departments, agencies, or instrumentalities, should be mailed directly to the Department of Justice's Office of International Judicial Assistance:
Office of International Judicial Assistance
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 14360
Washington, D.C. 20044
United States of America
Telephone: (001) 202-514-6700
E-mail: OIJA@usdoj.gov
Website: https://www.justice.gov/civil/office-international-judicial-assistance-5

ABC Legal is responsible for executing requests for service in the following areas: the United States (the 50 states and the District of Columbia), Guam, American Samoa, Puerto Rico, the U.S. Virgin Islands, and the Commonwealth of the Northern Mariana Islands.

Requests for service of judicial or extrajudicial documents on private individuals and companies that are sent pursuant to the Hague Service Convention must include a $95.00 payment. Failure to include proof of the required payment may result in rejection of the request for service. In addition to complying with the relevant requirements for the method of service chosen, requests should provide a contact email and phone number for the foreign applicant so ABC Legal can attempt to correct any deficiencies before returning a request unexecuted, if needed. ABC Legal can accept requests for service by email or uploaded online through their website so long as proof of payment is included, or if payment is made online. The Hague Service Convention Model Form must be included in all requests for service transmitted under that Convention.

For detailed information on requests for service, please visit the Office of International Judicial Assistance's website at https://www.justice.gov/civil/office-international-judicial-assistance-0 and ABC Legal's updated website at https://www.abclegal.com/international-service-of-process.

The United States notes there is no requirement under U.S. Federal law that requests for service on private

individuals and companies in the United States be sent to ABC Legal for execution. The United States has no objection to the informal delivery of such documents by members of diplomatic or consular missions in the United States, or through mail, or by private persons - if effective under applicable law - provided no compulsion is used.

*11-03-2015*
**Notification pursuant to Article 31 of the Convention**
"[ ... ] inform the Ministry ... of certain developments regarding the way judicial assistance is afforded to foreign tribunals and to litigants before such tribunals by the Government of the United States. Since 2003, the Department of Justice of the United States of America has contracted the service of process function performed by the Central Authority to a private contractor to handle requests for service of process in civil and commercial matters in the United States pursuant to the Hague Service Convention.

The Department of Justice of the United States of America has informed the Department of State that, on February 1, 2015, it renewed its contract for the service of process function with ABC Legal, which does business as Process Forwarding International located in Seattle, Washington. The new contract will run through January 31, 2016, with the option to extend the contract through January 31, 2020. The use of a private contractor to perform the service of process function does not imply the designation of a new U.S. Central Authority for the Hague Service Convention, but rather reflects the delegation of certain activities conducted by the U.S. Central Authority, which remains the U.S. Department of Justice.

Process Forwarding International is the only private process server company authorized to act on behalf of the United States to receive requests for service, proceed to serve the documents, and complete the certificate of service . Process Forwarding International is responsible for executing requests for service of process in the following areas: the United States (the fifty states and the District of Columbia), Guam, American Samoa, Puerto Rico, the U.S. Virgin Islands and the Commonwealth of the Northern Mariana Islands.

Personal service will be the preferred method used in executing all requests. In the event personal service is impracticable to effect, Process Forwarding International will serve process by such other method or methods as may be permitted under the law of the jurisdliction in which service is to be effected. As was the case in previous contract, Process Forwarding International is required to complete service of documents for return tom the foreign requester within 30 business days of receipt. In addition, under the new contract, Process Forwarding International will accept requests for expedited service, service within seven (7) business days of receipt, without charging an additional fee. Expedited service must be specifically requested; if it is not, service will be completed within 30 business days of receipt.

All requests for service of process should be transmitted to:

Process Forwarding International
633 Yesler Way
Seattle, Washington 98104
USA
Telephone : 001-206-521-2979
Fax: 001-206-224-3410
E-mail: info@hagueservice.net
Website: http://www.hagueservice.net

Requests for service must be transmitted in duplicate with an appropriate translation (one set will be served and the other will be returned by Process Forwarding International with a certificate of service). The full name and street address for the person or entity to be served must be included. For requests made under the Hague Service Convention, the Model Form for that Convention must be used.

There will continue to be a fee for service of process requests from persons in countries party to the Hague Service Convention. The service fees for requests under the Hague Service Convention will remain $95 through the expiration of the contract on January 31, 2016. There is no additional fee for expedited service requests. Payment of fees may be made by Visa, MasterCard, most international credit cards, bank transfers, international money orders and government-issued checks payable to Process Forwarding International. Personal checks are not accepted.

All service requests must comply with the payment schedule and method of payment described on Process Forwarding International's website. All service requests unaccompanied by proper payment in the manner indicated will be returned without processing. The website for Process Forwarding International provides specific guidance on methods of payment.

It will also be possible to check on the status of a service request on Process Forwarding International's website.

The United States notes that there is no requirement under U.S .. federal law that requests for service be sent to Process Forwarding International. The United States has no objection to the informal delivery of such documents by members of diplomatic or consular missions in the United States, through the mails or by private persons if that would be effective under applicable law, provided no compulsion is used."

*22-04-1970*

By a Note dated 22 April 1970 the Embassy of the United States of America informed the Netherlands Ministry of Foreign Affairs as follows:

"Under Article 2 of the Convention, each State is required to designate a Central Authority to receive requests for service of documents coming from other countries. Although this Central Authority always is to be available, its use is not compulsory and there is provision (Articles 8 through 11) for service through channels outside the Central Authority, including service by diplomatic or consular officers. These provisions are optional, however, and, since consular officers of the United States are prohibited by regulation from serving legal process or appointing other persons to do so, the United States will not avail itself of these provisions of the Convention. It is anticipated that courts in the United States will be advised by the Department of Justice of the possibility of sending requests for service of legal process directly to the Central Authority of the country concerned.

(...)

*24-08-1967*

(...)

3. In accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are fulfilled.

4. In accordance with the third paragraph of Article 16, it is declared that an application under Article 16 will not be entertained if it is filed (a) after the expiration of the period within which the same may be filed under the procedural regulations of the court in which the judgment has been entered, or (b) after the expiration of one year following the date of the judgment, whichever is later.

5. In accordance with Article 29, it is declared that the Convention shall extend to all the States of the United States, the District of Columbia, Guam, Puerto Rico, and the Virgin Islands."

## Venezuela Articles Declarations Reservations

**(Click here for the Central Authority designated by Venezuela and other practical information)**

**Text of the declarations:**

1. Respecto del párrafo 3 de la letra b) del Artículo 5:
La República de Venezuela declara que las notificaciones y los documentos y otros recaudos anexos a las notificaciones serán aceptados sólo cuando se encuentren debidamente traducidos al idioma castellano.

2. Respecto del Artículo 8:
La República de Venezuela se opone al ejercicio de la facultad prevista en el primer párrafo de este artículo dentro de su territorio, con relación a otras personas que no sean nacionales del Estado de Origen.

3. Respecto del literal a) del Artículo 10:
La República de Venezuela se opone a la remisión de documentos por via postal.

4. Respecto de los literales a), b) y c) del Artículo 15:
La República de Venezuela declara que "los jueces venezolanos podrán decidir cuando se cumplan las condiciones previstas en las letras a), b) y c) de este artículo, a pesar de no haber recibido comunicación alguna comprobatoria, bien de la notificación o traslado, bien de la entrega del documento.

5. Respecto del Artículo 16:
La República de Venezuela declara que la demanda permitida por el tercer párrafo de este artículo no será admisible si se intenta después de la expiración del plazo previsto por la ley venezolana.

(Translation)
1. With regard to Article 5(b)(3):
The Republic of Venezuela declares that notices and documents and other items annexed to the notices will be accepted only when they are properly translated into the Spanish language.

2. With regard to Article 8:
The Republic of Venezuela does not agree to the exercise of the faculty provided for in the first paragraph of this Article within its territory, in respect of other persons who are not nationals of the country of origin.

3. With regard to Article 10 (a):
The Republic of Venezuela does not agree to the transmission of documents through postal channels.

4. With regard to Article 15 (a), (b) and (c):
The Republic of Venezuela declares that "Venezuelan judges shall be empowered to decide when the conditions contained in sections (a), (b) and (c) of this Article are fulfilled, even though they have not received any communication evidencing either the notice or transfer, or delivery of the document.

5. With regard to Article 16:
The Republic of Venezuela declares that the request allowed by the third paragraph of this Article shall not be admissible if it is made after the expiration of the period specified in Venezuelan law.
(...)

## Viet Nam Articles Declarations Notifications

### ACCESSION

According to Article 28, second paragraph, the Convention will only enter into force for Vietnam in the absence of any objection from a State, which has ratified the Convention before the deposit of the instrument of accession, notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands within a period of six months after the date on which the said Ministry had notified it of such accession.

For practical reasons, this six months' period will end on 30 September. In the absence of any objection, the Convention will, in accordance with its Article 28, third paragraph, enter into force for Vietnam on 1 October 2016.

**DECLARATIONS**

2. In accordance with the second paragraph of Article 8 of the Convention, the Socialist Republic of Viet Nam is opposed to the service of documents provided for in Article 8 of the Convention within its territory, unless the documents are to be served upon a national of the State in which the documents originate.

3. The Socialist Republic of Viet Nam objects to the use of such methods of service of documents provided for in paragraph b and paragraph c of Article 10 of the Convention.

4. The Socialist Republic of Viet Nam does not oppose to the service of documents through postal channels mentioned in paragraph a of Article 10 of the Convention if the documents forwarded via postal channels are sent via registered mail with acknowledgement of receipt.

5. The Socialist Republic of Viet Nam declares that a judge, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, may give judgment even if no certificate of service or delivery has been received, if all the conditions provided for in the second paragraph of Article 15 are fulfilled.

6. The request made using the Model Form under the Convention to Viet Nam shall be either completed in the Vietnamese language or accompanied by a Vietnamese translation. Except for the documents to be served upon a national of a State in which the documents originate in accordance with Article 8 or paragraph a of Article 10 of the Convention, all documents to be served in Viet Nam must be either in the Vietnamese language or accompanied by a Vietnamese translation, in which case the signature of the translator must be duly verified or notarized.

# DECLARATION/RESERVATION/NOTIFICATION

Declarations
Notifications

Articles: 5,8,10,15,16

**(Click here for the Authorities designated for the People's Republic of China and the Special Administrative Regions of Hong Kong and Macao, and other practical information)**

**Text of the declarations:**

**People's Republic of China**

(Courtesy translation)
"(...) 2. to declare according to the second paragraph of Article 8 that the means of service stipulated in the first paragraph of that Article may be used within the territory of the People's Republic of China only when the document is to be served upon a national of the State in which the documents originate.
3. to oppose the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention.
4. to declare in accordance with the second paragraph of Article 15 of the Convention that if all the conditions provided in that paragraph are fulfilled, the judge, notwithstanding the provisions of the first paragraph of that Article, may give judgment even if no certificate of service or delivery has been received.
5. to declare in accordance with the third paragraph of Article 16 of the Convention that the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment."

_____

**Special Administrative Region of Hong Kong (entry into force: 19 July 1970)**

The Convention had been extended to Hong Kong by the United Kingdom by Note dated 20 May 1970 (entry into force for Hong Kong: 19 July 1970), with the following declarations: "*(a)* In accordance with Article 18 of the Convention the Colonial Secretary of Hong Kong**\*** is designated as the Authority competent to receive requests for service in accordance with Article 2 of the Convention.
**\*** "The Colonial Secretary of Hong Kong" has been re-designated as "the Chief Secretary of Hong Kong" (May 1984).

*(b)* The authority competent under Article 6 of the Convention to complete the Certificate of Service is the Registrar of the Supreme Court of Hong Kong.


*(c)* In accordance with the provisions of Article 9 of the Convention the Registrar of the Supreme Court of Hong Kong is designated as the receiver of process sent through consular channels.

*(d)* With reference to the provisions of paragraphs *(b)* and *(c)* of Article 10 of the Convention, documents sent for service through official channels will be accepted in Hong Kong only by the central or additional authority and only from judicial, consular or diplomatic officers of other Contracting States.

*(e)* The acceptance by the United Kingdom of the provisions of the second paragraph of Article 15 of the Convention shall equally apply to Hong Kong.

The authorities designated above will require all documents forwarded to them for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language."

The Ministry of Foreign Affairs of the Kingdom of the Netherlands, depositary of the Convention, gave notice that on 16 June 1997 the Minister for Foreign Affairs of the Kingdom of the Netherlands received a Note dated 11 June 1997 from the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague and a Note dated 10 June 1997 from the Ambassador of the People's Republic of China at The Hague concerning Hong Kong.

The Note from the Ambassador of the United Kingdom of Great Britain and Northern Ireland reads as follows:

"Your Excellency,
I am instructed by Her Britannic Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs to refer to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which applies to Hong Kong at present.
I am also instructed to state that, in accordance with the Joint Declaration of the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the People's Republic of China on the Question of Hong Kong signed on 19 December 1984, the Government of the United Kingdom will restore Hong Kong to the People's Republic of China with effect from 1 July 1997. The Government of the United Kingdom will continue to have international responsibility for Hong Kong until that date. Therefore, from that date the Government of the United Kingdom will cease to be responsible for the international rights and obligations arising from the application of the Convention to Hong Kong.
I should be grateful if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)
(signed Rosemary Spencer)

The Note from the Ambassador of the People's Republic of China reads as follows:

(Translation)

"Your Excellency,

In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984, the People's Republic of China will resume the exercise of sovereignty over Hong Kong with effect from 1 July 1997. Hong Kong will, with effect from that date, become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.

In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to make the following notification:

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done on 15 November 1965 (hereinafter referred to as the "Convention"), by which the Government of the Kingdom of the Netherlands is designated as the depositary, to which the Government of the People's Republic of China deposited its instrument of accession on 3 May 1991, will apply to the Hong Kong Special Administrative Region with effect from 1 July 1997.

(...)

The Government of the People's Republic of China will assume responsibility for the international rights and obligations arising from the application of the Convention to the Hong Kong Special Administrative Region.

It would be appreciated if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)

(signed Zhu Manli, Ambassador Extraordinary and Plenipotentiary of the People's Republic of China to the Kingdom of the Netherlands)".

Declarations (articles 8 and 10):

1. In accordance with paragraph 2 of Article 8 of the Convention, it declares that the means of service referred to in paragraph 1 of this article may be used within the Hong Kong Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.

2. (...)

3. (...)

4. With reference to the provisions of sub-paragraphs b and c of Article 10 of the Convention, documents for service through official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or other authority designated, and only from judicial, consular or diplomatic officers of other Contracting States.

_____

**Special Administrative Region of Macao (entry into force: 12 April 1999)**

By a Note dated 9 February 1999, Portugal had extended the Convention to *Macao*.

On 7 October 1999, Portugal communicated the following to the depositary:
"1. In accordance with Article 18 of the Convention, the Ministério Público de Macao is designated as the competent authority in Macao to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

The address of the Ministério Público de Macao is as follows:

Ministério Público de Macao
Praceta 25 de Abril
Macao
Phone: 326736
Fax: 326747
2. Court clerks (escrivães de direito) and deputy court clerks (escrivães adjuntos) from the Supreme Court of Justice (Tribunal Superior de Justiça) of Macao are entitled to complete in Macao the certificate provided for [in] Articles 6 and 9 of the Convention.

3. In accordance with the provisions of the second paragraph of Article 8 of the Convention, Portugal reiterates that it recognizes to the diplomatic or consular agents the right to forward documents, for the purpose of service, exclusively to the nationals of the State in which the documents originate.

4. The Ministério Público de Macao is also designated as the competent authority in Macao to receive documents forwarded through consular channels, in accordance with Article 9 of the Convention.

5. Portugal declares that the judges of the courts of Macao, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, may give judgment on whether the conditions referred to in the second paragraph of the same article are fulfilled.

6. In accordance with the third paragraph of Article 16 of the Convention, Portugal declares that the applications referred to in the second paragraph of Article 16 will not be entertained if they are filed after the expiration of one year following the date of the judgment."

The Ambassador of Portugal at The Hague informed the Minister for Foreign Affairs of the Kingdom of the Netherlands by letter of 26 November 1999 of the following:

"Upon instructions from my Government and referring to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which currently applies to Macao, I have the honour to inform Your Excellency of the following:
In accordance with the Joint Declaration of the Government of the Portuguese Republic and of the Government of the People's Republic of China on the question of Macao, signed in Beijing on 13 April 1987, the Government of the Portuguese Republic will remain internationally responsible for Macao until 19 December 1999, the People's Republic of China resuming from that date the exercise of sovereignty over Macao, with effect from 20 December 1999.
From 20 December 1999 the Portuguese Republic will cease to be responsible for the international rights and obligations arising from the application of the Convention in Macao. (...)"

The Ambassador of the People's Republic of China at The Hague informed the Minister for Foreign Affairs by letter of 10 December 1999 of the following:

(Translation)
" In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the Republic of Portugal on the Question of Macao signed on 13 April 1987, the Government of

the People's Republic of China will resume the exercise of sovereignty over Macao with effect from 20 December 1999. Macao will from that date become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.

In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to inform Your Excellency of the following:

The Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention), to which the Government of the People's Republic of China deposited the instrument of accession on 3 May 1991, shall apply to the Macao Special Administrative Region with effect from 20 December 1999.

(...)

The Government of the People's Republic of China shall assume the responsibility for the international rights and obligations arising from the application of the Convention to the Macao Special Administrative Region. (...)".

Declarations (Articles 5, 8, 15 and 16)

1. (...)

2. In accordance with the second paragraph of Article 8 of the Convention, it declares that the means of service stipulated in the first paragraph of that article may be used within the Macao Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.

3. In accordance with the second paragraph of Article 15 of the Convention, it declares that if all the conditions provided in that paragraph are fulfilled, the judge of the Macao Special Administrative Region, notwithstanding the provisions of the first paragraph of that article, may give judgment even if no certificate of service or delivery has been received.

4. In accordance with the third paragraph of Article 16 of the Convention, it declares that in the Macao Special Administrative Region, the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment.

Furthermore, the Government of the People's Republic of China made the following supplementary declaration:

"In accordance with paragraph 3 of Article 5 of the Convention, it declares that documents to be served in the Macao Special Administrative Region under the first paragraph of Article 5 shall be written in either Chinese or Portuguese, or be accompanied by a translation in either Chinese or Portuguese".

# DECLARATION/RESERVATION/NOTIFICATION

Declarations
Notifications

Articles:

**ACCESSION**

According to Article 28, second paragraph, the Convention will only enter into force for Vietnam in the absence of any objection from a State, which has ratified the Convention before the deposit of the instrument of accession, notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands within a period of six months after the date on which the said Ministry had notified it of such accession.

For practical reasons, this six months' period will end on 30 September. In the absence of any objection, the Convention will, in accordance with its Article 28, third paragraph, enter into force for Vietnam on 1 October 2016.

**DECLARATIONS**

2. In accordance with the second paragraph of Article 8 of the Convention, the Socialist Republic of Viet Nam is opposed to the service of documents provided for in Article 8 of the Convention within its territory, unless the documents are to be served upon a national of the State in which the documents originate.

3. The Socialist Republic of Viet Nam objects to the use of such methods of service of documents provided for in paragraph b and paragraph c of Article 10 of the Convention.

4. The Socialist Republic of Viet Nam does not oppose to the service of documents through postal channels mentioned in paragraph a of Article 10 of the Convention if the documents forwarded via postal channels are sent via registered mail with acknowledgement of receipt.

5. The Socialist Republic of Viet Nam declares that a judge, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, may give judgment even if no certificate of service or delivery has been received, if all the conditions provided for in the second paragraph of Article 15 are fulfilled.

6. The request made using the Model Form under the Convention to Viet Nam shall be either completed in the Vietnamese language or accompanied by a Vietnamese translation. Except for the documents to be served upon a national of a State in which the documents originate in accordance with Article 8 or paragraph a of Article 10 of the Convention, all documents to be served in Viet Nam must be either in the Vietnamese language or accompanied by a Vietnamese translation, in which case the signature of the translator must be duly verified or notarized.